| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:  stephen.ravin@saul.com<br>           turner.falk@saul.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* | |
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP.,<br><br>                    Debtor.<br>Tax I.D. No. 22-2056485 | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>P. JUDGE & SONS, INC.,<br><br>                    Debtor.<br>Tax I.D. No. 11-1953713 | Chapter 11<br><br>Case No. 25-22127 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>AMEX SHIPPING AGENT, INC.,<br><br>                    Debtor.<br>Tax I.D. No. 22-2014699 | Chapter 11<br><br>Case No. 25-22129 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>THE JUDGE ORGANIZATION, LLC,<br><br>                    Debtor.<br>Tax I.D. No. 45-4018267 | Chapter 11<br><br>Case No. 25-22130 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>P. JUDGE & SONS TRUCKING, LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 25-22131 (JKS) |

| | |
|---|---|
| Tax I.D. No. 30-0709853<br>In re:<br><br>JUDGE WAREHOUSING, LLC,<br><br>Debtor.<br>Tax I.D. No. 37-1656690 | (Joint Administration Requested)<br><br>Chapter 11<br><br>Case No. 25-22132 (JKS)<br><br>(Joint Administration Requested) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER DIRECTING
THE JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), by and through their undersigned proposed counsel, hereby file this motion (the "**Motion**"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), directing the joint administration of the above-captioned chapter 11 cases (these "**Chapter 11 Cases**"). In support of the Motion, the Debtors rely on and incorporate by reference the *Declaration of Patrick Wynne in Support of First Day Motions for Relief* (the "**First Day Declaration**") filed contemporaneously herewith, and respectfully represent as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of New Jersey (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court,

2

absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a) and 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), and rules 1015(b) and 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

4. On November 14, 2025 (the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated.

5. A description of the Debtors' businesses, the reasons for commencing the Chapter 11 Cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the First Day Declaration filed contemporaneously herewith.

6. Collectively, the Debtors provide transportation, logistic, and warehouse related services. More specifically, the Debtors offer rail boxcar services, container handling services, warehousing services, multiple shipping options (e.g., rail, truck, air, and international shipping), specialized material handling services, cross docking, handling, and packing services, beverage specialists and alcoholic beverages expertise services, and product care and protection services.

7.      The Debtors have substantial overlap of employees, operations and creditors such that it would be unduly burdensome to administer their cases separately, and doing so would benefit no party in interest.

**RELIEF REQUESTED**

8.      By this Motion, the Debtors request the entry of the Proposed Order pursuant to section 342(c)(1) of the Bankruptcy Code, Bankruptcy Rule 1015, substantially in the form of the Proposed Order, authorizing the consolidation and joint administration of the Debtors' chapter 11 cases for procedural purposes only and directing parties in interest to use a consolidated caption indicating that any pleadings filed relate to the jointly administered bankruptcy cases of "Port Elizabeth Terminal & Warehouse Corp., *et al.*"  Specifically, the Debtors request that the Court maintain one file and one docket for all of these Chapter 11 Cases, and that these Chapter 11 Cases be administered under the following consolidated caption (the "**Consolidated Caption**"):

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:   stephen.ravin@saul.com<br>            turner.falk@saul.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

| | |
|---|---|
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*,<br><br>            Debtors.[1] | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Jointly Administered) |

9. The Debtors also request that the Court make separate docket entries in each of the Debtors' chapter 11 cases substantially similar to the following:

> An order has been entered in this case consolidating this case with the case of Port Elizabeth Terminal & Warehouse Corp. (Case No. 25-22123 (JKS)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 25-22123 (JKS) should be consulted for all matters affecting this case.

## BASIS FOR RELIEF

10. Bankruptcy Rule 1015(b)(4) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration

---

[1]   The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690).  The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

5

of the estates." Fed. R. Bankr. P. 1015(b). The Debtors in these Chapter 11 Cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code:

> The term "affiliate" means —
>
> (A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .
>
> (B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .
>
> (C) person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
>
> (D) entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

11. Moreover, section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

12. Joint administration of the Debtors' cases is warranted in the present case because it will ease the administrative burden on the Court and the parties. In particular, joint administration of the Debtors' cases will eliminate the need for duplicate pleadings, notices, and orders in each of the respective dockets and will save the Court, the Debtors, and other parties in interest substantial time and expense when preparing and filing such documents. Further, joint administration will protect parties in interest by ensuring that they will be apprised of the various motions filed with the Court with respect to each of the Debtors' cases. Joint administration of these Chapter 11 Cases will not adversely affect the Debtors' respective constituencies because

this Motion requests only administrative, not substantive, consolidation of the Debtors' estates. Therefore, for the foregoing reasons, joint administration of the Debtors' Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b).

13. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. See, e.g., *In re David's Bridal*, LLC, No. 23-13131 (CMG) (Bankr. D.N.J. Apr. 17, 2023); *In re Block Fi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Nov. 29, 2022) (directing joint administration of chapter 11 cases); *In re Nat'l Realty Inv. Advisors, LLC*, No. 22-14539 (JKS) (Bankr. D.N.J. June 9, 2022) (same); *In re Alliant Tech., L.L.C.*, No. 21-19748 (JKS) (Bankr. D.N.J. Dec. 23, 2021) (same); *In re Christopher & Banks Corp.*, No. 21-10269 (ABA) (Bankr. D.N.J. Jan. 15, 2021) (same); *In re RTW Retailwinds, Inc.*, No. 20-18445 (JKS) (Bankr. D.N.J. July 15, 2020) (same).

14. For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors and other parties in interest and should be granted. No previous request for the relief sought herein has been made to this or any other court.

## Waiver of Memorandum of Law

15. The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to rule 9013-1(a)(3) of the Local Bankruptcy Rules for the District of New Jersey (the "**Local Rules**") because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

[*Remainder of page left intentionally blank*]

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: November 14, 2025 **SAUL EWING LLP**

By: */s/ Turner N. Falk*
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail: stephen.ravin@saul.com
turner.falk@saul.com

*Proposed Counsel for Debtors and Debtors in Possession*