| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:   stephen.ravin@saul.com<br>             turner.falk@saul.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* | |
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP.,<br><br>                                Debtor.<br>Tax I.D. No. 22-2056485 | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>P. JUDGE & SONS, INC.,<br><br>                                Debtor.<br>Tax I.D. No. 11-1953713 | Chapter 11<br><br>Case No. 25-22127 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>AMEX SHIPPING AGENT, INC.,<br><br>                                Debtor.<br>Tax I.D. No. 22-2014699 | Chapter 11<br><br>Case No. 25-22129 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>THE JUDGE ORGANIZATION, LLC,<br><br>                                Debtor.<br>Tax I.D. No. 45-4018267 | Chapter 11<br><br>Case No. 25-22130 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>P. JUDGE & SONS TRUCKING, LLC,<br><br>                                Debtor. | Chapter 11<br><br>Case No. 25-22131 (JKS) |

56677284.4

| | |
|---|---|
| Tax I.D. No. 30-0709853<br>In re:<br><br>JUDGE WAREHOUSING, LLC,<br><br>　　　　　　　　　　Debtor.<br>Tax I.D. No. 37-1656690 | (Joint Administration Requested)<br><br>Chapter 11<br><br>Case No. 25-22132 (JKS)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO (I) FILE (A) A CONSOLIDATED CREDITOR MATRIX AND (B) A CONSOLIDATED LIST OF THE DEBTORS' TOP TWENTY CREDITORS; AND (II) REDACT INDIVIDUAL EMPLOYEE INFORMATION**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby move (this "Motion") as follows:

**RELIEF REQUESTED**

1.　　The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") authorizing the Debtors or their noticing and claims agent, as applicable, to (i) file a single consolidated list of creditors (the "Consolidated Creditor Matrix") and a consolidated list of the Debtors' 20 largest unsecured creditors (the "Consolidated Top 20 List");[1] (ii) redact the Individual Employee Information (as defined below); (iii) complete all mailings of notices, including notices of the commencement of these cases and of the meeting of creditors pursuant to section 341 of the Bankruptcy Code (as defined below); and (iv) granting such other and further relief as the Court deems just and proper.

---

[1]　In connection with this request, the Debtors also request authority to submit one declaration under Bankruptcy Rule 1008 verifying the validity of the Consolidated Creditor Matrix and Consolidated Top 20 List.

2

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested are sections 105(a), 107, and 521 of title 11 of the United States Code ("Bankruptcy Code"), as supplemented by rules 1007 and 9018 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Local Bankruptcy Rule 1007-1 of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## BACKGROUND

5. On the date hereof (the "Petition Date"), each Debtor commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

6. A description of the Debtors' business, the reasons for commencing the chapter 11 cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are

56677284.4

set forth in the *Declaration of Patrick Wynne in Support of First Day Motions for Relief* (the "First Day Declaration") filed concurrently with this Motion and incorporated herein by reference.

7. Collectively, the Debtors provide transportation, logistic, and warehouse related services. More specifically, the Debtors offer rail boxcar services, container handling services, warehousing services, multiple shipping options (e.g., rail, truck, air, and international shipping), specialized material handling services, cross docking, handling, and packing services, beverage specialists and alcoholic beverages expertise services, and product care and protection services.

## SUMMARY OF RELIEF REQUESTED

8. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") authorizing the Debtors to (i) file a single consolidated list of creditors (the "Consolidated Creditor Matrix") and a consolidated list of the Debtors' 20 largest unsecured creditors (the "Consolidated Top 20 List");[2] (ii) redact the Individual Employee Information (as defined below); (iii) complete all mailings of notices, including notices of the commencement of these cases and of the meeting of creditors pursuant to section 341 of the Bankruptcy Code (as defined below); and (iv) granting such other and further relief as the Court deems just and proper.

## BASIS FOR RELIEF REQUESTED

**I.    Request for authority to file the Consolidated Creditor Matrix and Consolidated Top 20 List.**

9. Pursuant to section 521(a)(1)(A) of the Bankruptcy Code, Bankruptcy Rule 1007(a), and Local Rule 1007-1, each chapter 11 debtor must file with its voluntary petition a creditor matrix setting forth the names and addresses of the debtor's creditors. The Debtors

---

[2] In connection with this request, the Debtors also request authority to submit one declaration under Bankruptcy Rule 1008 verifying the validity of the Consolidated Creditor Matrix and Consolidated Top 20 List.

4

presently maintain various lists of the names and addresses of their respective creditors, contract and lease counterparties and other parties that are or may be entitled to receive notices and other documents in these chapter 11 cases. The Debtors believe that the information may be consolidated and utilized efficiently to provide interested parties with the notices and other similar documents.

10. Given the affiliated nature of the Debtors, the Debtors submit that permitting them to maintain a single consolidated Creditor Matrix, in lieu of filing a separate creditor matrix for each Debtor, is warranted. Particularly in light of the size and scope of these chapter 11 cases and the number of the Debtors' creditors, segregating the Debtors' records to a specific creditor matrix format would be an unnecessarily burdensome task.

11. Many creditors are creditors of more than one Debtor, and thus failure to maintain a single consolidated Creditor Matrix would result in duplicate mailings and confusion. In addition, filing a single consolidated Creditor Matrix would facilitate the U.S. Trustee's review of creditors' claims and its appointment of a creditors' committee in these cases. Under these circumstances, the exercise of satisfying the literal requirements of Bankruptcy Rule 1007(a) would only serve to frustrate its intended purpose.

12. In the absence of any corresponding benefit, the Debtors request authority to file a consolidated Creditor Matrix in lieu of filing separate lists for each Debtor. The Debtors believe that such relief is appropriate under the circumstances for the efficient and orderly administration of these cases.

**II.    Request for authority to file Consolidated Top 20 List.**

13. Bankruptcy Rule 1007(d) provides that a chapter 11 debtor must file with its voluntary petition a list setting forth the names, addresses and claim amounts of the creditors, excluding insiders, that hold the 20 largest unsecured claims in the debtor's case (a "Top 20 List").

5

The Top 20 List is primarily used by the Office of the United States Trustee (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against a debtor and thus identify potential candidates to serve on an official committee of unsecured creditors appointed pursuant to section 1102 of the Bankruptcy Code.[3]

14. The Debtors submit that a single consolidated list of their combined 20 largest unsecured creditors in these cases would be more reflective of the body of unsecured creditors that have the greatest stake in these cases than separate lists for each of the Debtors. The Debtors believe that the Consolidated Top 20 List will alleviate administrative burdens, costs, and the possibility of duplicative service.

### III. Request for authority to redact Individual Employee Information.

#### A. Individual Employee Information is confidential commercial information that must be protected from disclosure.

15. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. Specifically, section 107(b) provides in part that:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

---

[3] "The purpose of the separate list of 20 largest creditors required by this provision in the rules is to enable the clerk to identify members and the court to appoint immediately an unsecured creditors' committee in compliance with 11 U.S.C. § 1102(a)(1)." *In re Dandy Doughboy Donuts, Inc.*, 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986); *see also* 9 COLLIER ON BANKRUPTCY ¶ 1007.04 (Alan N. Resnick et al. eds., 16th ed. rev. 2012) ("[T]he larger [unsecured creditor] list and information about the claims of the creditors on the list enables the United States Trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed.").

56677284.4

16. In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

17. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires to . . . protect the estate or any entity regarding a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018(a)(1).

18. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *In re Orion Pictures Corp.*, 21 F.3d at 27; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Once it is established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure. *In re Orion Pictures Corp.*, 21 F.3d at 27.

19. The Debtors' individual employees are individuals who have disclosed their names and residential addresses (the "Individual Employee Information") with the expectation that this

7

56677284.4

information will not be made available in detail in the public record. The Individual Employee Information is valuable commercial information, used in the operation of the Debtors' businesses, that if revealed to the Debtors' competitors could harm the Debtors' business operations. Accordingly, the Debtors request authority to redact the Individual Employee Information.

      **B.**      **Individual Employee Information is personally identifiable information that should be redacted from public filings.**

20. Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . any means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A).

21. The Debtors respectfully submit that cause exists to authorize the Debtors to redact Individual Employee Information because such information could be used to perpetrate identity theft, harassment, or for other unwanted or improper purposes.

22. Courts have granted relief similar to the relief requested in this Motion, and in doing so have expounded on the importance of authorizing debtors to redact individual creditors' personally identifiable information. In *In re Promise Healthcare Grp., LLC*, Case No. 18-12491 (CSS) [D.I. 221] (Bankr. D. Del. Dec. 4, 2018), the Bankruptcy Court for the District of Delaware authorized the debtors to seal their employees' home addresses, noting:

> The issue is not one of morale; it is one of protection and protecting the identity of the employees. . . . [I]t becomes a balancing act: what are we trying to protect versus what are we trying to preserve. And certainly, preserving the transparency of a bankruptcy and the identity of the creditors being revealed is part of that . . . . [T]he other side of that, the risk to those employees, is quite high.

*Transcript of Dec. 4, 2018 Hearing* [D.I. 228] at 18:5–7, 19:7–10, 19:14–15. Separately, in *In re L.K. Bennett U.S.A., Inc.*, Case No. 19-10760 (KG) [D.I. 46] (Bankr. D. Del. Apr. 9, 2019), the

56677284.4

court reiterated the balancing act noted in *Promise Healthcare*, finding that "privacy concerns win out in this particular circumstance" and authorizing the debtor to redact employee addresses from its creditor matrix. *Transcript of Apr. 9, 2019 Hearing*, at 17:2–6.

23. Moreover, in *Clover Technologies Group*, the court emphasized the importance of protecting individuals from unnecessary disclosure of such information:

> To me it is common sense. I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website. . . . The court can completely avoid contributing to the risk by redacting the addresses. And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses.

Case No. 19-12680 (KBO) [D.I. 146], 24:21–26:13.

24. In this case, the risk of identity theft or injury to individual creditors outweighs the presumption in favor of public access to judicial records and papers. *See In re Continental Airlines*, 150 B.R. 334, 341 (D. Del. 1993). There is minimal, if any, benefit to the public disclosure of the Debtors' individual employees' names and home addresses in these chapter 11 cases. To publicly disclose each such name and home address would create an undue risk of identity theft for the individual as well as other potential risks to their welfare. Moreover, the Debtors will serve the individual employees at their personal home addresses, so these parties will receive the same notice in these chapter 11 cases without the unnecessary public disclosure of their personal home address.

25. Thus, despite the presumption in favor of public access, the privacy concerns at issue here support an order authorizing the Debtors to redact the Individual Employee Information from all of the Debtors' public filings by listing the employee's address as "[Address on File]." The Debtors shall provide the Individual Employee Information to: (a) the Office of the United

States Trustee for the District of New Jersey; (b) counsel to any official committee appointed in these cases; (c) the Court; and (d) any other party that the Court may direct.

### Waiver of Memorandum of Law

26. The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to rule 9013-1(a)(3) of the Local Bankruptcy Rules for the District of New Jersey (the "**Local Rules**") because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: November 14, 2025

SAUL EWING LLP

By: */s/ Turner N. Falk*
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail: stephen.ravin@saul.com
turner.falk@saul.com

*Proposed Counsel for Debtors and Debtors in Possession*

56677284.4