| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:   stephen.ravin@saul.com<br>            turner.falk@saul.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* | |
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP.,<br><div align="center">Debtor.</div>Tax I.D. No. 22-2056485 | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>P. JUDGE & SONS, INC.,<br><div align="center">Debtor.</div>Tax I.D. No. 11-1953713 | Chapter 11<br><br>Case No. 25-22127 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>AMEX SHIPPING AGENT, INC.,<br><div align="center">Debtor.</div>Tax I.D. No. 22-2014699 | Chapter 11<br><br>Case No. 25-22129 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>THE JUDGE ORGANIZATION, LLC,<br><div align="center">Debtor.</div>Tax I.D. No. 45-4018267 | Chapter 11<br><br>Case No. 25-22130 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>P. JUDGE & SONS TRUCKING, LLC,<br><div align="center">Debtor.</div> | Chapter 11<br><br>Case No. 25-22131 (JKS) |

| | |
|---|---|
| Tax I.D. No. 30-0709853<br>In re:<br><br>JUDGE WAREHOUSING, LLC,<br><br>                              Debtor.<br>Tax I.D. No. 37-1656690 | (Joint Administration Requested)<br><br>Chapter 11<br><br>Case No. 25-22132 (JKS)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE TIME WITHIN WHICH DEBTORS MUST FILE THEIR SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their proposed counsel, file this motion (this "Motion"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1007 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the initial 14-day period by which the Debtors are required to file their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements") by 33 days, for a total of 47 days after the Petition Date (as defined below), such that the Schedules and Statements will be filed on or before December 31, 2025. In support of the Motion, the Debtors rely on and incorporate by reference the *Declaration of Patrick Wynne in Support of First Day Motions for Relief* (the "First Day Declaration"), and respectfully represent as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2

## BACKGROUND

2. On the date hereof (the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated.

3. A description of the Debtors' businesses, the reasons for commencing the Chapter 11 Cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the First Day Declaration filed contemporaneously herewith.

4. Collectively, the Debtors provide transportation, logistic, and warehouse related services. More specifically, the Debtors offer rail boxcar services, container handling services, warehousing services, multiple shipping options (e.g., rail, truck, air, and international shipping), specialized material handling services, cross docking, handling, and packing services, beverage specialists and alcoholic beverages expertise services, and product care and protection services.

## RELIEF REQUESTED

5. By this motion, the Debtors request the entry of the Proposed Order extending the time to file their Schedules and Statements for an additional 33 days, for a total of 47 days, through and including December 31, 2025, without prejudice to the Debtors' ability to request additional time should it become necessary.

## BASIS FOR RELIEF

6. Section 521 of the Bankruptcy Code provides that a debtor is required to file schedules of assets and liabilities and statements of financial affairs unless the Court orders otherwise. 11 U.S.C. § 521(a)(1)(A)-(B).

7. Bankruptcy Rule 1007 requires a chapter 11 debtor to file its schedules and statements with its voluntary petition for relief or within fourteen days thereafter. Fed. R. Bankr. P, 1007(b)-(c). Bankruptcy Rule 1007(c) also authorizes a bankruptcy court to extend a debtor's time to file its schedules and statements "for cause." Fed. R. Bankr. P. 1007(c).

8. The Debtors assert that there is good "cause" to extend their time to file Schedules and Statements beyond the fourteen days provided by Bankruptcy Rule 1007(c) because of the complexity and size of their businesses and the limited time and resources that the Debtors have had to devote to the preparation of Schedules and Statements prior to commencement of these cases. There are six debtors in these Chapter 11 Cases, and collecting the information necessary for the Schedules and Statements will require a significant expenditure of time and effort on the part of the Debtors and their professionals, at the same time that such parties are working to address other time sensitive matters in these Chapter 11 Cases. Although the Debtors intend to complete the Schedules and Statements as promptly as possible, the Debtors require time to ensure that the documents are prepared properly and with accuracy.

9. Further, a number of federal holidays, including Thanksgiving and Christmas, fall during the first weeks of this case and may impede the Debtors' ability to access all inf

10. Accordingly, the Debtors respectfully request that the Court extend the date by which the Schedules and Statements must be filed pursuant to Bankruptcy Rule 1007 by an additional 33 days, for a total of 47 days from the Petition Date.

11. Courts in this district have granted similar relief to that requested herein in other cases. *See, e.g.*, *In re New Rite Aid*, Case No. 25-14861 (MBK) (Docket No. 141) (Bankr. D. N.J. May 7, 2025) (extending deadline by 28 days, for a total of 42 days from the petition date); *In re Blockfi Inc.*, No. 22-19361 (MBK) (Docket No. 45) (Bankr. D. N.J. November 29, 2022)

(extending deadline by 30 days, for a total of 44 days from the petition date); *In re Cyxtera Technologies, Inc.*, No. 23-14853 (JKS) (Docket No. 59) (Bankr. D. N.J. June 23, 2023) (extending deadline by 22 days for a total of 36 days from the petition date).

WHEREFORE, the Debtors respectfully request that this court enter the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just

Dated: November 14, 2025                                **SAUL EWING LLP**

By: */s/ Turner N. Falk*
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail:stephen.ravin@saul.com
           turner.falk@saul.com

*Proposed Counsel for Debtors and Debtors in Possession*