| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)* <br> SAUL EWING LLP <br> Stephen B. Ravin, Esquire <br> Turner N. Falk, Esquire <br> One Riverfront Plaza <br> 1037 Raymond Blvd., Suite 1520 <br> Newark, NJ 07102-5426 <br> Telephone: (973) 286-6714 <br> E-mail:  stephen.ravin@saul.com <br>          turner.falk@saul.com <br><br> *Proposed Counsel to the Debtors and Debtors in Possession* | |
| In re: <br><br> PORT ELIZABETH TERMINAL & WAREHOUSE CORP., <br><br>                         Debtor. <br> Tax I.D. No. 22-2056485 | Chapter 11 <br><br> Case No. 25-22123 (JKS) <br><br> (Joint Administration Requested) |
| In re: <br><br> P. JUDGE & SONS, INC., <br><br>                         Debtor. <br> Tax I.D. No. 11-1953713 | Chapter 11 <br><br> Case No. 25-22127 (JKS) <br><br> (Joint Administration Requested) |
| In re: <br><br> AMEX SHIPPING AGENT, INC., <br><br>                         Debtor. <br> Tax I.D. No. 22-2014699 | Chapter 11 <br><br> Case No. 25-22129 (JKS) <br><br> (Joint Administration Requested) |
| In re: <br><br> THE JUDGE ORGANIZATION, LLC, <br><br>                         Debtor. <br> Tax I.D. No. 45-4018267 | Chapter 11 <br><br> Case No. 25-22130 (JKS) <br><br> (Joint Administration Requested) |
| In re: <br><br> P. JUDGE & SONS TRUCKING, LLC, <br><br>                         Debtor. | Chapter 11 <br><br> Case No. 25-22131 (JKS) |

| | |
|---|---|
| Tax I.D. No. 30-0709853<br>In re:<br><br>JUDGE WAREHOUSING, LLC,<br><br>                     Debtor.<br>Tax I.D. No. 37-1656690 | (Joint Administration Requested)<br><br>Chapter 11<br><br>Case No. 25-22132 (JKS)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105 AND 363 AUTHORIZING THE DEBTORS TO CONTINUE USING EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND FOR RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), by and through their undersigned proposed counsel, hereby file this motion (the "**Motion**"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the Debtors to continue using their existing Bank Accounts and Business Forms during the pendency of these chapter 11 cases (these "**Chapter 11 Cases**"). In support of the Motion, the Debtors rely on and incorporate by reference the *Declaration of Patrick Wynne in Support of First Day Motions for Relief* (the "**First Day Declaration**"), and respectfully represent as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of New Jersey (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court,

2

56676679.5

absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105, 345, and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), and rule 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

4. On November 14, 2025 (the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated.

5. A description of the Debtors' businesses, the reasons for commencing the Chapter 11 Cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the First Day Declaration filed contemporaneously herewith.

6. Collectively, the Debtors provide transportation, logistic, and warehouse related services. More specifically, the Debtors offer rail boxcar services, container handling services, warehousing services, multiple shipping options (e.g., rail, truck, air, and international shipping), specialized material handling services, cross docking, handling, and packing services, beverage specialists and alcoholic beverages expertise services, and product care and protection services.

7. In the ordinary course of business, the Debtors utilize the following bank accounts at the banks named below (the "**Banks**") for operations, payroll, and loan repayment (collectively, the "**Bank Accounts**"):

| Bank Name | Entity Name | Last 4 digits of account number | Account Type |
|---|---|---|---|
| Chase Bank | P. Judge & Sons, Inc. | 5279 | Operating |
| Chase Bank | P. Judge & Sons, Inc. | 5626 | Payroll |
| Chase Bank | P. Judge & Sons, Inc. | 2763 | Letter of Credit |
| Chase Bank | Port Elizabeth Terminal & Warehouse Corp. | 5691 | Operating |
| Chase Bank | Port Elizabeth Terminal & Warehouse Corp. | 1798 | Payroll |
| Chase Bank | Port Elizabeth Terminal & Warehouse Corp. | 1806 | Letter of Credit |
| Chase Bank | P. Judge & Sons Trucking, LLC | 5535 | Operating |
| Chase Bank | P. Judge & Sons Trucking, LLC | 2126 | Payroll |
| Chase Bank | The Judge Organization, LLC | 5576 | Account responsible for paying the Economic Injury Disaster Loan |
| Chase Bank | Amex Shipping Agent, Inc. | 5873 | Operating |
| Chase Bank | Judge Warehousing, LLC | 5329 | Operating |
| Chase Bank | Judge Warehousing, LLC | 2332 | Payroll |

8. A substantial quantity of the cash the Debtors receive comes from their factor, First Business Specialty Finance, LLC ("**First Business**"). When the Debtors receive cash from First Business, the cash is placed into either a certain account in connection to those Debtors based in New Jersey or a certain account related to those Debtors based in Georgia. As expenses arise for the Debtors, the funds are then transferred to the account of the related Debtor responsible for paying the expense.

56676679.5

9. The Debtors request that the Banks be authorized and directed to continue to administer the Bank Accounts as they were maintained and administered prepetition, without interruption and in the ordinary course, and to honor all representations from the Debtors as to which checks should be honored or dishonored. The Banks also should be authorized and directed to pay all checks, drafts, wires, and Automated Clearing House payments ("**ACH Payment**") drawn from the Bank Accounts for payment of any claims authorized by the Debtors arising on or after the Petition Date so long as those accounts contain sufficient funds. To the extent that the Debtors have directed that any prepetition checks be dishonored, it reserves the right to issue replacement checks to pay the amounts related to any dishonored checks, consistent with orders of this Court.

10. The Bank Accounts are located at Banks designated as authorized depositories by the Office of the United States Trustee for Region 3 (the "**U.S. Trustee**"), pursuant to the U.S. Trustee's Operating Guidelines for Chapter 11 Cases (the "**UST Guidelines**"). Therefore, the Banks are each party to a uniform depository agreement with the U.S. Trustee such that the Bank Accounts will be collateralized in a manner consistent with the requirements of section 345 of the Bankruptcy Code.

11. In the ordinary course of business, the Debtors use several types of checks. Additionally, the Debtors use a variety of correspondence and business forms, including, but not limited to, letterhead, purchase orders, and invoices (collectively, the "**Business Forms**").

12. To minimize expenses, the Debtors seek authorization to continue using existing checks substantially in the forms used immediately prior to the Petition Date, without reference to the Debtors' status as a debtor-in-possession; provided that in the event that the Debtors generate new checks during the pendency of this case other than from their existing stock of checks, such

checks will include a legend referring to the Debtors as "DIP" or "Debtor In Possession." To the extent practicable, the Debtors also will print such legend on any checks electronically generated during this case. Additionally, the Debtors seek authority to use all other Business Forms without reference to the Debtors' status as debtor-in-possession.

13.  Further, the Debtors routinely receive funds from First Business via electronic funds transfer into the Bank Accounts. These deposits commonly occur on little or no notice; funds are simply deposited when First Business approves a transfer to the Debtors. If forced to open new accounts, the Debtors would experience a disruption in their receipt of the proceeds of their existing factoring arrangement. In order to reconnect new accounts to the existing payors, the Debtors would be forced to undertake a process of informing First Business, and would experience a cessation in payments while the First Business switches the account information.

14.  The Debtors have a number of creditors and other parties-in-interest, all of which are included on the Debtors' Matrix either as creditors or for notice purposes, and will be fully-informed regarding the bankruptcy filing. The Debtors believe that notifications to Matrix parties will provide adequate notice of the Debtors' status as debtor-in-possession.

## SUMMARY OF RELIEF REQUESTED

15.  Pursuant to sections 105(a) and 363 of the Bankruptcy Code, the Debtors request authority to continue the maintenance and use of their existing Bank Accounts and Business Forms, in the ordinary course of business, in their business judgment and at their sole discretion.

16.  The Debtors further request that the Court authorize and direct the financial institutions at which the Debtors maintain the Bank Accounts to (i) continue to maintain, service, and administer the Debtors' Bank Accounts, and (ii) debit the Bank Accounts in the ordinary course of business on account of (a) wire transfers or checks drawn on the Bank Accounts,

56676679.5

provided that any payments drawn, issued, or made prior to the Petition Date shall not be honored absent direction of the Debtors and a separate order of the Court authorizing such prepetition payment.

17. The Debtors further request that the Court authorize and direct financial institutions to receive, process, honor, and pay certain checks presented for payment and electronic payment requests relating to the foregoing to the extent the Debtors have sufficient funds standing to their credit with such Bank, whether such checks were presented or electronic requests were submitted before or after the Petition Date, and provide that all such financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as appropriate pursuant to this Motion or any other Order of this Court without any duty of further inquiry and without liability for following the Debtors' instructions.

## BASIS FOR RELIEF REQUESTED

### A. Approval of Continued Use of Existing Bank Accounts is in the Best Interests of the Debtors, Their Creditors, and All Other Parties-in-Interest

18. Upon the filing of this Chapter 11 Cases, the Debtors became bound by the UST Guidelines promulgated by the U.S. Trustee. Pursuant to the UST Guidelines, the Debtors' "failure to comply with the operating and/or reporting requirements . . . may result in the dismissal or conversion of this case to a case under Chapter 7 of the Bankruptcy Code." The UST Guidelines state that, upon filing the Chapter 11 petition, the Debtors:

> must immediately close all of its existing bank accounts and open new bank accounts which must be (i) designated as debtor in possession accounts ("DIP Accounts") and (ii) maintained subject to the following conditions:
>
> a. <u>All</u> money of the bankruptcy estate must be deposited in the DIP Accounts . . . .

UST Guidelines at ¶¶ 1-2 (emphasis in the original).

56676679.5

19. The Debtors respectfully request that the Court enter an Order authorizing their continued use of the Bank Accounts, waiving the requirement that the Debtor open new debtor-in-possession accounts, and authorizing the Debtors to continue use Business Forms as set forth above.

20. The relief requested herein is authorized pursuant to section 363(c)(1) of the Bankruptcy Code which provides that a debtor-in-possession may "use property of the estate in the ordinary course of business without notice or a hearing." The purpose of section 363(c)(1) is to provide a debtor-in-possession with the flexibility to engage in the ordinary transactions required to operate its business without unneeded oversight by its creditors or the court. Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne), 114 F.3d 379, 384 (2d Cir. 1997); Chaney v. Official Comm. of Unsecured Creditors of Crystal Apparel, Inc. (In re Crystal Apparel, Inc.), 207 B.R. 406, 409 (S.D.N.Y. 1997).

21. Courts in this district have long recognized that strict enforcement of bank account closing requirements does not serve the purposes of Chapter 11 and have approved motions seeking relief similar to that sought by this Motion. See, e.g., In re New England Motor Freight, Inc., Case No. 19-12809 (Bankr. D.N.J. Feb. 13, 2019); In re Aceto Corporation, Case No. 19-13448 (Bankr. D.N.J. Feb. 21, 2019); In re Icon Eyewear, Inc., Case No. 18-34902 (Bankr. D.N.J. Dec. 21, 2018); In re Mountain Creek Resort, Inc., et al., Case No. 17-19899 (Bankr. D.N.J. May 17, 2017).

22. The Debtors request that the Court waive the requirements of the UST Guidelines, which require, among other things, the closure of the Debtors' prepetition Bank Accounts, the opening of new bank accounts, and the immediate printing of new Business Forms, including new checks referencing the Debtors as "Debtor-In-Possession." The Debtors seek an order authorizing

8

and directing the Banks to continue to treat, service, and administer the Bank Accounts as accounts of the Debtors as debtors-in-possession without interruption and in the usual and ordinary course, and to receive, process, honor, and pay all checks, drafts, wires, or ACH Payments drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; provided that any payments issued or made prior to the Petition Date will not be honored absent direction of the Debtors and an order of the Court.

23. The Debtors believe that the Chapter 11 Cases will be more orderly if they are permitted to maintain all Bank Accounts with the same account numbers during this Chapter 11 Case. By preserving business continuity and avoiding any disruption and/or delay to the Debtors' disbursement obligations, all parties-in-interest, including employees, vendors, and customers, will be best served by the relief requested.

24. The Debtors are not only seeking to control costs; if forced to open new accounts their receipt of payments could be disrupted, impairing ordinary-course receipt of payments to the benefit of no party-in-interest.

25. To minimize expenses, the Debtors further request that they be authorized to continue to use their Business Forms, substantially in the forms existing immediately before the Petition Date, without reference to their status as debtors-in-possession. The Debtors request authority to utilize existing checks and electronically generated forms, rather than obtain new checks and implement new electronic forms reflecting their status as debtors in possession. To the extent the Debtors use all existing checks, any new checks ordered will reflect their status as debtors-in-possession. The Debtors will work with their systems personnel and outside consultants to determine what computer system changes are required to reflect their status as debtors-in-

possession on electronically generated checks and will implement such changes as soon as reasonably practicable.

26. To the extent the amount deposited with any Bank exceeds the FDIC coverage limit, the Debtors request waiver of the requirements of section 345(b) for cause. In re Service Merch. Co., Inc., 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999).

27. The Debtors anticipate that any balance above the FDIC coverage limit will on remain on deposit for a short time before being spent pursuant to the other first day motions filed contemporaneously herewith, or on ordinary-course operational costs.

28. Requiring the Debtors to obtain a bond or additional insurance coverage for deposits that may exceed the limit for only days or hours would impose needless costs and complexities on the Debtors that far exceed the investment potential of such short-term overages. Fair to waive the requirements of section 345(b) would impose a net cost on the Debtors without commensurate benefit. Cause exists to waive the requirements of section 345.

29. Bankruptcy Rule 6003(b) provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may issue an order granting a "motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" before twenty-one (21) days after filing of the petition. Fed. R. Bankr. P. 6003(b). Disruptions regarding the Bank Accounts – or the lack of clarity as to whether the Debtors must open new accounts – would cause delays in receipt or disbursement of funds. Late payments could frustrate the Debtors' relationships with employees and cause other severe and irreparable disruptions to the Debtors' business which would have a negative impact on all parties-in-interest. Accordingly, the Debtors have satisfied the requirements of Bankruptcy Rule 6003.

56676679.5

30. To implement the foregoing successfully, the Debtors request a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent such stay applies.

### Waiver of Memorandum of Law

31. The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to rule 9013-1(a)(3) of the Local Bankruptcy Rules for the District of New Jersey (the "**Local Rules**") because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: November 14, 2025                    **SAUL EWING LLP**

By: */s/ Turner N. Falk*
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail: stephen.ravin@saul.com
turner.falk@saul.com

*Proposed Counsel for Debtors and Debtors in Possession*

56676679.5