**EXHIBIT A**

(**Proposed Order**)

56676679.5 11/14/2025

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** *Caption in Compliance with D.N.J. LBR 9004-1(b)* SAUL EWING LLP Stephen B. Ravin, Esquire Turner N. Falk, Esquire One Riverfront Plaza 1037 Raymond Blvd., Suite 1520 Newark, NJ 07102-5426 Telephone: (973) 286-6714 E-mail: stephen.ravin@saul.com turner.falk@saul.com *Proposed Counsel to the Debtors and Debtors in Possession* | |
| In re: PORT ELIZABETH TERMINAL & WAREHOUSE CORP., Debtor. Tax I.D. No. 22-2056485 | Chapter 11 Case No. 25-22123 (JKS) (Joint Administration Requested) |
| In re: P. JUDGE & SONS, INC., Debtor. Tax I.D. No. 11-1953713 | Chapter 11 Case No. 25-22127 (JKS) (Joint Administration Requested) |
| In re: AMEX SHIPPING AGENT, INC., Debtor. Tax I.D. No. 22-2014699 | Chapter 11 Case No. 25-22129 (JKS) (Joint Administration Requested) |
| In re: THE JUDGE ORGANIZATION, LLC, Debtor. Tax I.D. No. 45-4018267 | Chapter 11 Case No. 25-22130 (JKS) (Joint Administration Requested) |
| In re: P. JUDGE & SONS TRUCKING, LLC, Debtor. | Chapter 11 Case No. 25-22131 (JKS) |

56676679.5 11/14/2025

Page 3
Debtors: Port Elizabeth Terminal &Warehouse, Corp., et al.
Case No. 25-22123 (JKS)
Caption: ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AUTHORIZING THE DEBTOR TO CONTINUE USING EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND FOR RELATED RELIEF

| Tax I.D. No. 30-0709853 | (Joint Administration Requested) |
|---|---|
| In re: | |
| | Chapter 11 |
| JUDGE WAREHOUSING, LLC, | |
| | Case No. 25-22132 (JKS) |
| Debtor. | |
| Tax I.D. No. 37-1656690 | (Joint Administration Requested) |

**ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AUTHORIZING THE
DEBTOR TO CONTINUE USING EXISTING BANK ACCOUNTS
<u>AND BUSINESS FORMS AND FOR RELATED RELIEF</u>**

The relief set forth on the following pages numbered three (3) through six (6) is

**<u>ORDERED.</u>**

Page 3
Debtors: Port Elizabeth Terminal &Warehouse, Corp., et al.
Case No. 25-22123 (JKS)
Caption: ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AUTHORIZING THE DEBTOR TO CONTINUE USING EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND FOR RELATED RELIEF

AND NOW, upon consideration of the Debtors' Motion (the "**Motion**")[1] pursuant to sections 105(a), 363 of Title 11 of the United States Code (the "**Bankruptcy Code**"), authorizing the Debtors to continue using their existing Bank Accounts and Business Forms, and any responses to the Motion, and after notice and hearing, it is hereby ORDERED and DECREED as follows:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, but not required, to (i) continue to use, with the same account numbers, all of the Bank Accounts in existence as of the Petition Date; (ii) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors-in-possession; (iii) use, in their present form, all correspondence and Business Forms (including, but not limited to, letterhead, purchase orders and invoices), as well as checks and all other documents related to the Bank Accounts existing immediately before the Petition Date, and shall use commercially reasonable efforts to print the Debtor in Possession and the lead bankruptcy case number on such checks within 10 days from this Order; provided that in the event the Debtors generate new checks during the pendency of the Chapter 11 Cases, such checks shall include a legend referring to the Debtors as "Debtor-In Possession." The Debtors shall advise the Banks immediately to restyle the Bank Accounts as "Debtor-In-Possession" Accounts.

3. The Banks are authorized and directed to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors-in-possession, without interruption and in the ordinary course, and to receive, process, honor, and pay any and all checks, drafts, wires, and ACH Payments issued by the Debtors and drawn on the Bank Accounts after the Petition Date to

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

56676679.5 11/14/2025

Page 4
Debtors: Port Elizabeth Terminal &Warehouse, Corp., et al.
Case No. 25-22123 (JKS)
Caption: ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AUTHORIZING THE DEBTOR TO CONTINUE USING EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND FOR RELATED RELIEF

the extent the Debtors have sufficient funds standing to their credit with such Bank; provided that any payments drawn, issued, or made prior to the Petition Date shall not be honored absent direction of the Debtors and a separate order of the Court authorizing such payment.

4. Each of the Banks is authorized to debit the Debtors' Bank Accounts in the ordinary course of business without need for further order of this Court for: (i) all checks, items, and other payment orders drawn on the Debtors' Bank Accounts that are cashed at such Bank's counters or exchanged for cashiers' checks by the payees thereof prior to the Bank's receipt of notice of the commencement of the Chapter 11 Cases; (ii) all checks, automated clearing house entries, and other items deposited or credited to one of Debtors' Bank Accounts with such Bank prior to the Petition Date that have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such costs and fees prior to the Petition Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

5. The Banks may rely on the representations of the Debtors with respect to whether any check, item, or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein, and shall not be liable to any party on account of (i) following the Debtors' representations, instructions, or presentations as to any order of the Court (without any duty of further inquiry), (ii) honoring of any prepetition checks, drafts, wires, or ACH Payments in a good faith belief or upon a representation by the Debtors that the Court has authorized such prepetition check, draft, wire,

56676679.5 11/14/2025

Page 5
Debtors: Port Elizabeth Terminal &Warehouse, Corp., et al.
Case No. 25-22123 (JKS)
Caption: ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AUTHORIZING THE DEBTOR TO CONTINUE USING EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND FOR RELATED RELIEF

or ACH Payment, or (iii) an innocent mistake made despite implementation of reasonable handling procedures.

6. Those certain existing deposit agreements between the Debtors and the Banks shall continue to govern the post-petition cash management relationship between the Debtors and the Banks, and that all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect, (ii) either the Debtors or the Banks may, without further Order of this Court, implement changes to the cash management systems and procedures in the ordinary course of business pursuant to terms of those certain existing deposit agreements, including, without limitation, the opening and closing of bank accounts.

7. The Debtors are authorized to open any new bank accounts or close bank accounts as it may deem necessary and appropriate in its business judgment and discretion, provided that the Debtors will provide notice of same to the Office of the United States Trustee within two (2) business days of opening or closing a bank account. The United States Trustee will have 14 days from receipt of such notice to file any objection with regard to the opening or closing of a bank account, or such later date as may be extended by the Court or agreed to between the Debtors and the United States Trustee. Any new debtor-in-possession bank account must bear the designation "Debtor-in-Possession" and must be held at a depository approved by the United States Trustee or the Debtors and the specific bank may enter into a depository agreement that is acceptable to the United States Trustee. Any new or closed account shall be timely reflected on the Debtors' monthly operating reports.

8. With regard to the Banks that are party to a UDA with the U.S. Trustee, the Debtors

56676679.5 11/14/2025

Page 6
Debtors: Port Elizabeth Terminal &Warehouse, Corp., et al.
Case No. 25-22123 (JKS)
Caption: ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AUTHORIZING THE DEBTOR TO CONTINUE USING EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND FOR RELATED RELIEF

shall within five (5) business days from the entry of this order (a) contact the Banks, (b) provide the Banks with each of the Debtors' employer identification numbers, and (c) instruct them to rename the Bank Accounts as "Debtor in Possession" accounts with the Petition Date and the lead case number included on the account title.

9. Notwithstanding the Debtors' use of any consolidated Cash Management System, the Debtors shall calculate quarterly fees payable under 28 U.S.C. § 1930(a)(6) based on the disbursements of (or on behalf of) each Debtor regardless of which entity actually makes such disbursements.

10. The Debtors shall maintain accurate and detailed records of all transfers, including but not limited to, intercompany transfers, so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and post-petition transactions.

11. Notwithstanding Bankruptcy Rules 6003, 6004 this Order shall be effective and enforceable immediately upon entry; the Court expressly finds that there is no reason for delay in the implementation of this Order.

12. This Court retains jurisdiction to construe and enforce this Order.