| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:  stephen.ravin@saul.com<br>            turner.falk@saul.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* | |
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP.,<br><br>                    Debtor.<br>Tax I.D. No. 22-2056485 | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>P. JUDGE & SONS, INC.,<br><br>                    Debtor.<br>Tax I.D. No. 11-1953713 | Chapter 11<br><br>Case No. 25-22127 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>AMEX SHIPPING AGENT, INC.,<br><br>                    Debtor.<br>Tax I.D. No. 22-2014699 | Chapter 11<br><br>Case No. 25-22129 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>THE JUDGE ORGANIZATION, LLC,<br><br>                    Debtor.<br>Tax I.D. No. 45-4018267 | Chapter 11<br><br>Case No. 25-22130 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>P. JUDGE & SONS TRUCKING, LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 25-22131 (JKS) |

56700181.4

| | |
|---|---|
| Tax I.D. No. 30-0709853<br>In re:<br><br>JUDGE WAREHOUSING, LLC,<br><br>Debtor.<br>Tax I.D. No. 37-1656690 | (Joint Administration Requested)<br><br>Chapter 11<br><br>Case No. 25-22132 (JKS)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF ORDER (I) AUTHORIZING
THE PAYMENT OF CERTAIN PREPETITION TAXES AND FEES,
AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), by and through their undersigned counsel, hereby move (this "**Motion**") as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of New Jersey (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 363(b), 507(a)(8), and 541 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**"), as supplemented by rules 6003 and 6004(h) of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**").

2

56700181.4

**BACKGROUND**

4. On the November 14, 2025 (the "**Petition Date**"), each Debtor commenced a case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or an examiner has been made in these Chapter 11 Cases, and no committees have been appointed or designated.

5. A description of the Debtors' business, the reasons for commencing the Chapter 11 Cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Patrick Wynne in Support of First Day Relief* (the "**First Day Declaration**") filed concurrently with this Motion and incorporated herein by reference.

**THE DEBTORS' TAX AND FEE OBLIGATIONS**

6. In the ordinary course of their business, the Debtors collect, withhold, and incur sales, use, property, business and occupation, and highway use based tax obligations, as well as other fees (collectively, the "**Taxes and Fees**"). The Debtors remit the Taxes and Fees to various federal, state and local entities, including taxing and licensing authorities (collectively, the "**Taxing Authorities**"). The Taxes and Fees are generally but not exclusively remitted and paid by the Debtors through checks and electronic funds transfers that are processed through their banks and other financial institutions.

7. By this Motion, the Debtors seek authority to remit and pay the Taxes and Fees, as detailed below, in the ordinary course of business without regard to whether such obligations accrued or arose before or after the Petition Date.

3

56700181.4

**I.    Sales and Use Taxes**

8.    The Debtors incur, collect, and remit sales taxes to the Taxing Authorities in the United States in connection with the operation of their business.  The Debtors generally remit sales and use taxes on a monthly, quarterly, and annual basis, depending on the jurisdiction.  The Debtors request authority, but not direction, to pay such taxes as they become due and payable in the ordinary course of business.

**II.    Property Taxes**

9.    State and local laws in the jurisdictions in which the Debtors operate generally grant Taxing Authorities the power to levy property taxes against the Debtors' personal property located in such jurisdictions.  The Debtors typically pay property taxes in the ordinary course, and such taxes are typically invoiced in arrears for the prior year.  Paying property taxes is critical because failing to pay certain property taxes may give rise to liens on the Debtors' property in favor of the relevant Taxing Authority to secure payment of those taxes.  Not paying property taxes could also result in additional fees and penalties being assessed against the Debtors.  Accordingly, the Debtors request authority, but not direction, to pay such property tax obligations as they become due and payable in the ordinary course of business.

**III.    Business and Occupation Taxes**

10.    The Debtors pay various revenue-based taxes to the Taxing Authorities.  These business and occupation taxes are measured in different ways depending upon the Taxing Authority.  These obligations are all based upon the total amount of revenue generated from within a certain state.  The Debtors request authority, but not direction, to pay such taxes as they become due and payable in the ordinary course of business.

56700181.4

**IV.    Heavy Highway Vehicle Use Taxes**

11.    In the ordinary course of business, the Debtors pay Heavy Highway Vehicle Use Taxes to the Taxing Authorities in the United States in connection with the operation of their business. The Debtors request authority, but not direction, to pay such taxes as they become due and payable in the ordinary course of business.

**V.    Fees and Licenses**

12.    In the ordinary course of business, the Debtors pay certain licensing and other operational fees (collectively, the "**Fees**"). The Fees allow the Debtors to operate their business within the applicable states. The Debtors request authority to pay the Fees as they become due and payable in the ordinary course of business.

## SUMMARY OF RELIEF REQUESTED

13.    The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), (i) authorizing, but not directing, the Debtors to remit and pay certain prepetition taxes and fees that will become payable during the pendency of these chapter 11 cases in the ordinary course of business, in an aggregate amount not to exceed $30,000.00, and (ii) granting related relief.

## BASIS FOR RELIEF REQUESTED

**I.    The Court should authorize the Debtors to pay prepetition amounts owing in respect of the Taxes and Fees.**

14.    The requested relief herein should be granted because, among other reasons: (i) failing to pay the Taxes and Fees may interfere with the Debtors' continued operations and efforts to maximize value; (ii) certain of the Taxes and Fees are not property of the Debtors' estates; (iii) certain of the Taxes and Fees may be secured or entitled to priority treatment; and

5

56700181.4

(iv) paying the Taxes and Fees is a sound exercise of the Debtors' business judgment and appropriate under section 105 of the Bankruptcy Code and the "doctrine of necessity."

    **A.**    **Failing to pay the Taxes and Fees could materially disrupt or impair the Debtors' business and efforts to maximize value.**

15. The Taxes and Fees represent involuntary pecuniary burdens imposed by the authority of a federal, state or local legislature under its police or taxing power, in exchange for the ability to carry out the Debtors' business in the applicable localities. The Taxes and Fees generally must be paid to keep the Debtors in good standing with the Taxing Authorities and able to carry out their business. Failing to pay the Taxes and Fees could cause the Taxing Authorities to take adverse action against the Debtors, including, among other things, asserting liens on the Debtors' assets or seeking to lift the automatic stay, which would impose unnecessary and harmful costs and disruption on the Debtors' estates. Additionally, failing to pay the Taxes and Fees may jeopardize the Debtors' good standing or ability to operate in the jurisdictions in which they do business. For example, the Taxing Authorities could impose penalties or interest on account of unpaid Taxes or Fees, and continued nonpayment could result in tax levies, fines, denials or revocations of licenses necessary to operate.

16. Moreover, under applicable law, failing to pay certain of the Taxes and Fees could subject the Debtors to lawsuits, personal liability or even prosecution. The Debtors require the undivided attention and dedication of their personnel to continue to operate their business and successfully administer these Chapter 11 Cases, and therefore cannot afford to have their personnel distracted by the possible threat of personal liability or legal action.

    **B.**    **Certain of the Taxes and Fees may not be property of the Debtors' estates.**

17. Section 541(d) of the Bankruptcy Code provides, in relevant part, that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable

6

interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d).

19. To the extent the Debtors have collected any taxes from third parties with a legal obligation to remit such taxes to the applicable Taxing Authorities, such amounts may be held in trust for the benefit of the Taxing Authorities and are not property of the Debtors' estates. *See, e.g.*, *Begier v. I.R.S.*, 496 U.S. 53, 59 (1990) (holding that any prepetition payment of trust fund taxes is not a transfer subject to avoidance because such funds are not the debtor's property); *City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 97 (3d Cir. 1994) (holding that income required to be withheld by city ordinance and state law is held "in trust" for the taxing authority); *DiChiaro v. N.Y. State Tax Comm'n*, 760 F.2d 432, 433–34 (2d Cir. 1985) (holding that a sales tax that is required by state law to be collected by sellers from their customers is a "trust fund" tax); *In re Equalnet Comm. Corp.*, 258 B.R. 368, 370 (Bankr. S.D. Tex. 2000) ("[C]ertain prepetition tax claims, such as sales taxes, could be trust fund claims."). The Debtors understand and believe that certain of the taxes likely constitute "trust fund" taxes in which they do not have an equitable interest. Therefore, the Debtors believe they should be permitted to pay the applicable taxes to the Taxing Authorities as they become due.

C. **Certain of the Taxes and Fees may be secured or entitled to priority treatment under the Bankruptcy Code.**

19. Claims for certain of the Taxes and Fees may be or may become secured or priority claims entitled to payment before general unsecured claims. *See* 11 U.S.C. §§ 362(b)(18), 507(a)(8). To the extent that such amounts are entitled to priority treatment under the Bankruptcy Code, the respective Taxing Authorities may attempt to assess fees, interest, and penalties if such amounts are not paid. *See* 11 U.S.C. § 507(a)(8)(G) (granting eighth priority status to "a penalty

7

related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss"). Furthermore, claims entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code must be paid in full under a confirmable plan pursuant to section 1129(a)(9)(C) of the Bankruptcy Code. Therefore, payment of certain of the Taxes and Fees at this time only affects the timing of the payment for the amounts at issue and will not unduly prejudice the rights and recoveries of junior creditors. In fact, to the extent that early payment avoids fees and penalties and preserves the Debtors' ability to operate without disruption, it benefits unsecured creditors.

        **D.    Payment of the Taxes and Fees is a sound exercise of the Debtors' business judgment and is appropriate under section 105(a) of the Bankruptcy Code.**

20.     The Court may also authorize the Debtors to pay the Taxes and Fees under section 363(b)(1) of the Bankruptcy Code, which provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1). Consistent with a debtor's fiduciary duties, where there is a sound business purpose for the payment of prepetition obligations, and where the debtor is able to "articulate some business justification, other than the mere appeasement of major creditors," courts have authorized debtors to make such payments under section 363(b) of the Bankruptcy Code. *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (finding that a sound business justification existed to pay prepetition wages); *see also In re James A. Phillips, Inc.*, 29 B.R. 391, 397 (Bankr. S.D.N.Y. 1983) (relying upon section 363 as a basis to allow a contractor to pay the prepetition claims of suppliers who were potential lien claimants). Moreover, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citation omitted); *see also In re Tower Air, Inc.*,

56700181.4

416 F.3d 229, 238 (3d Cir. 2005) (stating that "[o]vercoming the presumptions of the business judgment rule on the merits is a near-Herculean task").

21.   The business judgment standard is satisfied here.  The Debtors' ability to pay the Taxes and Fees is critical to the Debtors' uninterrupted operations.  Failing to pay the Taxes and Fees could cause Taxing Authorities to take precipitous actions that would disrupt the Debtors' day-to-day operations, hinder the Debtors' efficient and effective administration of these cases and burden the Debtors' estates with unnecessary expenses.  Any collection action on account of such penalties would distract the Debtors and their personnel to the detriment of all parties in interest.  Accordingly, it is in the best interest of the Debtors' estates to have authority and flexibility to satisfy obligations that would in turn eliminate such distractions.

22.   In addition, section 105(a) of the Bankruptcy Code provides that a "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code, pursuant to the "doctrine of necessity."  11 U.S.C. § 105(a).  Under section 105(a), the Court "can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor."  *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992).  The "doctrine of necessity" functions in a chapter 11 case as a mechanism by which the bankruptcy court can exercise its equitable power to allow payment of prepetition claims not explicitly authorized by the Bankruptcy Code and further supports the relief requested herein.  *See In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that a court may authorize payment of prepetition claims if such payment is essential to debtor's continued operation); *see also In re Just for Feet, Inc.*, 242 B.R. 821, 824–25 (D. Del. 1999) (holding that section 105(a) of the Bankruptcy Code "provides a statutory basis for payment of pre-petition claims" under the doctrine of necessity).

9

56700181.4

23. The standard under section 105(a) of the Bankruptcy Code is also satisfied here. As stated above, paying the Taxes and Fees is critical to enable the Debtors to continue operating and to avoid costly distractions relating to audits, imposed liens and defending the Taxing Authorities' exercise of their rights related thereto.

**II.    Cause exists to authorize the Debtors' financial institutions to honor checks and electronic fund transfers.**

24. The Debtors believe they have sufficient funds to pay the amounts sought to be paid in this Motion in the ordinary course of business by virtue of expected cash flows from ongoing business operations and anticipated access to cash collateral and debtor in possession financing. In addition, under the Debtors' existing cash management system, the Debtors can readily identify checks or wire transfer requests as relating to an authorized payment in respect of the prepetition taxes. Accordingly, the Debtors believe that checks or wire transfer requests, other than those relating to authorized payments, will not be honored inadvertently. Therefore, the Debtors respectfully request that this Court authorize all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this Motion.

## Waiver of Memorandum of Law

25. Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to rule 9013-1(a)(3) of the Local Bankruptcy Rules for the District of New Jersey (the "**Local Rules**") because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## Reservation of Rights

26. Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or shall be construed as: (i) an admission

10

as to the validity of any claim against a Debtor entity; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (v) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (vi) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (vii) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their right to contest the extent, validity, or perfection or seek avoidance of any or all such liens.

### The Requirements of Bankruptcy Rule 6003 are Satisfied

27. Bankruptcy Rule 6003 empowers the Court to issue an order granting a motion to "use . . . property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" if such requested relief "is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. For the reasons discussed above, entry of an order granting this Motion is integral to the Debtors' ability to successfully transition into chapter 11 and to avoid disruptions to the Debtors' operations and potential penalties, to the detriment of the Debtors' estates and creditors. The Debtors submit that, because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors for the reasons set forth herein, Bankruptcy Rule 6003 has been satisfied and the relief requested herein should be granted.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

28. To implement the foregoing immediately, the Debtors respectfully request a waiver of the notice requirements under Bankruptcy Rule 6004(a). The Debtors also request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing

11

56700181.4

the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As set forth above, the relief requested in this Motion is necessary for the Debtors to preserve the value of their estates. Accordingly, the Debtors respectfully request that the Court waive the 14-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: November 14, 2025                **SAUL EWING LLP**

By: */s/ Turner N. Falk*
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail: stephen.ravin@saul.com
         turner.falk@saul.com

*Proposed Counsel for Debtors and Debtors in Possession*