| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:  stephen.ravin@saul.com<br>           turner.falk@saul.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* | |
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP.,<br><br>                    Debtor.<br>Tax I.D. No. 22-2056485 | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>P. JUDGE & SONS, INC.,<br><br>                    Debtor.<br>Tax I.D. No. 11-1953713 | Chapter 11<br><br>Case No. 25-22127 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>AMEX SHIPPING AGENT, INC.,<br><br>                    Debtor.<br>Tax I.D. No. 22-2014699 | Chapter 11<br><br>Case No. 25-22129 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>THE JUDGE ORGANIZATION, LLC,<br><br>                    Debtor.<br>Tax I.D. No. 45-4018267 | Chapter 11<br><br>Case No. 25-22130 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>P. JUDGE & SONS TRUCKING, LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 25-22131 (JKS) |

| | |
|---|---|
| Tax I.D. No. 30-0709853<br>In re:<br><br>JUDGE WAREHOUSING, LLC,<br><br>Debtor.<br>Tax I.D. No. 37-1656690 | (Joint Administration Requested)<br><br>Chapter 11<br><br>Case No. 25-22132 (JKS)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 507(a) FOR AUTHORITY TO (I) PAY CERTAIN PREPETITION WAGES, SALARIES AND REIMBURSABLE EMPLOYEE EXPENSES; (II) PAY AND HONOR EMPLOYEE MEDICAL AND OTHER BENEFITS; (III) CONTINUE EMPLOYEE BENEFIT PROGRAMS; AND (IV) FOR RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "**Debtors**"), by and through their undersigned proposed counsel, hereby file this motion (the "**Motion**"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the Debtors to (i) pay certain prepetition wages (and associated taxes) and reimbursable employee expenses, (ii) pay and honor employee medical and other benefits, (iii) continue employee benefit programs, and (iv) other related relief. In support of the Motion, the Debtors rely on and incorporate by reference the *Declaration of Patrick Wynne in Support of First Day Motions for Relief* (the "**First Day Declaration**"), and respectfully represent as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of New Jersey (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court,

2

absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105, 363(b) and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), and rules 2002, 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

4. On November 14, 2025 (the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the chapter 11 cases, and no committees have been appointed or designated.

5. A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the First Day Declaration filed contemporaneously herewith.

6. Collectively, the Debtors provide transportation, logistic, and warehouse related services. More specifically, the Debtors offer rail boxcar services, container handling services, warehousing services, multiple shipping options (e.g., rail, truck, air, and international shipping), specialized material handling services, cross docking, handling, and packing services, beverage specialists and alcoholic beverages expertise services, and product care and protection services.

## THE DEBTOR'S WORKFORCE AND BENEFIT OBLIGATIONS

**A. The Debtor's Workforce.**

7. As of the Petition Date, the Debtors employed approximately 127 full-time employees. The breakdown of fulltime employees per Debtor is as follows:

| Debtor | Number of Full-Time Employees |
|---|---|
| P. Judge & Sons, Inc. | 23 |
| Judge Warehousing, LLC | 27 |
| P. Judge & Sons Trucking, LLC | 19 |
| Port Elizabeth Terminal & Warehouse Corp. | 57 |
| Amex Shipping Agent, Inc. | 1 |
| **Total:** | **127** |

**B. The Debtor's Payroll and Withholding Obligations.**

8. In the ordinary course of business, the Debtors pay their employees on a weekly basis. The Debtors' payroll obligations generally include wages, salaries, and other compensation, including overtime, and payments on account of certain allowances. The Debtors' collective payroll is approximately $180,000.00 per week.

9. The Debtors pay approximately $2,028.00 per month in union dues.

10. The Debtors owe prepetition wages of approximately $180,000 in earned payroll. (the "**Unpaid Compensation**").

11. According to the Debtors' records, employees that are owed Unpaid Compensation are owed amounts less than the $15,150.00 priority wage claim "cap" imposed by section 507(a)(4) of the Bankruptcy Code, on a per-debtor basis (the "**Priority Wage Cap**").

### C. Payroll Maintenance

12. The Debtors utilize ADP, Inc ("**ADP**"). for the payment of payroll, and for related processing and reporting. The Debtors provide to ADP the time worked by each employee for a given payroll cycle. In turn, ADP processes the payroll and submits it to the Debtors for review. Once the Debtors approve the payroll, ADP administers it. ADP ensures that (i) payroll and deductions are appropriately accounted for, (ii) employees are paid on time, (iii) deductions are appropriately made, and (iv) taxes and other obligations are remitted as required under operative law.

### D. Gross Pay Deductions, Withholdings and Taxes

13. For each pay period, the Debtors make a gross payroll payment to ADP on behalf of each employee, and ADP deducts certain pre-tax and post-tax amounts from employee wages, including 401(k), Health Savings Accounts ("**HSAs**"), and other deductions (collectively, the "**Deductions**").

14. In addition to the Deductions, the Debtors are required under state and federal law to withhold state and federal taxes and Social Security and Medicare taxes for remittance to the appropriate governmental authority (the "**Withholdings**"). The Debtors are likewise obligated under state and federal law, to provide their own contribution towards Social Security, and Medicare, and has to pay additional amounts for federal and state unemployment insurance (the "**Employer Payroll Taxes**").

15. The Debtors offer employee benefit plans and policies, including life insurance, dental, 401(k), vacation, and paid time off ("**PTO**"), as well as other benefits, including union related health benefits ("**Employee Benefits**").

16. By this Motion, the Debtors seek authority, in the exercise of their business judgment, to honor obligations and continue Employee Benefits programs in the ordinary course

of business for the benefit of their employees. The Debtors' employees are the lifeblood of their business, and the Debtors wish to protect their interests by making the required payments on account of Unpaid Compensation, Employee Benefits, and to make the necessary Deductions and employee related payments as set forth herein. As of the Petition Date, the Debtors believe they owe approximately $220,000 in Employee Benefits for outstanding union health benefits.

**E. Worker's Compensation.**

17. As required by applicable law, the Debtors are required to comply with the state laws requiring worker's compensation ("**Worker's Compensation Policies and Programs**").

18. In light of their obligations under state law, the Debtors seek authority to maintain prepetition Worker's Compensation Policies and Programs.

19. To maintain morale and enhance the Debtors' ability to retain employees during the chapter 11 cases, the Debtors request authority to pay and honor these prepetition claims and obligations, continue programs and maintain funding, in the exercise of their discretion, relating to, among other things: (i) Unpaid Compensation, Payroll Maintenance, Deductions, Withholdings, and Employer Payroll Taxes; (ii) Employee Benefits; and (iii) Worker's Compensation Policies and Programs; (collectively, the "**Employee Obligations**").

## I.  BASIS FOR RELIEF REQUESTED

**A. Payment of Employee Obligations is Permitted and Necessary Under Section 363(b)(1) of the Bankruptcy Code.**

20. This Court may grant the relief requested herein pursuant to sections 105(a) and 363(b) of the Bankruptcy Code. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that, "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). This provision grants a court broad flexibility to authorize a debtor to pay prepetition claims where a sound business

purpose exists. See In re Montgomery Ward Holding Corp., 242 B.R. 147, 153 (D. Del. 1999) (internal citations omitted) (requiring that the debtor show a "sound business purpose" to justify its actions under section 363 of the Bankruptcy Code); see also In re Tower Air, Inc., 416 F.3d 229, 238 (3d Cir. 2005) (stating that "[o]vercoming the presumptions of the business judgment rule on the merits is a near-Herculean task").

21.　　Further, section 105(a) provides, in relevant part, that, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a). This provision codifies the inherent equitable powers of the bankruptcy court. See Official Comm. of Asbestos Claimants of G-I Holdings, Inc. v. Building Materials Corp. of Am. (In re G-I Holdings, Inc.), 327 B.R. 730, 740 (Bankr. D.N.J. 2005) (stating that the Court's equitable power is derived from and limited by section 105 of the Bankruptcy Code). This includes the power to authorize payment of prepetition claims under what is known as the "doctrine of necessity" or the "necessity of payment" doctrine.

> The ability of a Bankruptcy Court to authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept. It was first articulated by the United States Supreme Court . . . and is commonly referred to as either the "doctrine of necessity" or the "necessity of payment" rule. This rule recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay pre-petition claims where such payment is essential to the continued operation of the debtor.

In re Ionosphere Clubs, Inc., 98 B.R. 174, 175-76 (Bankr. S.D.N.Y. 1989). The Third Circuit adopted the "necessity of payment" doctrine in In re Lehigh & New England Ry. Co., 657 F. 2d 570, 581 (3d Cir. 1981) ("[T]he 'necessity of payment' doctrine [provides that] if payment of a claim which arose prior to reorganization is essential to the continued operation . . . during reorganization, payment may be authorized even if it is made out of corpus."). This rule recognizes the existence of the judicial power to authorize a debtor in a reorganization to pay

7

prepetition obligations out of necessity.

22. The payment of prepetition claims under the doctrine of necessity is consistent with the "two recognized policies" of Chapter 11 of the Bankruptcy Code: preserving going concern value and maximizing property available to satisfy creditors. See Bank of Am. Nat'l Trust & Say. Assoc. v. 203 N. LaSalle St. P'Ship, 526 U.S. 434, 453 (1999). It is consistent with Bankruptcy Rule 6003, which implies that the payment of prepetition obligations may be permissible within the first twenty-one (21) days of a case where doing so is "necessary to avoid immediate and irreparable harm."

**B. The Relief Requested by this Motion Represents a Sound Exercise of the Debtors' Business Judgment, is Necessary to Avoid Immediate and Irreparable Harm to the Debtors' Estates and is Justified Under Sections 105(a) and 363(b) of the Bankruptcy Code.**

23. Authorizing the Debtors to pay Employee Obligations and similar items will benefit the Debtors' estates and creditors by allowing the Debtors' business operations to continue without interruption. Indeed, without the relief requested herein being granted, the Debtors' employees may seek alternative opportunities at the very time their dedication and cooperation are most critical to the success of the Debtors' ongoing operations. The loss of valuable employees, who are the lifeblood of the Debtors' operations, would hinder the Debtors' ability to meet their obligations and, likely, their ability to maximize value for the benefit of their creditors.

24. Failure to satisfy certain prepetition obligations will jeopardize employee morale and loyalty at a time when employee support is critical to the Debtors. The Debtors' employees rely exclusively on their compensation and benefits to satisfy their daily living expenses. These employees will be exposed to significant financial difficulties and other distractions if the Debtors are not permitted to honor obligations for Unpaid Compensation,

Employee Benefits, and reimbursable expenses. Furthermore, if the Court does not authorize the Debtors to honor their various obligations under the various insurance programs, the Employees will not receive health coverage and, thus, may become obligated to pay certain health care claims in cases where the Debtors have not paid the respective insurance providers. The loss of health care coverage will result in considerable anxiety for employees (and likely attrition) at a time when the Debtors need such employees to perform their jobs at peak efficiency. Certain obligations are also entitled to priority treatment under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

### C. Payment of Certain of the Employee Obligations is Required by Law.

25. The Debtors seek authority to pay Deductions, Withholdings and Employer Payroll Taxes to the appropriate party or governmental entity. These amounts include employee earnings that governments, employees, and judicial authorities have designated for deduction from employees' paychecks. Indeed, certain deductions, including contributions to Employee Benefits, and child support and alimony payments, are not property of the Debtors' estates because they have been withheld from employees' paychecks on another party's behalf. See 11 U.S.C. § 541(b).

26. Further, federal and state laws require a debtor and its officers to make certain tax payments that have been withheld from its employees' paychecks. See 26 U.S.C. §§ 6672 and 7501(a); see also City of Farrell v. Sharon Steel Corp., 41 F.3d 92, 95-97 (3d Cir. 1994) (finding that state law requiring a corporate debtor to withhold city income tax from its employees' wages created a trust relationship between debtor and the city for payment of withheld income taxes); DuCharmes & Co., Inc. v. State of Mich. (In re DuCharmes & Co.),

852 2d 194, 196 (6th Cir. 1988) (noting that individual officers of a company may be held personally liable for failure to pay trust fund taxes).

27. Because the Withholdings, Deductions and Employer Payroll Taxes are not property of the Debtors' estates, the Debtors request that the Court authorize them to transmit such payments to the proper entities in the ordinary course of business.

28. Accordingly, subject to the Court's entry of an Order setting aside the levies, this Court should authorize the Debtors to pay all Withholdings, Deductions and Employer Payroll Taxes.

**D. Cause Exists to Authorize the Debtors' Financial Institutions to Honor Checks and Electronic Fund Transfers.**

29. The Debtors will have sufficient funds to pay the Employee Obligations covered by the instant Motion by virtue of their cash flows and funds on hand.

30. The Debtors have identified all employees to whom Unpaid Compensation is owed. The Debtors are concerned regarding employees presenting checks that may inadvertently be dishonored.

31. The Court should authorize and direct all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested herein, solely to the extent that the Debtors have sufficient funds standing to its credit with such financial institution. Such financial institution should be authorized to rely on the representations of the Debtors without any duty of further inquiry and without liability for following the Debtors' instructions.

**E. Cause Exists to Waive the Application of Rules 6003, 6004.**

32. Bankruptcy Rule 6003(b) provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may issue an order granting a

"motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" before twenty-one (21) days after filing of the petition. Fed. R. Bankr. P. 6003(b). Disruptions regarding the Employee Obligations would severely prejudice the Debtors' chance for reorganization, cause the Debtors to violate state law or applicable U.S. Trustee guidelines, harm the Debtors' ability to retain employees, and expose the Debtors to penalties for unpaid taxes.

33. Late payments could frustrate the Debtors' relationships with employees and cause other severe and irreparable disruptions to the Debtors' business, which would have a negative impact on all parties in interest. Accordingly, the Debtors have satisfied the requirements of Bankruptcy Rule 6003.

34. To implement the foregoing successfully, the Debtors request a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent such stay applies.

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

[*Remainder of page intentionally left blank*]

Dated: November 14, 2025         **SAUL EWING LLP**

By: */s/ Turner N. Falk*
     Stephen B. Ravin, Esquire
     Turner N. Falk, Esquire
     One Riverfront Plaza
     1037 Raymond Blvd., Suite 1520
     Newark, NJ 07102-5426
     Telephone: (973) 286-6714
     E-mail: stephen.ravin@saul.com
                turner.falk@saul.com

*Proposed Counsel for Debtors and Debtors in Possession*