| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)* <br> **SAUL EWING LLP** <br> Stephen B. Ravin, Esquire <br> Turner N. Falk, Esquire <br> One Riverfront Plaza <br> 1037 Raymond Blvd., Suite 1520 <br> Newark, NJ 07102-5426 <br> Telephone: (973) 286-6714 <br> E-mail:  stephen.ravin@saul.com <br>            turner.falk@saul.com <br><br> *Proposed Counsel to the Debtors and Debtors in Possession* | |
| In re: <br><br> PORT ELIZABETH TERMINAL & WAREHOUSE CORP., <br><br>                 Debtor. <br> Tax I.D. No. 22-2056485 | Chapter 11 <br><br> Case No. 25-22123 (JKS) <br><br> (Joint Administration Requested) |
| In re: <br><br> P. JUDGE & SONS, INC., <br><br>                 Debtor. <br> Tax I.D. No. 11-1953713 | Chapter 11 <br><br> Case No. 25-22127 (JKS) <br><br> (Joint Administration Requested) |
| In re: <br><br> AMEX SHIPPING AGENT, INC., <br><br>                 Debtor. <br> Tax I.D. No. 22-2014699 | Chapter 11 <br><br> Case No. 25-22129 (JKS) <br><br> (Joint Administration Requested) |
| In re: <br><br> THE JUDGE ORGANIZATION, LLC, <br><br>                 Debtor. <br> Tax I.D. No. 45-4018267 | Chapter 11 <br><br> Case No. 25-22130 (JKS) <br><br> (Joint Administration Requested) |
| In re: <br><br> P. JUDGE & SONS TRUCKING, LLC, <br><br>                 Debtor. | Chapter 11 <br><br> Case No. 25-22131 (JKS) |

56709864.2

| | |
|---|---|
| Tax I.D. No. 30-0709853<br>In re:<br><br>JUDGE WAREHOUSING, LLC,<br><br>　　　　　　　　　　Debtor.<br>Tax I.D. No. 37-1656690 | (Joint Administration Requested)<br><br>Chapter 11<br><br>Case No. 25-22132 (JKS)<br><br>(Joint Administration Requested) |

**DECLARATION OF PATRICK WYNNE
IN SUPPORT OF FIRST DAY MOTIONS FOR RELIEF**

I, Patrick Wynne, hereby declare as follows:

1.　　I am the President of debtors and debtors in possession Port Elizbeth Terminal & Warehouse Corp., Amex Shipping Agent, Inc., and P. Judge & Sons, Inc. and Member of debtors and debtors in possession Judge Organization, LLC, P. Judge & Sons Trucking, LLC, and Judge Warehousing, LLC (collectively, the "Debtors"). I am generally familiar with the Debtors' day-to-day operations, business and financial affairs, and books and records.

2.　　On the date hereof, (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in this Court. The Debtors continue to operate their businesses and manage their affairs in the ordinary course of business as debtors in possession. The Debtors have filed several motions identified herein requesting "first day" relief. I submit this declaration in support of such first day relief, as well as to provide background on the Debtors' business and these chapter 11 cases.

3.　　Except as otherwise indicated, the statements set forth in this declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents, information supplied to me from other members of the Debtors' management or the Debtors' advisors, or my opinion based on my knowledge, experience and information concerning the Debtors' operations and financial condition. I am authorized to submit

2

this declaration on behalf of the Debtors. If called to testify, I could and would testify competently to the matters set forth in this declaration.

**I.  OVERVIEW OF THE DEBTORS' BUSINESS AND FINANCIAL AFFAIRS**

**A.  The Debtors' Business**

4. The Debtors are a multifaceted third-party logistics services organization that was established in 1924. Debtors Amex Shipping Agent, Inc., P. Judge & Sons, Inc. and Port Elizabeth Terminal & Warehouse Corp. are based in 13 Manor Road, East Rutherford, NJ 07073. The Judge Organization, LLC Debtor entity is based in 400 Expansion Boulevard, Port Wentworth, GA 31407. Debtors P. Judge & Sons Trucking, LLC and Judge Warehousing, LLC are subsidiaries of and share the same address as the Judge Organization, LLC.

5. Collectively, the Debtors provide transportation, logistic, and warehouse related services. More specifically, the Debtors offer rail boxcar services, container handling services, warehousing services, multiple shipping options (e.g., rail, truck, air, and international shipping), specialized material handling services, cross docking, handling, and packing services, beverage specialists and alcoholic beverages expertise services, and product care and protection services.

**B.  The Debtors' Ownership and Corporate Structure**

6. The ownership breakdown of the Debtors is as follows:

| Debtor Entity | Ownership Breakdown |
|---|---|
| **Port Elizabeth Terminal & Warehouse Corp.** | <ul><li>Patrick Wynne: 35% ownership</li><li>The Estate of Patrick Judge III: 35% ownership</li><li>Michael Wynne Sr.: 15% ownership</li><li>Barbara Judge: 15% ownership</li></ul> |
| **P. Judge & Sons, Inc.** | <ul><li>Patrick Wynne: 35% ownership</li><li>The Estate of Patrick Judge III: 35% ownership</li><li>Michael Wynne Sr.: 15% ownership</li></ul> |

| | |
|---|---|
| | • Barbara Judge: 15% ownership |
| **Amex Shipping Agent, Inc.** | • Patrick Wynne: 35% ownership<br>• The Estate of Patrick Judge III: 35% ownership<br>• Michael Wynne Sr.: 15% ownership<br>• Barbara Judge: 15% ownership |
| **The Judge Organization, LLC** | • Patrick Wynne: 35% ownership<br>• The Estate of Patrick Judge III: 35% ownership<br>• Michael Wynne Sr.: 15% ownership<br>• Barbara Judge: 15% ownership |
| **P. Judge & Sons Trucking, LLC** | • The Judge Organization, LLC 100% ownership |
| **Judge Warehousing, LLC** | • The Judge Organization, LLC 100% ownership |

7. Debtors P. Judge & Sons Trucking, LLC and Judge Warehousing, LLC are subsidiaries of the Judge Organization, LLC. As indicated by the preceding table, the Judge Organization, LLC owns 100% of each of these subsidiaries.

C. **The Debtors' Debt Obligations**

8. The Debtors currently have an aggregate and approximate $10,457,939.32 in unsecured debt obligations. The Debtors owe their current landlords approximately $2,337,416 in delinquent debt, their major vendors and critical vendors approximately $1,210,332.28 in delinquent debt, and their payroll and benefits vendors approximately $445,967. As to former landlords and former vendors, the Debtors have approximately $6,195,111.40 in debt. Finally, the Debtors have $269,112 in miscellaneous debts owed.

9. The Debtors also have secured debt of $2,705,368 in factoring/merchant cash advance, secured loan and equipment lease debt.

10. The Debtors have a total, secured and unsecured, debt of $13,163,306.68.

II. **EVENTS LEADING TO FILING THE CHAPTER 11 CASES**

4

11. The filing of the Debtors' bankruptcy cases can be attributed to a few factors. Due to a substantial increase of demand of warehouse space, lease prices for warehouse space significantly escalated and heavily drained the Debtors' businesses. Significant increases in real estate taxes took a toll on the Debtors' businesses as well. For example, the City of Elizabeth re-taxed buildings in the city. Consequently, the Debtors' rent increased by $960,000 because of the increased real estate taxes assessed on the landlord. Substantial increases in health insurance costs for both the Debtors' company plans and the union plan have proved overly burdensome on the Debtors. Finally, one of the Debtors' landlords has obtained a judgment against the Debtors permitting that landlord to lock the Debtors out of their warehouse in East Rutherford, New Jersey. Due to the Debtors' mounting debts owed to its landlords, this threat is imminent and could substantially impair the Debtors' going forward businesses.

### III.    THE DEBTORS COMMENCE THESE CHAPTER 11 CASES TO PURSUE A RESTRUCTURING

12. After considering alternatives, the Debtors have determined that they must file the instant chapter 11 cases to attempt to save and restructure their businesses.

13. For these reasons described herein, the Debtors initiated these chapter 11 bankruptcy cases.

14. The Debtors believe that they are sufficiently profitable from operations to remain current on their ordinary course obligations.

15. The Debtors have filed these chapter 11 cases with the goal of debt restructuring and reorganizing.

### IV.    FIRST DAY MOTIONS

16. Concurrently with the filing of their chapter 11 petitions, the Debtors have filed, for "first day relief," a motion to jointly administer these chapter 11 cases, a motion to consolidate

56709864.2

the Debtors' creditor matrix and top twenty creditors list, a motion requesting authority to pay certain wages and benefits, a motion to extend the time within which the Debtors must file their schedules of assets and liabilities and statements of financial affairs, a motion for authority to maintain, renew, and continue insurance policies and programs and honor all insurance obligations, a motion authorizing the Debtors to continue using existing bank accounts and business forms, a motion seeking authority to pay critical vendors prepetition obligations owed, a motion to prohibit the Debtors' utility providers from altering, refusing, or discontinuing services on account of prepetition claims and establishing procedures for determining requests for additional adequate assurance, a motion seeking authorization to pay certain prepetition taxes and fees, and a motion seeking authority to obtain postpetition financing and using cash collateral (collectively, the "First Day Motions").  The Debtors request that the Court grant the First Day Motions as critical elements in ensuring a smooth transition into, and stabilizing and facilitating the Debtors' operations during the pendency of these chapter 11 cases.  I have reviewed each of the First Day Motions and swear by and incorporate herein all of the facts set forth in each First Day Motion and attest that the facts set forth in each First Day Motions are true and correct to the best of my knowledge, information and belief with appropriate reliance on the Debtors' personnel and advisors.

[*Remainder of page left intentionally blank*]

56709864.2

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: November 14, 2025                                Respectfully submitted,

                                                                     */s/ Patrick Wynne*
                                                                     Patrick Wynne
                                                                     President and Member

56709864.2