**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004-1(b)*
**SAUL EWING LLP**
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail:   stephen.ravin@saul.com
              turner.falk@saul.com

*Proposed Counsel to the Debtors and Debtors in
Possession*

Order Filed on November 19, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP.,<br><br>                          Debtor.<br>Tax I.D. No. 22-2056485 | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>P. JUDGE & SONS, INC.,<br><br>                          Debtor.<br>Tax I.D. No. 11-1953713 | Chapter 11<br><br>Case No. 25-22127 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>AMEX SHIPPING AGENT, INC.,<br><br>                          Debtor.<br>Tax I.D. No. 22-2014699 | Chapter 11<br><br>Case No. 25-22129 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>THE JUDGE ORGANIZATION, LLC,<br><br>                          Debtor.<br>Tax I.D. No. 45-4018267 | Chapter 11<br><br>Case No. 25-22130 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>P. JUDGE & SONS TRUCKING, LLC,<br><br>                          Debtor. | Chapter 11<br><br>Case No. 25-22131 (JKS) |

| | |
|---|---|
| Tax I.D. No. 30-0709853 | (Joint Administration Requested) |
| In re: | |
| | Chapter 11 |
| JUDGE WAREHOUSING, LLC, | |
| | Case No. 25-22132 (JKS) |
| Debtor. | |
| Tax I.D. No. 37-1656690 | (Joint Administration Requested) |

**ORDER (I) AUTHORIZING THE DEBTORS TO PAY**
**PREPETITION OBLIGATIONS OWED TO CRITICAL VENDORS, AND**
**(II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through six (6), is hereby

**ORDERED**.

DATED: November 19, 2025

Honorable John K. Sherwood
United States Bankruptcy Court

Page:       3
Debtors:    Port Elizabeth Terminal & Warehouse Corp., *et al*.
Case No.:   25-22123 (JKS)
Caption:    ORDER (I) AUTHORIZING THE DEBTOR TO PAY PREPETITION
            OBLIGATIONS OWED TO CRITICAL VENDORS; (II) GRANTING
            RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"),  (i) authorizing, but not directing, the Debtors to pay certain prepetition obligations owed to Critical Vendors, and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and the evidence in support thereof and having heard the statements in support of the relief requested in the Motion at a hearing before this Court ("Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

2.      The Debtors are authorized, but not directed, in their sole discretion to make payments toward prepetition Critical Vendor Claims as described in the Motion.

---

[2]    Capitalized terms used but not defined herein are defined in the Motion.

Page:          4
Debtors:       Port Elizabeth Terminal & Warehouse Corp., *et al*.
Case No.:      25-22123 (JKS)
Caption:       ORDER (I) AUTHORIZING THE DEBTOR TO PAY PREPETITION
               OBLIGATIONS OWED TO CRITICAL VENDORS; (II) GRANTING
               RELATED RELIEF

3.     The Debtors are further authorized, but not directed, to undertake appropriate efforts to enter into Trade Agreements with the Critical Vendors if the Debtors determine, in their discretion, that such an agreement is necessary to their postpetition operations.  Notwithstanding the foregoing, the Debtors may, in their sole discretion, reinstate a Trade Agreement if the underlying default under the Trade Agreement is fully cured by the Critical Vendor not later than five (5) business days following the Debtors' notification to the Critical Vendor of such default; or the Debtors, in their discretion, reach a favorable alternative agreement with the Critical Vendor.

4.     For the avoidance of doubt and notwithstanding the foregoing, the Debtors may, in their sole discretion, negotiate and agree on Customary Trade Terms with Critical Vendors absent a Trade Agreement, and as such, a Critical Vendor who enters into an agreement with the Debtors absent a Trade Agreement shall be treated as a Critical Vendor under this Order.

5.     The Debtors' banks are hereby authorized, when requested by the Debtors' in the Debtors' sole discretion, to receive, process, honor and pay all prepetition and postpetition checks and fund transfers on account of the Critical Vendor Claims that had not been honored and paid as of the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments and the payments are in compliance with any orders approving the Debtors' use of cash collateral and/or any postpetition financing facilities.  The Debtors shall be and hereby are authorized to issue new postpetition checks or effect new postpetition fund transfers on account of the Critical Vendor Claims to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

Page:        5
Debtors:     Port Elizabeth Terminal & Warehouse Corp., *et al.*
Case No.:    25-22123 (JKS)
Caption:     ORDER (I) AUTHORIZING THE DEBTOR TO PAY PREPETITION
             OBLIGATIONS OWED TO CRITICAL VENDORS; (II) GRANTING
             RELATED RELIEF

6.    Nothing herein shall be construed to limit, or in any way affect, the Debtors' ability to dispute any Critical Vendor Claim.

7.    The authorization granted hereby to pay Critical Vendor Claims shall not create any obligation on the part of the Debtors or their officers, directors, attorneys or agents to pay the Critical Vendor Claims, none of the foregoing persons shall have any liability on account of any decision by the Debtors not to pay a Critical Vendor Claim, and nothing contained in this Interim Order shall be deemed to increase, reclassify, elevate to an administrative expense status or otherwise affect the Critical Vendor Claims to the extent they are not paid

8.    Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

9.    Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

10.   The Debtors are authorized to take all steps necessary or appropriate to carry out the terms of this Order.

11.   This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

12.   If a party accepts payment under this Order and does not continue supplying goods or services to the Debtors in accordance with trade terms at least as favorable to the Debtors as the prepetition terms, then (a) any payment on account of a prepetition claim received by such party

Page:        6
Debtors:     Port Elizabeth Terminal & Warehouse Corp., *et al*.
Case No.:    25-22123 (JKS)
Caption:     ORDER (I) AUTHORIZING THE DEBTOR TO PAY PREPETITION
             OBLIGATIONS OWED TO CRITICAL VENDORS; (II) GRANTING
             RELATED RELIEF

shall be deemed, in the Debtors' sole discretion, an improper postpetition transfer and recoverable by the Debtors in cash upon written request by the Debtors; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such supplier or vendor will be required to immediately repay the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of claims, or otherwise.

13.    Nothing in this Order authorizes the Debtors to accelerate any payments not otherwise due.