| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:  stephen.ravin@saul.com<br>         turner.falk@saul.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

| | |
|---|---|
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*,<br><br>                    Debtors.[1] | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Jointly Administered) |

### MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned proposed counsel, hereby move (the "Motion"), for an administrative order establishing procedures for the allowance and payment of interim compensation and reimbursement of expenses of professionals, and respectfully represent the following:

### JURISDICTION

1. The United States Bankruptcy Court for the District of New Jersey has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order*

---

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690). The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

*of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for relief requested herein are sections 105(a), 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## BACKGROUND

4. On November 14, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court").

5. A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases (the "Chapter 11 Cases"), the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Patrick Wynne in Support of First Day Motions for Relief* [Docket No. 19].

6. Collectively, the Debtors provide transportation, logistic, and warehouse related services. More specifically, the Debtors offer rail boxcar services, container handling services, warehousing services, multiple shipping options (e.g., rail, truck, air, and international shipping), specialized material handling services, cross docking, handling, and

packing services, beverage specialists and alcoholic beverages expertise services, and product care and protection services.

## SUMMARY OF RELIEF REQUESTED

7. The Debtors are seeking authorization to retain and employ various professionals in the Chapter 11 Cases, including Saul Ewing LLP as Debtors' counsel. The Debtors may also retain other professionals during the course of these Chapter 11 Cases as needed. Moreover, any official committee appointed in these cases will retain counsel and other professionals (collectively with the Debtors' retained professionals, the "Professionals").

8. The Debtors respectfully request that the Court establish procedures for compensating and reimbursing the Professionals on a monthly basis as set forth below in accordance with the procedures established in other chapter 11 cases in this district.

9. The Debtors propose that the payment of compensation and reimbursement of expenses of the Professionals be governed by the procedures set forth in this Motion (the "Compensation Procedures").

## COMPENSATION PROCEDURES REQUESTED

10. The Compensation Procedures are comparable to those established in other chapter 11 cases in this district. *See, e.g.*, Admin. Fee Order Establishing Procedures for the Allowance and Payment of Interim Comp. & Reimbursement of Expenses of Prof'ls Retained by Order of this Court, *In re WeWork, Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. Dec. 6, 2023), ECF No. 340; Admin. Order Establishing Procedures for Interim Comp. & Reimbursement of Expenses of Prof'ls Pursuant to 11 U.S.C. §§ 105(a) and 331, *In re Furniture King, Inc.*, No. 06-17282 (MS) (Bankr. D.N.J. Oct. 30, 2006), ECF No. 134; Order Pursuant to §§ 105 and 331 of the Bankr. Code Establishing Procedures for Interim Comp. and Reimbursement of Expenses for Prof'ls and Comm. Membs., *In re Able Laboratories,*

3

*Inc.*, No. 05-33129 (RTL) (Bankr. D.N.J. July 21, 2005), ECF No. 33. In these cases, the courts determined that such procedures were appropriate to avoid having professionals fund the reorganization proceeding and to permit the court, the Office of the United States Trustee for the District of New Jersey (the "United States Trustee") and all other parties to effectively monitor the fees and expenses incurred in chapter 11 cases.

11. The requested procedures would require the presentation of a monthly fee application, pursuant to section 331 of the Bankruptcy Code, to the parties described below for interim approval and allowance of compensation for professional services rendered and reimbursement of expenses incurred by each such Professional during the immediately preceding month.

12. The proposed Compensation Procedures are as follows:

A. Submission and Monthly Statements. On or before the twenty-fifth (25) day of each month following the month for which compensation is sought, each Professional seeking compensation pursuant to an order entered in compliance with these Compensation Procedures (an "Administrative Fee Order") shall file with the Court and serve a monthly fee and expense statement (the "Monthly Fee Statement"), by hand, overnight delivery, first class mail or by any means directed by the Court upon the following persons (the "Notice Parties"):
   i. the Debtors;
   ii. counsel to the Debtors;
   iii. First Business Specialty Finance, LLC;
   iv. any official committee, and its counsel;
   v. the Office of the United States Trustee;
   vi. any fee examiner, and their counsel; and
   vii. parties requesting notice.

B. Content of the Monthly Statement. Each Monthly Fee Statement shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of New Jersey. All timekeepers must maintain contemporaneously time entries for each individual in increments of tenths (1/10th) of an hour.

C. Review Period. Each person receiving a Monthly Fee Statement shall have twenty (20) days after service of the Monthly Fee Statement to review it (the "Objection Deadline").

D. Payment. Upon the expiration of the Objection Deadline, each Professional may file and serve upon the Notice Parties a certificate of no

objection or a certificate of partial objection, as applicable, after which the Debtor is authorized to pay each Professional an amount (the "<u>Actual Interim Payment</u>") equal to eighty percent (80%) of the fees and 100 percent (100%) of the expenses in the Monthly Fee Statement not subject to any objection.

E. <u>Objections</u>.

  i. If any party objects to a Monthly Fee Statement, it must file a written objection (the "<u>Notice of Objection to Monthly Fee Statement</u>") and serve it upon the Professional and each of the Notice Parties so that the Notice of Objection to Monthly Fee Statement is received on or before the Objection Deadline.

  ii. The Notice of Objection to Monthly Fee Statement must set forth the nature of the objection and the amount of fees and/or expenses at issue.

  iii. If the Debtors receive an objection to a particular Monthly Fee Statement, the Debtors shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in percentages set forth in Section D herein.

  iv. If the parties to an objection are able to resolve their respective dispute(s) following the service of a Notice of Objection to Monthly Fee Statement and if the party whose Monthly Fee Statement was objected to serves upon all the Notice Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, the Debtors shall promptly pay in accordance with Section D herein that portion of the Monthly Fee Statement that is no longer subject to an objection.

  v. If the parties are unable to reach a resolution of the objection within twenty (20) days after service of the objection, the affected Professional may either (a) file a response to the objection with the Court together with a request for payment of the difference, if any, between the Actual Interim Payment and the non-objected to portion of the Actual Interim Payment made to the affected Professional (the "<u>Incremental Amount</u>"); or (b) forgo payment of the Incremental Amount until the next interim or final fee application or any other date and time so directed by the Court at which time it will consider and dispose of the objection, if so requested.

  vi. The service of an objection to a Monthly Fee Statement shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in the objection or not.

5

  vii. The decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code and applicable rules.

 F. <u>Fee Applications</u>
  i. Parties may file at three (3) month intervals or such other intervals directed by the Court ("<u>Interim Period</u>") an interim fee application. Each Professional seeking approval of its interim fee application shall file with the Court and serve upon the Notice Parties an interim application for allowance of compensation and reimbursement of expenses, pursuant to Bankruptcy Code section 331, of the amounts sought in the Monthly Fee Statements issued during such period (the "<u>Interim Fee Application</u>").

  ii. The Interim Fee Application must include a summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court and shall comply with the mandates of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and applicable Third Circuit law. Each Professional that is an attorney shall provide their billing records (detailed time entries and expenses) for the time period covered by each Interim Fee Application and final fee application in LEDES format or other open and searchable electronic data format to the U.S. Trustee, any fee examiner or fee auditor in the chapter 11 cases, and upon request, to this Court

  iii. An Interim Fee Application must be filed and served within forty-five (45) days of the conclusion of the Interim Period. Any Professional who fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Administrative Fee Order until such time as the Interim Fee Application is submitted.

  iv. Notice of the Interim Fee Application shall be served on the Notice Parties. The Notice Parties shall be entitled to receive both the Monthly Fee Statements and Interim Fee Applications as indicated above and the notice of hearing thereon (the "<u>Hearing Notice</u>") and all other parties entitled to notice shall be entitled to receive only the Hearing Notice. Notice given in accordance with this paragraph is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court.

  v. The pendency of a fee application or a Court order that payment of compensation or reimbursement of expenses was

    improper as to a particular Monthly Fee Statement shall not disqualify a Professional from the further payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court. Additionally, the pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

  vi. Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

  vii. Each Professional may seek, in its first request for compensation and reimbursement of expenses pursuant to these guidelines, compensation for work performed and reimbursement for expenses incurred during the period of time between the commencement of the case through and including a specific date.

G. <u>Administrative Issues</u>
  i. Any party may object to requests for payments made pursuant to the Administrative Fee Order on the grounds that the Debtors have not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists by seeking a further order of this Court.

  ii. Otherwise, the Administrative Fee Order shall continue and shall remain in effect during the pendency of the case.

  iii. The Debtors shall include all payments to Professionals on their monthly operating reports, detailed so as to state the amount paid to the Professionals.

  iv. All time periods set forth in this Order shall be calculated in accordance with Federal Rule of Bankruptcy Procedure 9006(a).

  v. All fees and expenses paid to Professionals are subject to disgorgement until final allowance by the Court.

H. <u>Service of the Administrative Fee Order</u>. The Debtors must serve a copy of the Administrative Fee Order upon all parties served with the underlying Motion seeking an Administrative Fee Order; all affected Professionals, all Notice Parties and any other party the Court shall designate.

7

13. The Compensation Procedures will enable all parties to monitor closely the costs of administration and implement efficient cash management procedures.

14. Additionally, the requested relief is justified because it allows Professionals to have professional fees paid substantially in a similar time fashion as on-going operational expenses, which are both entitled to administrative status as administrative claims under sections 507(a)(2) and 503(b) of the Bankruptcy Code.

## WAIVER OF MEMORANDUM OF LAW

15. The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

**WHEREFORE**, the Debtors respectfully request the entry of an order establishing procedures for allowance and payment of interim compensation and reimbursement of expenses of professionals as set forth therein, and granting such other further relief as is just and proper.

Dated: December 1, 2025                              **SAUL EWING LLP**

                                                     By: */s/ Turner N. Falk*
                                                         Stephen B. Ravin, Esquire
                                                         Turner N. Falk, Esquire
                                                         One Riverfront Plaza
                                                         1037 Raymond Blvd., Suite 1520
                                                         Newark, NJ 07102-5426
                                                         Telephone: (973) 286-6714
                                                         E-mail:  stephen.ravin@saul.com
                                                                  turner.falk@saul.com

                                                         *Proposed Counsel for Debtors*
                                                         *and Debtors in Possession*