| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:   stephen.ravin@saul.com<br>              turner.falk@saul.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

| | |
|---|---|
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*,<br><br>                    Debtors.[1] | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Jointly Administered) |

### ADMINISTRATIVE ORDER GRANTING DEBTORS'
### MOTION TO ESTABLISH PROCEDURES FOR ALLOWANCE
### AND PAYMENT OF INTERIM COMPENSATION
### AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

The relief set forth on the following pages, numbered two (2) to seven (7), is hereby **ORDERED**.

---

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690). The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

Page 2
Debtors:   Port Elizabeth Terminal & Warehouse Corp., *et al.*
Case No.   25-22123 (JKS)
Caption:   ADMINISTRATIVE ORDER GRANTING DEBTORS' MOTION TO ESTABLISH PROCEDURES FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

AND NOW, upon consideration of the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors") for the entry of an administrative order pursuant to sections 105(a) and 331 of the Bankruptcy Code establishing procedures for interim compensation and reimbursement of expenses of professionals; and the Court having considered the Motion, and opposition to the Motion, if any; and the Court having further considered the arguments of counsel at the hearing on the Motion, if any; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (c) notice of the Motion having been served on those parties required to receive notice, and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor; it is hereby ORDERED as set forth herein.

1. Except as may otherwise be provided in an order of this Court authorizing the retention of specific professionals, all professionals (the "Professionals") retained in this case pursuant to section 327 of the Bankruptcy Code may seek interim compensation in accordance with the following procedures:

> A. <u>Submission and Monthly Statements</u>. On or before the twenty-fifth (25) day of each month following the month for which compensation is sought, each Professional seeking compensation pursuant to an order entered in compliance with these Compensation Procedures (an "Administrative Fee Order") shall file with the Court and serve a monthly fee and expense statement (the "Monthly Fee Statement"), by hand, overnight delivery, first class mail or by any means directed by the Court upon the following persons (the "Notice Parties"):

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

Page 3
Debtors: Port Elizabeth Terminal & Warehouse Corp., *et al.*
Case No. 25-22123 (JKS)
Caption: ADMINISTRATIVE ORDER GRANTING DEBTORS' MOTION TO ESTABLISH PROCEDURES FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

   i. the Debtors;
   ii. counsel to the Debtors;
   iii. First Business Specialty Finance, LLC;
   iv. any official committee, and its counsel;
   v. the Office of the United States Trustee;
   vi. any fee examiner, and their counsel; and
   vii. parties requesting notice.

B. <u>Content of the Monthly Statement</u>.  Each Monthly Fee Statement shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of New Jersey.  All timekeepers must maintain contemporaneously time entries for each individual in increments of tenths (1/10th) of an hour.

C. <u>Review Period</u>.  Each person receiving a Monthly Fee Statement shall have twenty (20) days after service of the Monthly Fee Statement to review it (the "<u>Objection Deadline</u>").

D. <u>Payment</u>.  Upon the expiration of the Objection Deadline, each Professional may file and serve upon the Notice Parties a certificate of no objection or a certificate of partial objection, as applicable, after which the Debtors are authorized to pay each Professional an amount (the "<u>Actual Interim Payment</u>") equal to eighty percent (80%) of the fees and 100 percent (100%) of the expenses in the Monthly Fee Statement not subject to any objection.

E. <u>Objections</u>.
   i. If any party objects to a Monthly Fee Statement, it must file a written objection (the "<u>Notice of Objection to Monthly Fee Statement</u>") and serve it upon the Professional and each of the Notice Parties so that the Notice of Objection to Monthly Fee Statement is received on or before the Objection Deadline.

   ii. The Notice of Objection to Monthly Fee Statement must set forth the nature of the objection and the amount of fees and/or expenses at issue.

   iii. If the Debtors receive an objection to a particular Monthly Fee Statement, the Debtors shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in percentages set forth in Section D herein.

Page 4
Debtors: Port Elizabeth Terminal & Warehouse Corp., *et al.*
Case No. 25-22123 (JKS)
Caption: ADMINISTRATIVE ORDER GRANTING DEBTORS' MOTION TO ESTABLISH PROCEDURES FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

  iv. If the parties to an objection are able to resolve their respective dispute(s) following the service of a Notice of Objection to Monthly Fee Statement and if the party whose Monthly Fee Statement was objected to serves upon all the Notice Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, the Debtors shall promptly pay in accordance with Section D herein that portion of the Monthly Fee Statement that is no longer subject to an objection.

  v. If the parties are unable to reach a resolution of the objection within twenty (20) days after service of the objection, the affected Professional may either (a) file a response to the objection with the Court together with a request for payment of the difference, if any, between the Actual Interim Payment and the non-objected to portion of the Actual Interim Payment made to the affected Professional (the "Incremental Amount"); or (b) forgo payment of the Incremental Amount until the next interim or final fee application or any other date and time so directed by the Court at which time it will consider and dispose of the objection, if so requested.

  vi. The service of an objection to a Monthly Fee Statement shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in the objection or not.

  vii. The decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code and applicable rules.

 F. Fee Applications
  i. Parties may file at three (3) month intervals or such other intervals directed by the Court ("Interim Period") an interim fee application. Each Professional seeking approval of its interim fee application shall file with the Court and serve upon the Notice Parties an interim application for allowance of compensation and reimbursement of expenses, pursuant to Bankruptcy Code section 331, of the amounts sought in the

Page 5
Debtors:   Port Elizabeth Terminal & Warehouse Corp., *et al.*
Case No.   25-22123 (JKS)
Caption:   ADMINISTRATIVE ORDER GRANTING DEBTORS' MOTION TO ESTABLISH PROCEDURES FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

        Monthly Fee Statements issued during such period (the "<u>Interim Fee Application</u>").

  ii.  The Interim Fee Application must include a summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court and shall comply with the mandates of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and applicable Third Circuit law.  Each Professional that is an attorney shall provide their billing records (detailed time entries and expenses) for the time period covered by each Interim Fee Application and final fee application in LEDES format or other open and searchable electronic data format to the U.S. Trustee, any fee examiner or fee auditor in the chapter 11 cases, and upon request, to this Court.

  iii.  An Interim Fee Application must be filed and served within forty-five (45) days of the conclusion of the Interim Period. Any Professional who fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Administrative Fee Order until such time as the Interim Fee Application is submitted.

  iv.  Notice of the Interim Fee Application shall be served on the Notice Parties.  The Notice Parties shall be entitled to receive both the Monthly Fee Statements and Interim Fee Applications as indicated above and the notice of hearing thereon (the "<u>Hearing Notice</u>") and all other parties entitled to notice shall be entitled to receive only the Hearing Notice.  Notice given in accordance with this paragraph is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court.

  v.  The pendency of a fee application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Professional from the further payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.  Additionally, the pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional

5

Page 6
Debtors: Port Elizabeth Terminal & Warehouse Corp., *et al.*
Case No. 25-22123 (JKS)
Caption: ADMINISTRATIVE ORDER GRANTING DEBTORS' MOTION TO ESTABLISH PROCEDURES FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

        from future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

    vi.    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

    vii.    Each Professional may seek, in its first request for compensation and reimbursement of expenses pursuant to these guidelines, compensation for work performed and reimbursement for expenses incurred during the period of time between the commencement of the case through and including a specific date.

G.    <u>Administrative Issues</u>

    i.    Any party may object to requests for payments made pursuant to the Administrative Fee Order on the grounds that the Debtors have not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists by seeking a further order of this Court.

    ii.    Otherwise, the Administrative Fee Order shall continue and shall remain in effect during the pendency of the case.

    iii.    The Debtors shall include all payments to Professionals on their monthly operating reports, detailed so as to state the amount paid to the Professionals.

    iv.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

    v.    All fees and expenses paid to Professionals are subject to disgorgement until final allowance by the Court.

H.    <u>Service of the Administrative Fee Order</u>. The Debtors must serve a copy of the Administrative Fee Order upon all parties served with the underlying Motion seeking an Administrative Fee Order; all affected Professionals; all Notice Parties and any other party the Court shall designate.

56801690.6 12/01/2025

Page 7
Debtors:    Port Elizabeth Terminal & Warehouse Corp., *et al.*
Case No.    25-22123 (JKS)
Caption:    ADMINISTRATIVE ORDER GRANTING DEBTORS' MOTION TO ESTABLISH PROCEDURES FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

2. Notwithstanding anything to the contrary, all Monthly Fee Statements and Interim Fee Applications shall comply with the requirements set forth in D.N.J. LBR 2016-1 to -3.

3. Professionals shall not seek reimbursement of any fees or costs arising from the defense of their fee applications in the above-captioned cases.

4. Notwithstanding anything to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. The Debtors and their agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

56801690.6 12/01/2025