|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)* <br> SAUL EWING LLP <br> Stephen B. Ravin, Esquire <br> Turner N. Falk, Esquire <br> One Riverfront Plaza <br> 1037 Raymond Blvd., Suite 1520 <br> Newark, NJ 07102-5426 <br> Telephone: (973) 286-6714 <br> E-mail:  stephen.ravin@saul.com <br>            turner.falk@saul.com <br><br> *Counsel to the Debtors and Debtors in Possession* | Order Filed on December 19, 2025 <br> by Clerk <br> U.S. Bankruptcy Court <br> District of New Jersey |
| In re: <br><br> PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 25-22123 (JKS) <br><br> (Jointly Administered) |

**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105, 366 PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES ON ACCOUNT OF PREPETITION CLAIMS AND ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**

The relief set forth on the following pages, numbered three (3) through five (5) is hereby

**ORDERED.**

**DATED: December 19, 2025**

/s/ John K. Sherwood

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690). The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

AND NOW, upon consideration of the Debtors' Motion (the "Motion")[1] pursuant to sections 105(a), 366 of the Bankruptcy Code, (a) prohibiting the Debtors' utility service providers, including, but not limited to the Utility Companies listed on Exhibit "B"[2] attached to the Motion, from altering, refusing, or discontinuing services on account of outstanding prepetition claims, and (b) establishing procedures for determining requests for additional adequate assurances of payment for future utility services, and any responses to the Motion, and after notice and hearing, it is hereby ORDERED and DECREED as follows:

1. The Motion is GRANTED on a final basis to the extent set forth herein.

2. The Debtors are authorized to pay on a timely basis, in accordance with their pre-petition practices, all undisputed invoices with respect to post-petition Utility Services rendered by the Utility Companies.

3. Absent any further order of this Court, no Utility Company shall (a) alter, refuse, or discontinue service to, or discriminate against the Debtors, solely on the basis of the commencement of this case or on account of any unpaid amount for utility service provided prior to the Petition Date, or (b) discontinue service on account of any unpaid prepetition charges or require additional adequate assurance of payment other than the Debtors' ability to pay for future utility services in the ordinary course.

4. The Debtors may, in the exercise of their business judgment, make additional deposits with Utility Companies, pay prepetition claims of Utility Companies, or by agreement with the Utility Company, apply any prepetition deposits, bonds, letters of credit or other

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

[2] Nothing contained in Exhibit "B" shall constitute an admission by the Debtors that an entity contained in such nonexclusive list is a utility entitled to the protections afforded by section 366 of the Bankruptcy Code or any other provision of the Bankruptcy Code.

Page 2
Debtors: Port Elizabeth Terminal & Warehouse, Corp., *et al.*
Case No. 25-22123 (JKS)
Caption: FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105, 366 PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES ON ACCOUNT OF PREPETITION CLAIMS AND ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE

assurances of payment to any amount due or that may become due in order to provide assurance of payment.

5. Unless otherwise agreed by the Debtors and Utility Company, any deposits, bonds, letters of credit or other assurances of payment that were in place prior to the Petition Date shall remain in place and shall continue to be held by each Utility Company holding the same, except upon the entry of further order of this Court.

6. This Order is without prejudice to the rights of any Utility Company to request from the Debtors additional assurance in the form of deposits or other security, provided however, that any such request must (a) be made in writing and (b) include a summary of the Debtors' monthly usage and payment history relevant to the affected account.

7. Any Utility Company having made a request for additional adequate assurance of payment shall be deemed to have adequate assurance of payment until the Court enters a final order in connection with such a request finding that the Utility Company is not adequately assured of future payment.

8. The Debtors shall serve a copy of the Motion (if not already served) and this Order and any other orders entered with respect to the Motion (the "Notice Package") upon each of the Utility Companies listed on Exhibit B attached to the Motion (the "Utility Service list") at the addresses listed thereon, by first-class mail, postage prepaid, no later than five (5) business days after the entry of this Order.

9. Any utility company that is not currently listed on Exhibit B to the Motion, but subsequently identified by the Debtors, shall be served with the Motion and any orders entered

56944938.2

Page 3
Debtors:     Port Elizabeth Terminal & Warehouse, Corp., *et al.*
Case No.    25-22123 (JKS)
Caption:    FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105, 366 PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES ON ACCOUNT OF PREPETITION CLAIMS AND ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE

with respect thereto and shall be afforded thirty (30) days from the date of service of the Notice Package to such utility company to make a request for adequate assurance. Substantially contemporaneously with such service, the Debtors shall file with the Court a supplement to Exhibit B adding the name of the utility company or companies so served and not listed on the Exhibit B attached to the Motion and this Order shall be deemed to apply to such utility company or companies from the date of such service, subject to a later order of this Court on a motion for determination of adequate assurance, if any.

10.    Any party in interest making a request for adequate assurance shall submit any such request in writing and file same with this Court and serve such request so as to be received no later than thirty (30) days after service of the Notice Package on that party. Service shall be made on the following parties: (A) Office of the United States Trustee for the District of New Jersey, Attn: Fran Steele (Fran.B.Steele@usdoj.gov) and David Gerardi (David.Gerardi@usdoj.gov), One Newark Center, Suite 2100, Newark, NJ 07102, (B) Debtors' proposed counsel Saul Ewing LLP, One Riverfront Plaza, 1037 Raymond Boulevard, Suite 1520, Newark, NJ 07102 (Attn: Stephen B. Ravin) (Email: Stephen.ravin@saul.com); (C) all Utility Companies; (D) proposed counsel to the Creditors' Committee, Gibbons P.C., One Gateway Center, Newark, NJ 07102, Attn: John S. Mairo (jmairo@gibbonslaw.com), Robert K. Malone (rmalone@gibbonslaw.com), and Brett S. Theisen (btheisen@gibbonslaw.com); and (E) any other party that files a request for notices with the Court as of the date of such service.

11.    The Debtors may amend the Utility Service List to delete a Utility Company, or may seek to terminate a Utility Company, only if they have provided two weeks advance notice to

56944938.2

Page 4
Debtors:   Port Elizabeth Terminal & Warehouse, Corp., *et al.*
Case No.   25-22123 (JKS)
Caption:   FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105, 366 PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES ON ACCOUNT OF PREPETITION CLAIMS AND ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE

such Utility Provider, and have not received any objection from such Utility Company. If an objection is received, the Debtors shall request a hearing before this Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Company may agree. The Debtors shall not deduct from the Utility Deposit the amount set aside for any Utility Company that the Debtors seek to terminate or delete from the Utility Service List unless and until the two week notice period has passed and the Debtors have not received any objection to termination or deletion from such Utility Company, or until any such objection has been resolved consensually or by order of the Court.

12.    To the extent that the Debtors become delinquent with respect to a Utility Company's account after the Petition Date, such Utility Company shall be permitted to file a written notice of delinquency with the Court (a "Delinquency Notice") and serve such Delinquency Notice on the Debtors. Such Delinquency Notice must set forth the amount of the delinquency with enough detail for the Debtors and other parties-in-interest to determine the amount owing, by account number, and the dates services were provided. If such delinquency is not cured, and none of the Debtors have objected to the Delinquency Notice within ten (10) days of receipt, the Debtors will be required to remit to the respective Utility Provider from the Deposit Account the amount of post-petition charges claimed as delinquent. The Debtors will further be required to ensure that the Adequate Assurance Deposit is replenished after payment of the delinquent balance. If an objection is filed to the Delinquency Notice, the Debtors will request that this Court schedule a hearing to resolve the dispute.

13.    Nothing in this Order or the Motion shall be deemed to affect any burden of proof

56944938.2

Page 5
Debtors:   Port Elizabeth Terminal & Warehouse, Corp., *et al.*
Case No.   25-22123 (JKS)
Caption:   FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105, 366 PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES ON ACCOUNT OF PREPETITION CLAIMS AND ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE

that either the Debtors or any Utility Company may have in a Determination Hearing or to confer upon the Utility Companies listed in Exhibit B to the Motion the status of a "utility" within the meaning of section 366 of the Bankruptcy Code.

14. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party-in-interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

15. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any party.

16. This Court retains jurisdiction to construe and enforce this Order.

17. The Debtors are hereby authorized and empowered to take such steps and perform such acts as may be necessary to effectuate the terms of this Order.

18. Notwithstanding Bankruptcy Rule 6003 this Order shall be effective and enforceable immediately upon entry; the Court expressly finds that there is no reason for delay in the implementation of this Order.

56944938.2

United States Bankruptcy Court
District of New Jersey

In re:  
Port Elizabeth Terminal & Warehouse Corp  
    Debtor

Case No. 25-22123-JKS  
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0312-2     User: admin     Page 1 of 2  
Date Rcvd: Dec 19, 2025     Form ID: pdf903     Total Noticed: 3

The following symbols are used throughout this certificate:  
**Symbol    Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 21, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Port Elizabeth Terminal & Warehouse Corp., 13 Manor Road, East Rutherford, NJ 07073-2119 |
| aty | | Maxwell M. Hanamirian, Saul Ewing, LLP, Centre Square West, 1500 Market Street, 38th Floor, Philadelphia, PA 19102-2186 |
| aty | + | Saul Ewing LLP, One Riverfront Blvd. Suite 1520, Newark, NJ 07102-5401 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 21, 2025      Signature:      /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 19, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Amanda R Simone | on behalf of Creditor Committee Official Committee Of Unsecured Creditors amanda.r.simone@gmail.com |
| Brett S. Theisen | on behalf of Creditor Committee Official Committee Of Unsecured Creditors btheisen@gibbonslaw.com nmitchell@gibbonslaw.com |
| David Gerardi | on behalf of U.S. Trustee U.S. Trustee david.gerardi@usdoj.gov |
| David H. Stein | on behalf of Creditor F. Greek Bristol Properties L.P. dstein@wilentz.com, ciarkowski@wilentz.com;abroome@wilentz.com |
| Fran B. Steele | on behalf of U.S. Trustee U.S. Trustee Fran.B.Steele@usdoj.gov |

Case 25-22123-JKS    Doc 85    Filed 12/21/25    Entered 12/22/25 00:19:09    Desc Imaged
Certificate of Notice    Page 8 of 8

| District/off: 0312-2 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Dec 19, 2025 | Form ID: pdf903 | Total Noticed: 3 |

Ilana Volkov
    on behalf of Creditor Hartz Elizabeth Inc. ivolkov@mcgrailbensinger.com

John S. Mairo
    on behalf of Creditor Committee Official Committee Of Unsecured Creditors jmairo@gibbonslaw.com emunera@gibbonslaw.com

Kyle McEvilly
    on behalf of Creditor Committee Official Committee Of Unsecured Creditors kmcevilly@gibbonslaw.com

Rebecca K. McDowell
    on behalf of Creditor Eastern Lift Truck Co Inc. rmcdowell@slgcollect.com anovoa@slgcollect.com

Robert Malone
    on behalf of Creditor Committee Official Committee Of Unsecured Creditors rmalone@gibbonslaw.com nmitchell@gibbonslaw.com

Robert M. Kline
    on behalf of Creditor Auxilior Capital Partners Inc. rmk@replevin.com, ecf@writofseizure.com

Seth Ptasiewicz
    on behalf of Creditor Northern New Jersey Teamsters Benefit Plan and Teamsters Local 11 Pension Plan sptasiewicz@krollfirm.com

Stephen B. Ravin
    on behalf of Debtor Port Elizabeth Terminal & Warehouse Corp. sravin@saul.com jgillman@saul.com

Thomas B. O'Connell
    on behalf of Creditor Eastern Lift Truck Co Inc. toconnell@slgcollect.com anovoa@slgcollect.com

Thomas Michael Walsh
    on behalf of Interested Party Chiesa Shahinian & Giantomasi PC TWALSH@CSGLAW.COM

Turner Falk
    on behalf of Debtor P. Judge & Sons Trucking LLC turner.falk@saul.com, tnfalk@recap.email

Turner Falk
    on behalf of Debtor Port Elizabeth Terminal & Warehouse Corp. turner.falk@saul.com tnfalk@recap.email

Turner Falk
    on behalf of Debtor The Judge Organization LLC turner.falk@saul.com, tnfalk@recap.email

Turner Falk
    on behalf of Debtor Amex Shipping Agent Inc. turner.falk@saul.com, tnfalk@recap.email

Turner Falk
    on behalf of Debtor Judge Warehousing LLC turner.falk@saul.com, tnfalk@recap.email

Turner Falk
    on behalf of Debtor P. Judge & Sons Inc. turner.falk@saul.com, tnfalk@recap.email

U.S. Trustee
    USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 22