| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esq.<br>Turner N. Falk, Esq.<br>Maxwell M. Hanamirian, Esq. (admitted *pro hac vice*)<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:   stephen.ravin@saul.com<br>            turner.falk@saul.com<br>            maxwell.hanamirian@saul.com<br><br>*Counsel to the Debtors and Debtors in Possession* | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Jointly Administered) |
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*,<br><br>                              Debtors.[1] | OBJECTION DEADLINE:<br><br>**January 20, 2026** |

**DEBTORS' MOTION TO REDACT CUSTOMER INFORMATION IN THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES, STATEMENTS OF FINANCIAL AFFAIRS, MONTHLY OPERATING REPORTS, AND ANY OTHER APPLICABLE FILINGS**

The above-captioned debtors and debtors in possession (the "**Debtors**") respectfully state the following in support of this motion (this "**Motion**"):

**RELIEF REQUESTED**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), (i) authorizing the Debtors to redact customer information, consisting

---

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690). The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

56955197.5

of names, addresses, and email addresses (the "**Customer Information**") in the Debtors' schedules and statements of financial affairs (the "**Schedules and Statements**"), the Debtors' monthly operating reports (the "**MORs**"), and any filings with the Court or made publicly available in these chapter 11 cases *nunc pro tunc* to the date of the filing of the original chapter 11 petitions, (ii) directing that the Customer Information remain redacted and confidential until otherwise directed by the United States Bankruptcy Court for the District of New Jersey (the "**Court**"), and (iii) granting related relief.

## JURISDICTION AND VENUE

2.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11,* entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 9013-1 and 9018-1 of the Local Bankruptcy Rules for the District of New Jersey (the "**Local Rules**").

## BACKGROUND

5.  On November 14, 2025 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2

6. A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Patrick Wynne in Support of First Day Motions for Relief* [Docket No. 19].

7. Collectively, the Debtors provide transportation, logistic, and warehouse related services. More specifically, the Debtors offer rail boxcar services, container handling services, warehousing services, multiple shipping options (e.g., rail, truck, air, and international shipping), specialized material handling services, cross docking, handling, and packing services, beverage specialists and alcoholic beverages expertise services, and product care and protection services.

## BASIS FOR RELIEF

8. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to a scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

9. In addition, under Bankruptcy Code section 105(a), the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

10. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107 of the Bankruptcy Code. Specifically, Bankruptcy Rule 9018 provides, in

56955197.5

relevant part, that, upon motion, "the court may . . . issue any order that justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

11. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original). Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.,* B.R. 720, 724 (Bankr. S.D.N.Y. 2003). Confidential commercial information "has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Faucett*, 438 B.R. 564, 567–68 (Bankr. W.D. Tex. 2010) (quoting *Orion Pictures Corp.*, 21 F.3d at 27)). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code.[2] Courts

---

[2] *See In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal 'documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'"); *see also Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party must show only that the information it wishes to seal is "confidential" and "commercial" in nature).

4

56955197.5

have also held that the resulting sealing order should be broad (i.e., "any order which justice requires"). *See, e.g., In re Glob. Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) (citing Fed. R. Bankr. P. 9018).

12.    Sufficient cause exists for the Court to grant the requested relief because the Schedules and Statements, MORs, and other applicable filings include certain Customer Information that is confidential. References to the Customer Information, if disclosed or otherwise made available to the Debtors' competitors, would result in substantial and irreparable competitive harm to the Debtors by providing such competitors with an unfair commercial advantage. Such information derives independent economic value from not being generally known and is customarily maintained as confidential in the ordinary course of the Debtors' business. Moreover, Customer Information constitutes precisely the type of confidential commercial information that section 107(b) of the Bankruptcy Code is intended to protect from public disclosure.

13.    Accordingly, pursuant to section 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1, the Debtors request that this Court enter the Order permitting the redaction of Customer Information included in the Debtors' Schedules and Statements MORs, and other applicable filings.

## WAIVER OF MEMORANDUM OF LAW

14.    The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-l(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## NO PRIOR REQUEST

15.    No prior request for the relief sought in this Motion has been made to this or any other court.

## NOTICE

16. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (i) the Office of the United States Trustee, (ii) counsel to the Committee, and (iii) any other party that has filed a notice of appearance in the above-captioned case within one business day of its filing. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **Exhibit A** (i) authorizing the Debtors to redact the Customer Information in the Debtors' Schedules and Statements, MORs, and other applicable filings *nunc pro tunc* to the date of the filing of the original chapter 11 petitions, (ii) directing that the Customer Information remain redacted and confidential until otherwise directed by the Court, and (iii) granting such other and further relief as this Court deems just.

Dated: January 6, 2026    **SAUL EWING LLP**

By: */s/ Stephen B. Ravin*
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail: stephen.ravin@saul.com
turner.falk@saul.com

-and-

Maxwell M. Hanamirian, Esquire (admitted *pro hac vice*)
1735 Market Street, Suite 3400
Philadelphia, PA 19103-7504
E-mail: maxwell.hanamirian@saul.com

*Counsel for Debtors and Debtors in Possession*