**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey  07102
Telephone:  (973) 596-4500
Facsimile:   (973) 596-0545
John S. Mairo, Esq.
Robert K. Malone, Esq.
Brett S. Theisen, Esq.
Kyle P. McEvilly, Esq.
Amanda R. Simone, Esq.
E-mail: jmairo@fbtgibbons.com
         rmalone@fbtgibbons.com
         btheisen@fbtgibbons.com
         kmcevilly@fbtgibbons.com
         arsimone@fbtgibbons.com

*Proposed Counsel for the Official Committee
of Unsecured Creditor*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: January 20, 2026 at 4:00 p.m. (ET)** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PORT ELIZABETH TERMINAL & WAREHOUSE CORP., ET AL., FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF FBT GIBBONS LLP AS ITS COUNSEL, *NUNC PRO TUNC* TO DECEMBER 8, 2025**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the

chapter 11 cases of the above-captioned debtors and Debtors-in-Possession (the "Debtors") hereby

---

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690). The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

files this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the retention and employment of FBT Gibbons LLP ("FBT Gibbons" or the "Firm") as its counsel pursuant to section 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court District of New Jersey (the "Local Rules"). In support of this Application, the Committee also files the *Declaration of John S. Mairo, Esq. Pursuant to 28 U.S.C. § 1746 in Support of the Application of the Official Committee of Unsecured Creditors of Port Elizabeth Terminal & Warehouse Corp., et al., for Entry of an Order Authorizing the Employment and Retention of FBT Gibbons LLP as its Counsel Nunc Pro Tunc, to December 8, 2025* (the "Mairo Declaration"), attached hereto as **Exhibit B.**

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider and grant the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* dated July 23, 1984, from the United States District Court for the District of New Jersey. A proceeding to consider and grant such relief is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code. Relief is also proper pursuant to Bankruptcy Rule 2014 and Local Rule 2014-1.

## BACKGROUND

2. On November 14, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the bankruptcy cases (the "Bankruptcy Cases") in the United States Bankruptcy Court for the District of New Jersey.  The

2

Debtors operate their business and manage their business as Debtors-in-Possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors own and operate a marine terminal and public warehousing business known as Port Elizabeth Terminal & Warehouse Corp., located at the Port of New York and New Jersey. The facilities include areas for rail boxcar and container handling, warehousing, and cross-docking. The Debtors provide third-party logistics services, including (i) handling and storage of containers and general cargo, (ii) material handling and packing services, and (iii) specialized product care such as alcoholic beverage logistics. The Debtors also own, lease, or license all tangible and intangible assets used in connection with its terminal and warehousing operations.

4. On December 5, 2025, the United States Trustee for Region 3 and 9 (the "U.S. Trustee") convened a meeting of the twenty (20) largest unsecured creditors and appointed the Committee. On December 8, 2025, the Committee selected and retained, subject to Court approval, FBT Gibbons to serve as its counsel.[2]

### RELIEF REQUESTED AND REASONS THEREFOR

5. By way of this Application, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Committee requests entry of the proposed order attached hereto as **Exhibit A**, approving the employment and retention of FBT Gibbons, *nunc pro tunc* to December 8, 2025, as its counsel in connection with the Bankruptcy Cases.

6. The Committee selected FBT Gibbons following a competitive interview and selection process, in which two law firms were interviewed by the Committee. Ultimately, the Committee determined that FBT Gibbons' combination of relevant experience, preparation and

---

[2] As explained in further detail in the Mairo Declaration, Gibbons P.C. and Frost Brown Todd LLP combined effective as of January 1, 2026 and the combined firm is FBT Gibbons.

3

analysis, among other considerations, warranted selection of the Firm. FBT Gibbons' attorneys have represented over sixty creditors' committees, among many other major chapter 11 engagements.

    7.    Pursuant to section 1103(a) of the Bankruptcy Code, the Committee requests that this Court approve the employment of FBT Gibbons as its counsel to, among other things:

    (a)    Attend the meetings of the Committee;

    (b)    Review financial and operational information furnished by the Debtors to the Committee;

    (c)    Investigate and determine the value of unencumbered assets;

    (d)    Analyze and negotiate the budget and the terms of the Debtors' use of cash collateral and proposed post-petition financing;

    (e)    Assist in the efforts to sell assets or equity of the Debtors in a manner that maximizes the value for creditors;

    (f)    Review and diligence the proposed sale(s) of the Debtors' assets;

    (g)    Review and analyze chapter 11 plan issues and pursue confirmation of a plan as may be appropriate to provide distributable value to the holders of general unsecured claims;

    (h)    Review and investigate the liens of purported secured parties;

    (i)    Review and investigate pre-petition transactions in which the Debtors and/or their insiders were involved;

    (j)    Confer with the Debtors' management, counsel and advisors;

    (k)    Review the Debtors' schedules and statement of financial affairs;

    (l)    Advise the Committee as to the ramifications regarding all of the Debtors' activities and motions before this Court;

    (m)    File appropriate pleadings on behalf of the Committee;

    (n)    Review and analyze the Debtors' financial professionals' work product and report to the Committee on that analysis;

    (o)    Provide the Committee with legal advice in relation to the Bankruptcy Cases;

(p) Prepare various applications and memoranda of law submitted to the Court for consideration; and

(q) Perform such other legal services for the Committee as may be necessary or proper in these proceedings.

8. FBT Gibbons has advised the Committee that it intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any administrative compensation order entered in the Bankruptcy Cases. The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the attorneys, legal assistants and staff who provide services to the Committee. The hourly rates of the primary FBT Gibbons' professionals anticipated to be staffed on this engagement are as follows:

| Timekeeper | Title | Hourly Rate (12/8/25 – 12/31/25) | Hourly Rate (as of 1/1/26) |
|---|---|---|---|
| John S. Mairo | Partner | $1,025.00 | $1,100.00 |
| Robert K. Malone | Partner | $1,375.00 | $1,465.00 |
| Brett Theisen | Partner | $850.00 | $905.00 |
| Kyle P. McEvilly | Senior Associate | $525.00 | $560.00 |
| Amanda R. Simone | Associate | $425.00 | $450.00 |
| Edna N. Munera | Paralegal | $360.00 | $385.00 |

FBT Gibbons has advised the Committee that the Firm's hourly rates are subject to periodic adjustments, usually on a yearly basis. Prior to any adjustment to the rates set forth herein, the Firm will provide notice to all members of the Committee if such request is made.

9. Consistent with the Firm's policy with respect to its other clients, FBT Gibbons will charge the Debtors' estate on behalf of the Committee for all charges and disbursements incurred in rendering services to the Committee. These customary items include, among other things, photocopying, facsimiles, travel, business meals, computerized research, postage, witness fees, and other fees related to trials and hearings. Internal costs or overhead costs and document

production services (including regular secretarial and word processing time), will not be charged for separately.

10. Based upon the Mairo Declaration filed contemporaneously herewith, the Committee is satisfied that (i) FBT Gibbons does not hold or represent an adverse interest in connection with the cases, and that its employment is in the best interest of the estate, (ii) FBT Gibbons has no connection with the U.S. Trustee or any other person employed in the Office of the U.S. Trustee, and (iii) FBT Gibbons has not been paid any retainer against which to bill fees and expenses. To the best of the Committee's knowledge, FBT Gibbons has no connection with creditors or any other party in interest except as otherwise noted in the Mairo Declaration.

11. For the reasons set forth below, *nunc pro tunc* relief is warranted with respect to FBT Gibbons' retention. The Firm has been diligent since its selection by the Committee in preparing and prosecuting its application in a timely manner under the circumstance of the cases. Since its retention on December 8, 2025, FBT Gibbons has been diligently working on behalf of the Committee. FBT Gibbons scheduled interviews to employ a financial advisor for the Committee and the Committee has selected one. FBT Gibbons has held conference calls with the Committee to discuss pending matters, approval of Committee by-laws, and upcoming deadlines. FBT Gibbons immediately contacted Debtors' counsel to discuss working together to figure out potential ways to successfully exit Chapter 11. Additionally, as explained in further detail in the Mairo Declaration, Gibbons P.C. and Frost Brown & Todd LLP combined effective January 1, 2026, thus, there were some administrative delays due to the merger and the holiday season. Accordingly, the totality of these circumstances warrants *nunc pro tunc* relief.

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

12. FBT Gibbons will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Bankruptcy Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

## NOTICE

13. Copies of the within Application have been provided to counsel for the Debtors, Saul Ewing LLP, Attn: Stephen B. Ravin, Turner Falk, and Maxwell M. Hanamirian, and the Office of the United States Trustee for Region Three, Attn: David Gerardi and Fran B. Steele, via electronic mail and all other parties having formally requested notice via the Court's CM/ECF system. The Committee respectfully submits that, in light of the nature of the relief requested, no further notice is necessary or required.

## CONCLUSION

**WHEREFORE,** the Committee hereby respectfully requests that it be authorized to retain and employ FBT Gibbons as its counsel *nunc pro tunc* to December 8, 2025, that FBT Gibbons be paid such compensation as may be allowed by this Court in accordance with sections 330 and 331 of the Bankruptcy Code, and that the Committee be awarded such other further relief as may be deemed just and proper.

Dated: January 13, 2026

**The Official Committee of Unsecured Creditors Port Elizabeth Terminal & Warehouse Corp., et al.**

By: /s/ Mike Mandell
   solely in his capacity as
   Chairperson