**EXHIBIT A**

**PROPOSED ORDER**

**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey  07102
Telephone:  (973) 596-4500
Facsimile:   (973) 596-0545
John S. Mairo, Esq.
Robert K. Malone, Esq.
Brett S. Theisen, Esq.
Kyle P. McEvilly, Esq.
Amanda R. Simone, Esq.
E-mail: jmairo@fbtgibbons.com
        rmalone@fbtgibbons.com
        btheisen@fbtgibbons.com
        kmcevilly@fbtgibbons.com
        arsimone@fbtgibbons.com

*Proposed Counsel for the Official*
*Committee of Unsecured Creditors*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>PORT ELIZABETH TERMINAL &<br>WAREHOUSE CORP., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF FBT GIBBONS
LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS**

The relief set forth on the following pages numbered two (2) through three (3) is hereby

**ORDERED**.

---

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth
Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc.
(4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge
Warehousing, LLC (6690). The location of the Debtors' principal place of business and the
Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

Page:      2
Debtors:   PORT ELIZABETH TERMINAL & WAREHOUSE CORP., ET AL.
Case No.:  25-22123-JKS
Caption:   Order Authorizing the Employment and Retention of FBT Gibbons LLP as Counsel
           for the Official Committee of Unsecured Creditors

Upon the application (the "Application") of the Official Committee of Unsecured Creditors

(the "Committee") in the above-captioned chapter 11 cases for entry of an order authorizing the

Committee to employ and retain FBT Gibbons ("FBT Gibbons") as its counsel *nunc pro tunc* to

December 8, 2025, the date the Committee determined to employ FBT Gibbons as its counsel in

the case, pursuant to sections 328(a) and 1103 of title 11 of the United States Code; and upon the

Declaration of John S. Mairo for FBT Gibbons LLP (the "Mairo Declaration") attached to the

Application as **Exhibit B**; and the Court having jurisdiction to consider the Application and the

relief requested therein pursuant to 28 U.S.C. §§ 1334 and 157, and the *Standing Order of*

*Reference to the Bankruptcy Court Under Title 11* dated July 23, 1984, from the United States

District Court for the District of New Jersey; and it appearing that the Application is a core matter

pursuant to 28 U.S.C. § 157(b)(2) and that the Court can enter a final order consistent with Article

III of the United States Constitution; and venue being proper in this Court pursuant to sections

1408 and 1409 of title 28 of the United States Code; and the Court being satisfied that notice of

the Application and the opportunity for a hearing on the Application was appropriate under the

particular circumstances and no further or other notice need be given; and the Court being satisfied,

based on the representations made in the Application and the Mairo Declaration, that FBT Gibbons

does not hold or represent an adverse interest in connection with the cases, and that FBT Gibbons

is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code; and

the Court having determined that the relief sought in the Application is in the best interests of the

Committee, the Debtors, its creditors, and all parties in interest; and this Court having determined

that the legal and factual bases set forth in the Application and the Mairo Declaration, and at the

Page:      3
Debtors:  PORT ELIZABETH TERMINAL & WAREHOUSE CORP., ET AL.
Case No.: 25-22123-JKS
Caption:  Order Authorizing the Employment and Retention of FBT Gibbons LLP as Counsel
          for the Official Committee of Unsecured Creditors

---

hearing establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor,

1.        The Application is **GRANTED** as set forth herein.

2.        Pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, the Committee is

authorized to employ and retain FBT Gibbons as its counsel *nunc pro tunc* to December 8, 2025.

3.        FBT Gibbons shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with the chapter 11 cases in compliance with

sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules,

Local Bankruptcy Rules, any case-specific fee protocols approved by the Court and any

Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of

Expenses for Professionals entered by this Court, and any other applicable procedures and orders

of the Court.

4.        The Committee and FBT Gibbons are authorized to take all actions they deem

necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with

the Application.

5.        The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

6.        During the course of the Bankruptcy Cases, this Court has and shall retain

jurisdiction with respect to all matters arising from or relating to the interpretation or

implementation of this Order.