|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>Maxwell M. Hanamirian, Esquire (admitted *pro hac vice*)<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:  stephen.ravin@saul.com<br>           turner.falk@saul.com<br>           maxwell.hanamirian@saul.com<br><br>*Counsel to the Debtors and Debtors in Possession* | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Jointly Administered) |
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*,<br><br>                                        Debtors.[1] | |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER
### EXTENDING THE GENERAL BAR DATE FOR FILING PROOFS OF CLAIM

By this motion (this "Motion"), the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") seek the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code"), Rule 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District

---

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690). The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

57100124.2

of New Jersey (the "Local Rules"), and Rules 3003(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the deadline in which parties may file proofs of claim against the Debtors (the "General Bar Date") by 30 days, through and including February 23, 2026.[2] In support of this Motion, the Debtors respectfully represent as follows:

## BACKGROUND

1. On November 14, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court").

2. A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases (the "Chapter 11 Cases"), the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Patrick Wynne in Support of First Day Motions for Relief* [Docket No. 19].

3. Collectively, the Debtors provide transportation, logistic, and warehouse related services. More specifically, the Debtors offer rail boxcar services, container handling services, warehousing services, multiple shipping options (e.g., rail, truck, air, and international shipping), specialized material handling services, cross docking, handling, and packing services, beverage specialists and alcoholic beverages expertise services, and product care and protection services.

4. Pursuant to the *Notice of Chapter 11 Bankruptcy Case* [D.I. 123] filed on January 14, 2026, the current General Bar Date is January 23, 2026 and the bar date for governmental units to file proofs of claim is May 13, 2026 (the "Governmental Bar Date").

---

[2] Thirty days after the current General Bar Date is February 22, 2026, a Sunday. However, because February 22, 2026 is not a business day, the Debtors seek an extension to the following Monday, which is February 23, 2026.

57100124.2

5.  The Debtors filed the *Notice of Telephonic § 341 Meeting* [D.I. 130] on January 22, 2026, which advised that the Chapter 11 § 341 meeting of creditors shall take place on February 9, 2026 via conference call commencing at 10:00 a.m. (ET) (the "341 Meeting").

## JURISDICTION AND VENUE

6.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

7.  The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Rule 9013-1 of the Local Rules, and Rules 3003(c) and 9006(b) of the Bankruptcy Rules.

## RELIEF REQUESTED

8.  By the Motion, the Debtors seek entry of the Proposed Order, pursuant to section 105(a) of the Bankruptcy Code, Rule 9013-1 of the Local Rules, and Rules 3003(c) and 9006(b) of the Bankruptcy Rules extending the General Bar date by 30 days, through and including February 23, 2026.

## BASIS FOR RELIEF REQUESTED

9.  Section 105(a) of the Bankruptcy Code provides that the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10. Rule 9006(b)(1) of the Bankruptcy Rules states:

> This paragraph (1) applies when these rules, a notice given under these rules, or a court order requires or allows an act to be performed at or within a specified period. Except as provided in (2) and (3), the court may—at any time and for cause—extend the time to act if: (A) with or without a motion or notice, a request to extend is made before the period (or a previously extended period expires . . . .

57100124.2

FED. R. BANKR. P. 9006(b)(1).  Additionally, Rule 3003(c) of the Bankruptcy Rules advises that a court may extend the time to file a proof of claim "for cause."  *See* FED. R. BANKR. P. 3003(c)(3).

11. The Debtors contend that there is cause to extend the General Bar Date to February 23, 2026.  The current General Bar Date is January 23, 2026.  However, the 341 Meeting will not occur until February 9, 2026.  The 341 Meeting could provide the Debtors' creditors with insight into the Chapter 11 Cases and the Debtors' operations.  Such insight could impact a creditor's proof of claim.  Therefore, the Debtors believe cause exists to extend the General Bar Date by 30 days, through and including February 23, 2026, and that such an extension of the General Bar Date is in the best interests of the Debtors' creditors.  For the avoidance of doubt, the Debtors are not seeking to extend the Governmental Bar Date.

[*Remainder of page left intentionally blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, extending the General Bar Date by 30 days, through and including February 23, 2026 and granting the Debtors such other and further relief as is just and proper.

Dated: January 23, 2026                               **SAUL EWING LLP**

By:*/s/ Stephen B. Ravin*
    Stephen B. Ravin, Esquire
    Turner N. Falk, Esquire
    One Riverfront Plaza
    1037 Raymond Blvd., Suite 1520
    Newark, NJ 07102-5426
    Telephone: (973) 286-6714
    E-mail: stephen.ravin@saul.com
            turner.falk@saul.com

    -and-

    Maxwell M. Hanamirian, Esquire (admitted *pro hac vice*)
    1735 Market Street, Suite 3400
    Philadelphia, PA 19103-7504
    E-mail: maxwell.hanamirian@saul.com

    *Counsel for Debtors and Debtors in Possession*

57100124.2