**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
Facsimile: (973) 596-0545
John S. Mairo, Esq.
Robert K. Malone, Esq.
Brett S. Theisen, Esq.
Kyle P. McEvilly, Esq.
Amanda R. Simone, Esq.
E-mail: jmairo@fbtgibbons.com
       rmalone@fbtgibbons.com
       btheisen@fbtgibbons.com
       kmcevilly@fbtgibbons.com
       arsimone@fbtgibbons.com

*Counsel for the Official
Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*, | Case No. 25-22123 (JKS) |
| | (Jointly Administered) |
| Debtors.[1] | |

**STATEMENT AND RESERVATION OF RIGHTS OF THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING
THE DEBTORS' MOTION FOR POST-PETITION FINANCING**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of the above-captioned debtors and debtors in possession (the "Debtors") hereby files this statement and reservation of rights (this "Statement") regarding the *Motion of Debtors'*

---

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690). The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

*for the Entry of Interim and Final Orders Granting (A) Authority to Obtain Post-Petition Financing, (B) Liens and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 364(c)(1), (2) and (3) and 364(d)(1), (C) Relief from the Automatic Stay, (D) Authority to Enter into Agreement with First Business Specialty Finance, LLC, (E) Authorization to Use Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363, Bankruptcy Rule 4001 and D.N.J. LBR 4001-4 and to Provide Adequate Protection to Parties with an Interest in Cash Collateral and (F) Related Relief* [ECF No. 18] (the "DIP Motion").[2]  In support of this Statement, the Committee respectfully states as follows:

## BACKGROUND

1. On November 14, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned bankruptcy cases (the "Chapter 11 Cases") in the United States Bankruptcy Court for the District of New Jersey (the "Court").  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On November 16, 2025, the Debtors filed the DIP Motion seeking, *inter alia*, authority to enter into the DIP Factoring Agreement with First Business Specialty Finance, LLC ("FBSF") pursuant to which FBSF would purchase[3] a portion of the Debtors' accounts receivable in exchange for an immediate cash payment at an agreed upon discount rate.

3. On November 19, 2025, the Court conducted an interim hearing on the DIP Motion and thereafter entered an order approving the DIP Motion on an interim basis [ECF No. 41].

---

[2] Capitalized terms used and not defined herein shall have the meanings ascribed to them in the DIP Motion, First Interim Order or Second Interim Order, as applicable.

[3] The Committee reserves all rights to bring a Challenge in accordance with the Second Interim DIP Order concerning the nature (sale or financing) of the Debtor's pre-petition factoring arrangement with FBSF.

2

4. On December 5, 2025, the United States Trustee for the District of New Jersey appointed the Committee pursuant to section 1102 of the Bankruptcy Code. [ECF No. 62]. Immediately upon its appointment, the Committee engaged with the Debtors to understand their goals in these Chapter 11 Cases and in effort to achive a result that benefits all interested parties.

5. Such discussions, among other things, resulted in a consensual second interim order approving the DIP Motion, which the Court entered on December 19, 2025 [ECF No. 83] (the "Second Interim DIP Order") and includes certain agreed upon provisions concerning the Carve-Out and the Debtors' reporting obligations.

6. Specifically, paragraph 9 of the Second Interim DIP Order provides that the "Debtors' financial advisor shall maintain a segregated account or accounts for the payment of allowed Pre-Trigger Date Budgeted Fees, and, subject to the Post-Trigger Date Cap, Professional Fees incurred after the Trigger Date (the "Carve-Out Reserve Account"), which account shall be funded from the Debtors' cash receipts in accordance with the Budget on a weekly basis, in advance…." [Second Interim DIP Order at ¶ 9; *see also* Second Interim DIP Order at ¶ 8] (the "Carve-Out Reserve Provision").

7. Additionally, as set forth in paragraph 11 of the Second Interim DIP Order, "[o]n the Friday of each week during the Second Interim Financing Period, the Debtors shall deliver a reconciliation report (the "Variance Report") to counsel to the Creditors' Committee . . . showing variances of budget amounts to actual amounts on a line-item basis for the prior week," including "(i) the variance (as compared to the Budget) of actual cash receipts of the Debtors for the Testing Period, (ii) the variance (as compared to the Budget) of the operating disbursements made by the Debtors set forth in the Budget for the Testing Period, and (iii) an explanation, in reasonable detail,

3

for any material variances set forth in the Variance Report." [Second Interim DIP Order at ¶ 11] (the "Reporting Provision").

8. On January 19, 2026, the Committee provided the Debtors with a proposed third interim order approving the DIP Motion (the "Third Interim DIP Order"). Since then, the Debtors and Committee have exchanged drafts of the Third Interim DIP Order to resolve, as set forth below, the Debtors' defaults under the Second Interim DIP Order. Accordingly, the Committee files this Statement to emphasize to the Debtors the importance of strict compliance with the Second Interim DIP Order and any Third Interim Order and to expressly reserve all its rights with respect to the DIP Motion.[4]

**STATEMENT**

9. The Committee remains committed to working cooperatively with the Debtors to advance these Chapter 11 Cases, whether through the initiation of a sale process for the Debtors' assets or the development of a confirmable Chapter 11 plan of reorganization. Notwithstanding the foregoing, the Committee's paramount obligation is to represent the interests of its unsecured creditor constituency.

10. The Second Interim DIP Order was entered on December 19, 2025, thereby commencing the Second Interim Financing Period. Although five (5) weeks have passed since then, the Debtors have not complied with the Carve-Out Reserve Provision and have failed to segregate the Pre-Trigger Date Budgeted Fees into the Carve-Out Reserve Account. In addition, the Debtors did not provide the Committee with any Variance Report (or any meaningful equivalent) until January 21, 2026.

---

[4] On January 23, 2026, the Committee shared a draft of this Statement with the Debtors to express concern regarding the interim post-petition financing and the lack of transparency and progress in these Chapter 11 Cases.

4

11. The Carve-Out Reserve Provision and the Reporting Provision of the Second Interim DIP Order—both administrative in nature—are customary and noncontroversial protections routinely requested by an official committee of unsecured creditors to enable the unsecured creditor constituency to monitor a debtor's progress through a Chapter 11 case. The Debtors agreed to these provisions without material objection, and they were expressly approved by the Court in the Second Interim DIP Order. Accordingly, absent entry of an amended Second Interim DIP Order, the Debtors are required to (i) segregate the Pre-Trigger Date Budgeted Fees into the Carve-Out Reserve Account and (ii) provide the Committee with Variance Reports.[5]

12. While the Committee is mindful of and appreciates the Debtors' asserted financial constraints, it nevertheless requires transparency to fulfill its statutory duties and to make informed decisions on behalf of unsecured creditors. As the Committee has communicated to the Debtors, it remains willing to consider reasonable revisions to the Carve-Out Reserve Provision and the Reporting Provision, provided that any such revisions preserve the Committee's ability to monitor the Debtors' operations and financial condition during these Chapter 11 Cases.

## **RESERVATION OF RIGHTS**

13. The Committee reserves all rights related to the DIP Motion, including, without limitation, the right to amend, modify or supplement this Statement or object to the DIP Motion, and raise additional arguments to the DIP Motion and any interim or final orders approving the DIP Motion. Nothing in this Statement should be construed as the Committee waiving any rights,

---

[5] As of the filing of this Statement, the Committee and the Debtors have yet to agree to a Third Interim DIP Order or a cure of the defaults under the Second Interim DIP Order. The Debtors have represented that $125,000.00 has been deposited into the Carve-Out Reserve Account for the benefit of the Committee, and while the Committee appreciates the Debtors efforts to comply with the Second Interim DIP Order, such deposit does not satisfy the Budget. Additionally, the Debtors have provided the Committee with certain financial reports, however, the reports do not conform with the "Various Reports" in the Second Interim DIP Order.

objections, arguments, interests, or claims with respect to any issues or matters discussed in or related to the DIP Motion. All rights are expressly reserved and preserved.

## CONCLUSION

**WHEREFORE**, the Committee respectfully submits that the Debtors should be required to comply with the Second Interim DIP Order.

Dated: January 26, 2026
Newark, New Jersey

**FBT GIBBONS LLP**

*/s/ John S. Mairo*
John S. Mairo
Robert K. Malone
Brett S. Theisen
Kyle P. McEvilly
Amanda R. Simone
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
E-mail: jmairo@fbtgibbons.com
   rmalone@fbtgibbons.com
   btheisen@fbtgibbons.com
   kmcevilly@fbtgibbons.com
   arsimone@fbtgibbons.com

*Counsel for the Official Committee of Unsecured Creditors*