<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
*Caption in Compliance with D.N.J. LBR 9004-1(b)*
**SAUL EWING LLP**
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
Maxwell M. Hanamirian, Esquire (admitted *pro hac vice*)
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail:   stephen.ravin@saul.com
          turner.falk@saul.com
          maxwell.hanamirian@saul.com

*Counsel to the Debtors and Debtors in Possession*

</td><td>

Chapter 11

Case No. 25-22123 (JKS)

(Jointly Administered)

</td></tr>
<tr><td>

In re:

PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*,

                              Debtors.[1]

</td><td>

HEARING DATE:

**February 24, 2026 at 10:00 a.m. (ET)**

OBJECTION DEADLINE:

**February 17, 2026**

</td></tr>
</table>

**DEBTORS' MOTION FOR AN ORDER EXTENDING THE DEADLINE**
**FOR THE DEBTORS TO ASSUME OR REJECT UNEXPIRED LEASES OF**
**NONRESIDENTIAL REAL PROPERTY PURSUANT TO 11 U.S.C § 365(d)(4)**

By this motion (this "Motion"), the debtors and debtors in possession in the above-

captioned debtors (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11

Cases") seek the entry of an order, substantially in the form attached hereto as **Exhibit A** (the

---

[1]     The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690). The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

57085191.5

"Proposed Order"), pursuant to section 365(d)(4) of title 11 of the United States Code (the

"Bankruptcy Code"), granting the Debtors a ninety (90)-day extension, through and including June

12, 2026, of the statutory deadline for the Debtors to assume or reject unexpired leases (and sub-

leases) of nonresidential real property (collectively, the "Real Property Leases"). In support of the

Motion, the Debtors respectfully represent as follows.

## BACKGROUND

1.      On November 14, 2025 (the "Petition Date"), the Debtors filed voluntary petitions

for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the

District of New Jersey (the "Court").

2.      A description of the Debtors' businesses, the reasons for commencing the chapter

11 cases (the "Chapter 11 Cases"), the relief sought from the Court, and the facts and circumstances

supporting this Motion are set forth in the *Declaration of Patrick Wynne in Support of First Day*

*Motions for Relief* [Docket No. 19].

3.      Collectively, the Debtors provide transportation, logistic, and warehouse related

services. More specifically, the Debtors offer rail boxcar services, container handling services,

warehousing services, multiple shipping options (e.g., rail, truck, air, and international shipping),

specialized material handling services, cross docking, handling, and packing services, beverage

specialists and alcoholic beverages expertise services, and product care and protection services.

4.      The Debtors operate their businesses out of various warehouses. Debtors Amex

Shipping Agent, Inc., P. Judge & Sons, Inc. and Port Elizabeth Terminal & Warehouse Corp. are

based in 13 Manor Road, East Rutherford, NJ 07073. Debtor Judge Organization, LLC is based

in 400 Expansion Boulevard, Port Wentworth, GA 31407. Debtors P. Judge & Sons Trucking,

57085191.5

LLC and Judge Warehousing, LLC are subsidiaries of and share the same address as Debtor Judge Organization, LLC.

## THE REAL PROPERTY LEASES

5.      The Debtors are currently evaluating their assets, exploring potential sale transactions, and handling administrative day-to-day chapter 11 tasks.  Given the need for the Debtors and their professionals to focus on these critically important and time sensitive matters during the early stage of these Chapter 11 Cases, the Debtors require more time than the initial period provided under the Bankruptcy Code to evaluate their Real Property Leases.  Because the Real Property Leases remain crucial to the continuance of the Debtors' business operations and restructuring efforts, the additional time requested herein will be most beneficial to the Debtors' estates and parties in interest.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      The statutory basis for the relief requested herein is section 365(d)(4) of the Bankruptcy Code and Rule 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## RELIEF REQUESTED

8.      By the Motion, the Debtors request entry of the Proposed Order extending the deadline for the Debtors to assume or reject the Real Property Leases by ninety (90) days, through and including June 12, 2026, pursuant to section 365(d)(4) of the Bankruptcy Code.  Such an

57085191.5

extension would be without prejudice to the Debtors' rights, pursuant to section 365(d)(4)(B)(ii) of the Bankruptcy Code, to request further extensions with the consent of the affected lessors.

## BASIS FOR RELIEF REQUESTED

9.      Pursuant to section 365(d)(4) of the Bankruptcy Code, the Debtors' deadline to assume or reject the Real Property Leases (the "Assumption/Rejection Deadline") is the date that is 120 days after the Petition Date, *i.e.*, March 14, 2026.  *See* 11 U.S.C. § 365(d)(4).  Section 365(d)(4)(B) of the Bankruptcy Code provides, however, that on a motion by a debtor, the Court may extend the initial 120-day Assumption/Rejection Deadline by 90 days "for cause."  *See* 11 U.S.C. § 365(d)(4)(B).  Any subsequent extensions of the Assumption/Rejection Deadline may only be granted with the prior written consent of the affected lessors.  *See* 11 U.S.C. § 365(d)(4)(B)(ii).

10.     Under section 365(d)(4) of the Bankruptcy Code, if a debtor fails to assume or reject an unexpired lease of nonresidential real property under which the debtor is a lessee prior to the applicable deadline, such lease automatically will be deemed rejected.  *See* 11 U.S.C. § 365(d)(4)(A).

11.     In the present case, the Debtors believe that ample cause exists to extend the Assumption/Rejection Deadline.  Since the commencement of the chapter 11 cases, the Debtors' management and professional advisors have been working diligently to ensure the Debtors' smooth entry into chapter 11 and have devoted a significant amount of time and effort in dealing with the myriad of issues attendant to the commencement of a chapter 11 case.

12.     In the approximately two months that the Chapter 11 Cases have been pending, the Debtors have, among other things (i) obtained significant "first day" and other relief; (ii) retained various professionals; (iii) prepared and filed schedules and statements of financial affairs for the

Debtors; (iv) analyzed potential sale transactions for certain of the Debtors' assets; and (v)

otherwise attended to tasks required to administer these Chapter 11 Cases.

13.     There are essentially three factors that are weighed by courts in determining

whether cause exists to extend the deadline to assume or reject unexpired leases of nonresidential

real property:

> a)     whether the leases are an important asset of the estate such
>         that the decision to assume or reject would be central to any
>         plan of reorganization that may be proposed by the debtor;
>
> b)     whether the case is complex and involves large numbers of
>         leases; and
>
> c)     whether or not the debtor has had sufficient time to
>         intelligently appraise the value of each lease for purposes of
>         a plan of reorganization.

*In re Wedtech Corp.*, 72 B.R. 464, 471–72 (Bankr. S.D.N.Y. 1987); accord *In re Channel Home*

*Ctrs., Inc.*, 989 F.2d 682, 689 (3d Cir. 1993) (noting that "it is permissible for a bankruptcy court

to consider a particular debtor's need for more time in order to analyze leases in light of the plan

it is formulating").

14.     The Debtors submit that a consideration of the *Wedtech* factors supports the

requested extension of the Assumption/Rejection Deadline.  First, until the Debtors, in their

business judgment, determine otherwise, the Real Property Leases are important assets of the

Debtors' estates, and therefore the decision to assume or reject the Real Property Leases is

necessarily of significant importance to the Debtors' reorganization efforts.  The Debtors must be

allowed sufficient time to determine which of the remaining Real Property Leases should be

assumed or rejected.

15.     As to the second and third prongs of the *Wedtech* standard, the Chapter 11 Cases

are sufficiently complex bankruptcy cases that the Debtors are appropriately focused on continuing

57085191.5

their operations, exploring and analyzing potential sale transactions for certain of the Debotrs'

assets, and working towards proposing a plan that can be confirmed by the Court.  Given the

Debtors' focus on these matters and the large volume of other tasks required of the Debtors'

personnel and professional advisors to date, the Debtors require additional time to evaluate

carefully the remaining Real Property Leases to determine the best path forward for such leases.

An extension of the Assumption/Rejection Deadline is thus necessary to allow the Debtors

sufficient time to evaluate fully the Real Property Leases and afford the Debtors flexibility in

prosecuting the Chapter 11 Cases.

## **RESERVATION OF RIGHTS**

16.    Nothing contained in the Motion or any actions taken by the Debtors pursuant to

relief granted in the Proposed Order is intended or should be construed as (a) an assumption or

rejection of any of the Real Property Leases under section 365(a) of the Bankruptcy Code or (b)

an admission by the Debtors that a particular agreement is or is not a true lease or subject to section

365 of the Bankruptcy Code.  If the Court grants the relief sought herein, any and all of the Debtors'

rights, claims, and defenses with respect to the characterization of the Real Property Leases

pursuant to sections 365(d)(3) and 365(d)(4) of the Bankruptcy Code or otherwise are expressly

reserved.


[*Remainder of page left intentionally blank*]

57085191.5

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order,

in substantially in the form attached hereto as **Exhibit A** granting the relief requested in the Motion

and such other and further relief as may be just and proper.

Dated: January 29, 2026                                **SAUL EWING LLP**


By:*/s/ Stephen B. Ravin*
   Stephen B. Ravin, Esquire
   Turner N. Falk, Esquire
   One Riverfront Plaza
   1037 Raymond Blvd., Suite 1520
   Newark, NJ 07102-5426
   Telephone: (973) 286-6714
   E-mail:stephen.ravin@saul.com
          turner.falk@saul.com

   -and-

   Maxwell M. Hanamirian, Esquire (admitted *pro hac vice*)
   1735 Market Street, Suite 3400
   Philadelphia, PA 19103-7504
   E-mail: maxwell.hanamirian@saul.com

   *Counsel for Debtors and Debtors in Possession*

57085191.5