## EXHIBIT A

Proposed Order

57085191.5

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004-1(b)*
**SAUL EWING LLP**
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
Maxwell M. Hanamirian, Esquire (admitted *pro hac vice*)
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail:   stephen.ravin@saul.com
          turner.falk@saul.com
          maxwell.hanamirian@saul.com


*Counsel to the Debtors and Debtors in Possession*

</td><td>

Chapter 11

Case No. 25-22123 (JKS)

(Jointly Administered)

</td></tr>
<tr><td colspan="2">

In re:

PORT ELIZABETH TERMINAL & WAREHOUSE
CORP., *et al.*,

                    Debtors.[1]

</td></tr>
</table>

**ORDER EXTENDING THE DEADLINE FOR THE DEBTORS TO**
**ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL**
**REAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(4)**

The relief set forth on the following page numbered two (2) through three (3) is hereby

**ORDERED.**

---

[1]    The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal &
Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge
Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690).
The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11
Cases is 13 Manor Road, East Rutherford, NJ 07073.

Page 2
Debtors:     Port Elizabeth Terminal & Warehouse Corp., *et al.*
Case No.     25-22123 (JKS)
Caption:     ORDER EXTENDING THE DEADLINE FOR THE DEBTORS TO ASSUME OR
             REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
             PURSUANT TO 11 U.S.C. § 365(d)(4)

AND NOW, upon consideration of the of the Debtors' Motion (the "Motion")[2] for entry of an order granting Debtors an extension, through and including June 12, 2026, of the statutory deadline for the Debtors to assume or reject the Real Property Leases; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and after due deliberation; and sufficient cause appearing therefor, it is hereby ORDERED and DECREED as follows:

1.     The Motion is GRANTED as set forth herein.

2.     Pursuant to section 365(d)(4) of the Bankruptcy Code, the Assumption/Rejection Deadline is hereby extended through and including June 12, 2026.

3.     This Order shall be without prejudice to the rights of the Debtors and their estates to seek further extensions of the Assumption/Rejection Deadline with the consent of the affected lessors.

---

[2]     Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Page 3
Debtors:      Port Elizabeth Terminal & Warehouse Corp., *et al.*
Case No.      25-22123 (JKS)
Caption:      ORDER EXTENDING THE DEADLINE FOR THE DEBTORS TO ASSUME OR
              REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
              PURSUANT TO 11 U.S.C. § 365(d)(4)

4.      Nothing contained herein shall be deemed to (a) authorize the assumption or
rejection of any of the Real Property Leases or (b) determine whether any of the Real Property
Leases or other agreements to which any of the Debtors is a party is an unexpired lease of
nonresidential real property with the meaning of section 365(d) of the Bankruptcy Code.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief
granted pursuant to this Order.

6.      This Court retains jurisdiction with respect to all matters arising from or relating to
the interpretation or implementation of this Order.