| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>***Caption in Compliance with D.N.J. LBR 9004-1(b)***<br>**SAUL EWING LLP**<br>Steven B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>Maxwell M. Hanamirian, Esquire (admitted *pro hac vice*)<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:stephen.ravin@saul.com<br>        turner.falk@saul.com<br>        maxwell.hanamirian@saul.com<br>*Counsel to the Debtors and Debtors in Possession* | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Jointly Administered) |
| In re:<br><br>PORT ELIZABETH TERMINATION &<br>WAREHOUSE CORP., *et al.*<br><br>                    Debtors.[1] | HEARING DATE:<br><br>**February 24, 2026 at 10:00 a.m. (ET)**<br><br>OBJECTION DEADLINE:<br><br>**February 17, 2026** |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER
### EXTENDING THE DEBTORS' EXCLUSIVE PERIOD TO FILE
### A CHAPTER 11 PLAN AND SOLICIT VOTES THEREON

By this motion (this "Motion"), the debtors and debtors in possession (the "Debtors") in

the above-captioned chapter 11 cases (the "Chapter 11 Cases") seek the entry of an order,

substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section

1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code"),

(a) extending the period in which the Debtors have the exclusive right to file a chapter 11 plan or

---

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690).

plans (the "Exclusive Filing Period") by 120 days, through and including July 13, 2026;[2] and

(b) extending the period in which the Debtors have the exclusive right to solicit acceptances of a

chapter 11 plan or plans (the "Exclusive Solicitation Period," and together with the Exclusive

Filing Period, the "Exclusive Periods") by 120 days, through and including September 10, 2026.

In support of this Motion, the Debtors respectfully represent as follows:

## BACKGROUND

1.      On November 14, 2025 (the "Petition Date"), the Debtors filed voluntary petitions

for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the

District of New Jersey (the "Court").

2.      A description of the Debtors' businesses, the reasons for commencing the chapter

11 cases (the "Chapter 11 Cases"), the relief sought from the Court, and the facts and circumstances

supporting this Motion are set forth in the *Declaration of Patrick Wynne in Support of First Day*

*Motions for Relief* [Docket No. 19].

3.      Collectively, the Debtors provide transportation, logistic, and warehouse related

services.  More specifically, the Debtors offer rail boxcar services, container handling services,

warehousing services, multiple shipping options (e.g., rail, truck, air, and international shipping),

specialized material handling services, cross docking, handling, and packing services, beverage

specialists and alcoholic beverages expertise services, and product care and protection services.

4.      The Debtors' Exclusive Filing Period is scheduled to expire on March 14, 2026,

and the Debtors' Exclusive Solicitation Period is scheduled to expire on May 13, 2026.  To ensure

that these Chapter 11 Cases continue to progress in an effective and efficient manner, the Debtors

---

[2] One-hundred twenty days after the current Exclusive Filing Period is July 12, 2026, a Sunday.  As such, because
July 12, 2026 is not a business day, the Debtors seek an extension to the following Monday, which is July 13, 2026.

57099131.2

seek the extensions requested herein so that they can work toward analyzing and finalizing potential sale transactions and addressing other pressing issues arising in these Chapter 11 Cases while also devoting appropriate time to formulating and discussing with key constituents the appropriate path forward in these Chapter 11 Cases.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory basis for the relief requested herein are sections 105(a) and 1121(d) of the Bankruptcy Code and Rule 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## RELIEF REQUESTED

7.      By the Motion, the Debtors seek entry of the Proposed Order, pursuant to sections 105(a) and 1121(d) of the Bankruptcy Code, (a) extending the Debtors' Exclusive Filing Period by 120 days, through and including July 13, 2026, and (b) extending the Debtors' Exclusive Solicitation Period by 120 days, through and including September 10, 2026.

## BASIS FOR RELIEF REQUESTED

8.      Section 1121(b) of the Bankruptcy Code provides that "only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter."  11 U.S.C. § 1121(b).  Sections 1121(c)(2) and (3) further provide, in relevant part, that a party in interest may file a plan if and only if "the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter" or "the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief."  *See* 11 U.S.C. § 1121(c)(2)–(3).

3

57099131.2

9.      Section 1121(d)(1) provides, in relevant part:

> [O]n request of a party in interest made within the respective periods in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1).

10.      Pursuant to section 1121(d)(2), the 120-day Exclusive Filing Period may not be extended beyond a date that is 18 months after the Petition Date, and the 180-day Exclusive Solicitation Period may not be extended beyond a date that is 20 months after the Petition Date. *See* 11 U.S.C. § 1121(d)(2). In the present case, the requested extensions of the Exclusive Periods, if granted, do not extend beyond these deadlines. Thus, this Motion is consistent with the requirements of Bankruptcy Code section 1121(d)(2).

**I.     A Court May Extend the Exclusive Periods for "Cause" under Section 1121(d) of the Bankruptcy Code**

11.      As indicated above, section 1121(d)(1) of the Bankruptcy Code provides that a court may extend Exclusive Periods for "cause" shown. *See* 11 U.S.C. § 1121(d); *In re Pine Run Trust, Inc.*, 67 B.R. 432, 433 (Bankr. E.D. Pa. 1986). The term "cause" is not defined in the Bankruptcy Code; rather, courts have broad discretion to determine "cause" based on the facts and circumstances of each case. *See First Am. Bank of N.Y. v. Southwest Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986) (stating that section 1121(d)(1) provided the bankruptcy court with flexibility to increase the period of exclusivity in its discretion); *see also In re Burns and Roe Enters., Inc.*, No 00-41610 (RG), 2005 WL 6289213, at *3–4 (D.N.J. Nov. 2, 2005); *In re Sharon Steel Corp.*, 78 B.R. 762, 763–65 (Bankr. W.D. Pa. 1987).

12.      Legislative history also makes clear that the term "cause" is intended to be a flexible standard aimed at balancing the competing interests of a debtor and its creditors. *See* H.R. Rep. No. 95-595 at 231–32 (1978). The purpose of exclusivity is to "promote an environment in which

57099131.2

the debtor's business may be rehabilitated and a consensual plan may be negotiated." *See* H.R.

Rep. No. 95-595, at 36 (1994); *Burns and Roe*, 2005 WL 6289213, at \*4. Accordingly, to fulfill

Congress's legislative intent, debtors should be granted a reasonable opportunity to remain in

control for a period of time to prepare adequate financial and non-financial information regarding

the outcome of any proposed plan for disclosure to creditors. *See In re McLean Indus., Inc.*, 87

B.R. 830, 833-34 (Bankr. S.D.N.Y. 1987); *see also In re All Seasons Indus., Inc.*, 121 B.R. 1002,

1006 (Bankr. N.D. Ind. 1990) ("One of the most important reasons for extending the debtor's

period of exclusivity is to give the chapter 11 process of negotiation and compromise an

opportunity to be fulfilled, so that a consensual plan can be proposed and confirmed without

opposition.").

13.    To determine whether cause exists to extend the Exclusive Periods, courts consider

several non-exclusive factors, including: (i) the size and complexity of a case; (ii) the debtor's

need for sufficient time to negotiate a plan and prepare adequate information; (iii) the existence of

good faith progress toward reorganization; (iv) whether the debtor is paying its bills as they come

due; (v) whether the debtor has shown a reasonable likelihood of proposing a viable plan; (vi) the

progress the debtor has made in negotiating with its creditors; (vii) the amount of time that has

elapsed in the case; (viii) whether the debtor is seeking an extension of the exclusive periods to

pressure creditors to submit to the debtors' reorganization demands; and (ix) whether any

unresolved contingencies exist. *See, e.g., In re Adelphia Comm. Corp.*, 352 B.R. 578, 587 (Bankr.

S.D.N.Y. 2006); *In re Dow Corning Corp.*, 208 B.R. 661, 664–65 (Bankr. E.D. Mich. 1997); *In re*

*Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996). No single factor is dispositive

in determining whether to extend exclusivity; rather, courts can choose to rely on only a few factors

or even altogether differing factors. *See In re Elder-Beerman Stores Corp.*, No. C-3-97-175, 1997

57099131.2

WL 1774880, at *4 (S.D. Ohio June 23, 1997); *Dow Corning*, 208 B.R. at 669–70 (noting that sometimes certain factors are more important or relevant than others).

14.     As set forth below, ample cause exists to grant the Debtors' requested extensions of the Exclusive Periods.

**II.     Cause Exists to Extend the Exclusive Periods**

**A.     The Debtors Have Made Good Faith Progress in these Chapter 11 Cases**

15.     The Debtors' good faith progress in these Chapter 11 Cases warrants the extensions requested herein. Since the Petition Date, the Debtors have, among other things, (i) obtained significant "first day" and other relief; (ii) retained various professionals; (iii) prepared and filed schedules and statements of financial affairs for the Debtors; (iv) analyzed potential sale transactions for certain of the Debtors' assets; and (v) otherwise attended to tasks required to administer these Chapter 11 Cases.

16.     The Debtors intend to maintain the speed and efficiency of these Chapter 11 Cases. That said, the Debtors are mindful of the time required to analyze potential sale transactions, draft a confirmable plan, and attend to the tasks required to administer these Chapter 11 Cases. The Debtors thus seek an extension of the Exclusive Periods so that the Debtors, in consultation with their key constituents, can work to develop a viable path forward.

**B.     The Debtors Have Demonstrated Reasonable prospect for Filing a Viable Plan or Plans**

17.     The Debtors' prospects for filing and ultimately confirming a viable chapter 11 plan are favorable. Indeed, the Debtors' progress in evaluating and analyzing potential sale transactions, as well as the speed in which the Debtors have made such progress, demonstrate that they will likewise be able to approach the plan formulation in an effective manner. The Debtors also submit that any proposed plan will be structured so as to ensure a maximum recovery to the

Debtors' creditors and parties in interest.  Thus, because the Debtors have reasonable prospects for filing a viable plan, an extension of the Exclusive Periods is warranted.

**C.    The Chapter 11 Cases Have Been Pending for a Short Period of Time**

18.    The fact that the Chapter 11 Cases have been pending for just over two months, during which time the Debtors have made significant progress, supports the requested extension of the Exclusive Periods.  The Debtors need additional time to analyze potential sale transactions, which in turn will permit the Debtors to craft a confirmable plan.  The requested extensions of the Exclusive Periods will provide the Debtors with the time needed to address these issues and thereby permit the Debtors to focus on both resolving such issues in a manner that best serves their estates and creditors and establishing a framework for a viable path forward without the distraction of a looming exclusivity deadline.

**D.    No Prejudice to Creditors**

19.    The Debtors do not believe that the requested extension of the Exclusive Periods will harm the Debtors' creditors or other parties in interest.  On the contrary, the Debtors have conducted these Chapter 11 Cases in an efficient manner, for the benefit of creditors and other parties in interest.  In addition, the Debtors are not seeking this extension to prejudice their creditors or to otherwise pressure creditors to submit to reorganization demands.  Instead, the Debtors seek the requested extension so that they can maintain the status quo in these Chapter 11 Cases while addressing the other significant time-sensitive and potentially case dispositive issues. Thus, because neither the Debtors' creditors nor any other party in interest will be prejudiced by the proposed extension of the Exclusive Periods, the Debtors submit that the relief requested should be approved.

57099131.2

20.    Lastly, although the Debtors hope to be in a position to file a chapter 11 plan or plans within the extended Exclusive Filing Period, the Debtors reserve the right to request further extensions of the Exclusive Periods for cause.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, in substantially in the form attached hereto as **Exhibit A**, (i) extending the Debtors' Exclusive Filing Period by 120 days through and including July 13, 2026; (ii) extending the Debtors' Exclusive Solicitation Period by 120 days, through and including September 10, 2026; and (iii) granting the Debtors such other and further relief as is just and proper.

Dated: February 3, 2026           **SAUL EWING LLP**

By:*/s/ Stephen B. Ravin*
    Stephen B. Ravin, Esquire
    Turner N. Falk, Esquire
    One Riverfront Plaza
    1037 Raymond Blvd., Suite 1520
    Newark, NJ 07102-5426
    Telephone: (973) 286-6714
    E-mail:stephen.ravin@saul.com
          turner.falk@saul.com

    -and-

    Maxwell M. Hanamirian, Esquire (admitted *pro hac vice*)
    1735 Market Street, Suite 3400
    Philadelphia, PA 19103-7504
    E-mail: maxwell.hanamirian@saul.com

    *Counsel for Debtors and Debtors in Possession*

8

57099131.2