**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey  07102
Telephone:  (973) 596-4500
Facsimile:  (973) 596-0545
John S. Mairo, Esq.
Robert K. Malone, Esq.
Brett S. Theisen, Esq.
Kyle P. McEvilly, Esq.
Amanda R. Simone, Esq.
E-mail: jmairo@fbtgibbons.com
       rmalone@fbtgibbon.com
       btheisen@fbtgibbons.com
       kmcevilly@fbtgibbons.com
       arsimone@fbtgibbons.com

*Counsel for the Official
Committee of Unsecured Creditors*

Order Filed on February 4, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*,[1]<br><br>Debtors | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING AND APPROVING THE RETENTION OF DUNDON ADVISERS LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PORT ELIZABETH TERMINAL & WAREHOUSE CORP., ET AL., EFFECTIVE AS OF DECEMBER 11, 2025**

The relief set forth on the following pages, numbered two (2) through four (4), is hereby

**GRANTED.**

**DATED: February 4, 2026**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

Upon the *Application of the Official Committee of Unsecured Creditors of Port Elizabeth Terminal & Warehouse Corp., et al., for Entry of an Order Authorizing and Approving the Employment and Retention of Dundon Advisers LLC as Financial Advisor, Effective as of December 11, 2025* (the "Application");[2] and upon the Declaration of Rick Wright filed in support of the Application (the "Wright Declaration"); and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Committee having provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefor; and it appearing to the Court that the Application should be approved,

**IT IS HEREBY ORDERED THAT:**

1. The Application is **GRANTED** as set forth herein.

2. The Committee is hereby authorized to retain and employ Dundon Advisers as its financial advisor pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, effective as of December 11, 2025.

3. Dundon shall apply for compensation for professional services rendered and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules and Local Rules, as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application or Wright Declaration.

4. Dundon shall (i) comply with the requirements of Local Rule 2016-1; (ii) not seek reimbursement of any fees or costs including attorney fees and costs arising from the defense of any objections to any of Dundon's fee application in these chapter 11 cases; (iii) use billing and expenses categories that are substantially similar to those set forth in the U.S. Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category"); (iv) only bill fifty percent (50%) for non-working travel; and (v) provide any and all monthly fee statements, interim fee applications and final fee applications in "LEDES" or Excel format to the U.S. Trustee.

5. Dundon shall provide ten (10) business days' notice of any rate increases to the Committee, the United States Trustee, and the Debtors before any increases in the rates set forth in the Application are implemented, and shall file a Supplemental Affidavit with the Court setting forth any such increases.

6. Dundon is entitled to reimbursement of actual and necessary expenses, including legal fees related to this Application and future fee applications as approved by the Court.

7. If there may be any inconsistency between the terms of the Application, the Wright Declaration, and this Order, the terms of this Order shall govern.

8. The Committee and Dundon are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

9. Notice of the Application, as provided therein, is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

10. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

11. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.