| |
|---|
| **UNITED STATES BANKRUPTCY COURT** |
| **DISTRICT OF NEW JERSEY** |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)* |
| **SAUL EWING LLP** |
| Stephen B. Ravin, Esquire |
| Turner N. Falk, Esquire |
| Maxwell M. Hanamirian, Esquire (admitted *pro hac vice*) |
| One Riverfront Plaza |
| 1037 Raymond Blvd., Suite 1520 |
| Newark, NJ 07102-5426 |
| Telephone: (973) 286-6714 |
| E-mail:   stephen.ravin@saul.com |
|          turner.falk@saul.com |
|          maxwell.hanamirian@saul.com |
| |
| *Counsel to the Debtors and Debtors in Possession* |

Chapter 11

Case No. 25-22123 (JKS)

(Jointly Administered)

In re:

PORT ELIZABETH TERMINAL & WAREHOUSE
CORP., *et al.*,

Debtors.[1]

# DEBTORS' MOTION FOR ENTRY OF AN ORDER
## APPROVING THE EXTENSION OF  DEBTORS' REAL
## PROPERTY LEASE WITH F. GREEK BRISTOL PROPERTIES, L.P.
## AS AMENDED BY THE LEASE EXTENSION AGREEMENT

By this motion (this "Motion"), the debtors and debtors in possession (the "Debtors") in

the above-captioned chapter 11 cases (the "Chapter 11 Cases") seek the entry of an order,

substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections

105(a), 363(b), and 365(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the

---

[1]    The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690). The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

57472052.4

"Bankruptcy Code") and Rules 6004-1 and 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), authorizing the Debtors to enter into a real property lease extension agreement (the "Lease Extension Agreement") extending the term of the Lease Agreement (as defined below) between the Debtors and F. Greek Bristol Properties, L.P. (the "Landlord"), which is attached as Exhibit 1 to the proposed order attached hereto as **Exhibit A** (the "Proposed Order").  In support of this Motion, the Debtors respectfully represent as follows:

## BACKGROUND

1.      On November 14, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court").

2.      A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases (the "Chapter 11 Cases"), the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Patrick Wynne in Support of First Day Motions for Relief* [Docket No. 19].

3.      Collectively, the Debtors provide transportation, logistic, and warehouse related services.  More specifically, the Debtors offer rail boxcar services, container handling services, warehousing services, multiple shipping options (e.g., rail, truck, air, and international shipping), specialized material handling services, cross docking, handling, and packing services, beverage specialists and alcoholic beverages expertise services, and product care and protection services.

## THE REAL PROPERTY LEASE

4.      The Landlord and Debtors Port Elizabeth Terminal & Warehouse Corp. and the Judge Organization, LLC entered into that certain lease agreement dated October 30, 2003

57472052.4

(together with any amendments, the "Lease Agreement").  Under the Lease Agreement, the Landlord rents building space located at 30 Runway Road, Levittown, Pennsylvania 19057 (the "Premises") to the Debtors.

5.    The Premises are vital to the Debtors' businesses and operations because it supports the Debtors' business relationship with its largest customer, Constellation Brands.  Debtor Port Elizabeth Terminal & Warehouse Corp. and Constellation Brands are parties to that certain Warehousing Agreement dated January 1, 2024 (collectively with any amendments, the "Warehousing Agreement").  Under the Warehousing Agreement, Constellation Brands uses 100% of the Premises.  Constellation Brands, who also uses 100% of the Debtors' facility located in Jersey City, New Jersey, produces approximately $18 million in revenue per year for the Debtors.  Expiration of the Lease Agreement would likely substantially harm the Debtors' business relationship with Constellation Brands and render the Debtors insolvent immediately.

6.    The Lease Agreement is set to expire on March 31, 2026.  The Landlord and the Debtors mutually seek extend the Lease Agreement, in accordance with the Lease Extension Agreement.

## JURISDICTION AND VENUE

7.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

8.    The statutory bases for the relief requested herein are section 105(a), 363(b) and 365(a) of the Bankruptcy Code and Rules 6004-1 and 9013-1 of the Local Rules.

3

57472052.4

**RELIEF REQUESTED**

9.      By the Motion, the Debtors seek entry of the Proposed Order, pursuant to sections 105(a), 363(b), and 365(a) of the Bankruptcy Code and Rules 6004-1 and 9013-1 of the Local Rules authorizing the Debtors to enter into the Lease Extension Agreement.

**BASIS FOR RELIEF REQUESTED**

10.     Section 105(a) of the Bankruptcy Code provides that the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

11.     Section 363(b) of the Bankruptcy Code states, "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. 11 U.S.C. § 363(b)(1).  As echoed in *In re Boy Scouts of America*, section 363(b) of the Bankruptcy code permits that "a debtor may, with approval from the bankruptcy court, 'use, sell, or lease . . . property of the estate' outside the ordinary course."  137 F.4th 126, 150 (3rd Cir. 2025) (quoting 11 U.S.C. § 363(b)(1)).  "In determining to authorize the use, sale or lease of property of the estate under this section, courts require the debtor to show that a sound business purpose justifies such actions."  *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) (citing *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991); *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983); *In re Lady H Coal Co., Inc.*, 193 B.R. 233, 243 (Bankr. S.D.W. Va. 1996); *In re WBQ Partnership*, 189 B.R. 97, 102 (Bankr. E.D. Va. 1995); *In re Indus. Valley Refrig. & Air Cond. Supplies*, 77 B.R. 15, 21 (Bankr. E.D. Pa. 1987)).

12.     To determine whether a "sound business purpose justifies sale of property under section 363 [of the Bankruptcy Code]," courts consider various factors under a "business judgment" test.  *In re Culp*, 550 B.R. 683, 697 (D. Del. 2015) (citing *Montgomery*, 242 B.R. at

4

153).  These factors include "the proportionate value of the asset to the bankruptcy estate as a whole; the amount of elapsed time since the filing; the effect of a proposed distribution; the difference between the proceeds to be realized versus the appraised value of the property; and whether the asset is increasing or decreasing in value." *Culp*, 550 B.R. at 697 (citing *Montgomery*, 242 B.R. at 153–54).

13.     Section 365(a) of the Bankruptcy Code states, "the [debtor], subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  "[S]ection 365 set forth a federal substantive right of a debtor in possession to assume an unexpired lease when it reasonably believes such assumption will benefit the estate and its ability to reorganize, or to reject the lease when rejection is in its best interests." *In re Mushroom Transp. Co., Inc.*, 78 B.R. 754, 758 (Bankr. E.D. Pa. 1987) (citing Scott B. Ehrlich, *The Assumption and Rejection of Unexpired Real Property Leases under the Bankruptcy Code – a New Look*, 32 Buffalo L.Rev. 1 (1983)).  To determine whether an unexpired lease may be assumed, a debtor "must show a sound business purpose." *In re Filene's Basement, LLC*, No. 11-13511 (KJC), 2014 WL 1713416, *10 (Bankr. D. Del. 2014) (citing *Androse Assoc. of Allaire, LLC v. Great Atlantic & Pacific Tea Co., Inc.*, 472 B.R. 666, 672 (S.D.N.Y. 2012); *In re ANC Rental Corp., Inc.*, 278 B.R. 714, 723 (Bankr. D. Del. 2002)).

14.     A sound business purpose justifies the Debtors' entry into the Lease Extension Agreement with the Landlord.  The Lease Agreement is an extremely valuable asset to the Debtors' bankruptcy estates.  The Lease Agreement supports the Debtors' ability to provide Constellation Brands, the Debtors' largest customer, with 100% use of the Premises.  If the Lease Agreement were to expire, the Debtors' business relationship with Constellation Brands would be substantially harmed and cost the Debtors millions of dollars in annual revenue.  Such a loss of revenue would

5

likely render the Debtors immediately insolvent and cause irreparable harm to its business relationship with Constellation Brands. Additionally, as the Debtors are evaluating potential sales transactions, a damaged relationship with its largest customer would likely harm the Debtors' ability to consummate a sale in these chapter 11 cases.

15. The Motion satisfies the requirements of Rule 6004-1 of the Local Rules.

## **RESERVATION OF RIGHTS**

16. The Debtors and the Landlord reserve their respective rights as to any prepetition cure amounts.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, approving the Lease Extension Agreement and granting the Debtors such other and further relief as is just and proper.

Dated: March 26, 2026            **SAUL EWING LLP**

By: */s/ Stephen B. Ravin*
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail: stephen.ravin@saul.com
turner.falk@saul.com

-and-

Maxwell M. Hanamirian, Esquire (admitted *pro hac vice*)
1735 Market Street, Suite 3400
Philadelphia, PA 19103-7504
E-mail: maxwell.hanamirian@saul.com

*Counsel for Debtors and Debtors in Possession*