**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004(1)(b)*

**LAVERY, SELVAGGI & COHEN, P.C.**
James F. Moscagiuri, Esq.
1001 Route 517
Hackettstown, New Jersey 07840
Tel: (908) 852-2600
E-mail: jmoscagiuri@lsaclaw.com

*Counsel for Movants, Andy M. Castillo,*
*Julio Andres Matos Angomas, and*
*Kristal Marie Soto*

In Re:

PORT ELIZABETH TERMINAL &
WAREHOUSE CORP., et al.,

                          Debtors.

Case No. 25-22123 (JKS)

(Jointly Administered)

Chapter 11

**Hearing Date:** May 12, 2026, at 10:00am

**Judge:** Hon. John K. Sherwood, U.S.B.J.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**FOR ENTRY OF AN ORDER GRANTING RELIEF FROM AUTOMATIC STAY**
**TO PURSUE INSURANCE PROCEEDS ONLY**

**THIS MEMORANDUM OF LAW**, filed by Andy M. Castillo, Julio Andres Matos Angomas, and Kristal Marie Soto ("Movants"), by and through their undersigned counsel, respectfully represent:

**BACKGROUND**

Movants are plaintiffs in a personal injury lawsuit currently pending in the Supreme Court of the State of New York, County of Queens, captioned *Andy M. Castillo, Julio Andres Matos Angomas, and Kristal Marie Soto v. P. Judge & Sons, Inc., LI Hauling, Inc., and Luis A. Constante*, bearing Index No. 707452/2024 (the "Castillo Lawsuit").

The Castillo Lawsuit arises from a motor vehicle accident that occurred on September 28, 2023, wherein it is alleged that Movants suffered catastrophic injuries as a result of the negligent

operation of a 2007 Freightliner Motor Vehicle owned and operated by the Co-Debtor, P. Judge & Sons, Inc.  On December 19, 2025, counsel for defendants in the Castillo Lawsuit filed a request to stay the civil proceedings because of the automatic bankruptcy stay entered herein pursuant to 11 U.S.C. § 362.

The Movants now seek relief from the automatic stay in order to pursue the insurance proceeds in the pending Castillo Lawsuit.

### LEGAL ARGUMENT

Pursuant to New York law, it is well established that a bankruptcy stay or discharge "does not bar a plaintiff in a personal injury action from obtaining a judgment against the bankrupt defendant[s] for the limited purpose of pursuing payment from defendant's insurance carrier". Lang v. Hanover Ins. Co., 3 N.Y.3d 350, 355, 820 N.E.2d 855 (N.Y. 2004) (citation omitted).

Pursuant to 11 U.S.C. § 362(d)(1), relief from the automatic stay is warranted "for cause." Cause exists here because: (1) Movants do not seek to recover from the Debtor or from the Bankruptcy Estate personally; (2) the Debtor's insurance carrier is responsible for providing a defense and payment of damages (within policy limits); and (3) the continuation of the lawsuit will not prejudice the Bankruptcy Estate or the Creditors.  Moreover, "[w]hen an action seeks to recover from a Debtor's insurance policy and the Debtor is represented by the insurer, courts routinely grant stay relief because the burden on the estate is likely to be outweighed by the hardship on the plaintiff if the action is not permitted to continue." *In re Almonacy*, No. 10-37235 DHS, 2011 WL 13659, at *3 (Bankr. D.N.J. Jan. 4, 2011) (citing *First Fidelity Bank v. McAteer*, 985 F.2d 114, 188 (3d Cir. 1993); *Houston v. Edgeworth* (*In re Edgeworth*), 993 F.2d 51, 54–55 (5th Cir. 1993); *In re Hendrix*, 986 F.2d 195 (7th Cir. 1993); *Green v. Welsh*, 956 F.2d 30 (2d Cir. 1992); *In re Shondel*, 950 F.2d 1301 (7th Cir. 1991); *In re Jet Florida Systems, Inc.*, 883 F.2d 970 (11th Cir.

1989).

In fact, it would be a gross miscarriage of justice to block the Movants from recovering for their catastrophic personal injuries from an available policy of insurance, when the Debtor lawfully contracted with the insurance carrier to provide coverage for claims such as those alleged by the Movants.  The automatic bankruptcy stay should not inure to the benefit of a completely solvent third-party insurance carrier, while leaving innocent victims who were injured by the Debtor without any recourse.  Especially, such as here, where granting relief from the automatic stay would have no effect on the Creditors.

**CONCLUSION**

For the foregoing reasons, the Movants request entry of the proposed order submitted herewith granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) permitting Movants to proceed with the personal injury lawsuit against the Debtor only to the extent of available insurance coverage with Debtor remaining in the lawsuit as a party pursuant to New York Law.

LAVERY, SELVAGGI & COHEN, P.C.

By:  /s/ James F. Moscagiuri, Esq.

DATED: April 17, 2026                          James F. Moscagiuri, Esq.