# EXHIBIT A

## Proposed Order

57724647.2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

*Caption in Compliance with D.N.J. LBR 9004-1(b)*
**SAUL EWING LLP**
Stephen B. Ravin, Esq.
Turner N. Falk, Esq.
Maxwell M. Hanamirian, Esq. (admitted *pro hac vice*)
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail:  stephen.ravin@saul.com
         turner.falk@saul.com
         maxwell.hanamirian@saul.com

*Counsel to the Debtors and Debtors in Possession*

In re:

PORT ELIZABETH TERMINAL & WAREHOUSE
CORP., *et al.*,

                 Debtors.[1]

Chapter 11

Case No. 25-22123 (JKS)

(Jointly Administered)

**Re: Doc. No. 248**

### ORDER GRANTING MOTION OF ANDY M. CASTILLO, JULIO ANDRES MATOS ANGOMAS, AND KRISTAL MARIE SOTO FOR RELIEF FROM THE AUTOMATIC STAY SOLELY TO THE EXTENT OF LIABILITY INSURANCE PROCEEDS

The relief set forth on the following pages numbered two (2) through five (5) is hereby

**ORDERED.**

---

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690). The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

57724647.2

Page 2
Debtors:        Port Elizabeth Terminal & Warehouse Corp., *et al*.
Case No.       25-22123 (JKS)
Caption:       ORDER GRANTING MOTION OF ANDY M. CASTILLO, JULIO ANDRES MATOS ANGOMAS, AND KRISTAL MARIE SOTO FOR RELIEF FROM THE AUTOMATIC STAY SOLELY TO THE EXTENT OF LIABILITY INSURANCE PROCEEDS

AND NOW, upon consideration of Andy M. Castillo, Julio Andres Matos Angomas, and Kristal Marie Soto (the "**Movants**") *Memorandum of Law in Support of Motion for Entry of an Order Granting Relief from Automatic Stay to Pursue Insurance Proceeds Only* [Docket No. 248] (the "**Motion**") to proceed with a civil action in the Supreme Court of the State of New York, County of Queens, captioned as *Andy M. Castillo, Julio Andres Matos Angomas, and Kristal Marie Soto v. P. Judge & Sons, Inc., et al.*, Index No. 707452/2024 (the "**Action**") and the Court, having found that cause exists under 11 U.S.C. § 362(d)(1); it is hereby ORDERED, that:

1.      The Motion is granted, as set forth herein.

2.      The stay afforded by section 362 of the Bankruptcy Code is hereby modified solely to permit the Action to proceed; *provided, however*, that with respect to any settlement, resolution or judgement against the Debtors in connection with the Action, the Movants shall look strictly and solely to the proceeds of any available insurance policies (the "**Insurance Policies**"), subject to the limits and terms and conditions of such Insurance Policies. Neither the Movants nor any of their agents, attorneys, or representatives shall take any action or attempt to cause any action to be taken to collect all or any portion of any settlement, resolution or judgment obtained on account of or in connection with the Action from the Debtors and/or properties and assets of any of the Debtors' estates.

3.      The Movants waive (i) the abilities to recover on any and all claims that they have or may have against the Debtors of their estates arising out of, related to, or in connection with, the Action, other than from the Insurance Policies, and (ii) the ability to file a proof of claim in the

Page 3
Debtors:        Port Elizabeth Terminal & Warehouse Corp., *et al.*
Case No.        25-22123 (JKS)
Caption:        ORDER GRANTING MOTION OF ANDY M. CASTILLO, JULIO ANDRES MATOS ANGOMAS, AND KRISTAL MARIE SOTO FOR RELIEF FROM THE AUTOMATIC STAY SOLELY TO THE EXTENT OF LIABILITY INSURANCE PROCEEDS

Chapter 11 Cases and/or seek recovery on account of any and all other claims they may have against the Debtors and/or their estates.

4.      Except to the extent expressly set forth in paragraph 2 herein, the automatic stay of section 362(a) of the Bankruptcy Code shall remain in full force and effect for all other purposes. Nothing herein shall constitute or operate as a waiver or modification of the automatic stay so as to permit the prosecution against any of the Debtors of any claims by any person or entity other than the Movants with respect to the Action, subject to the limitations set forth herein.

5.      Nothing in this Order shall be deemed or construed as an agreement by the Debtors to provide assistance or to cooperate with the Movants in any way in their efforts to pursue coverage and/or recovery in connection with the Action or to secure coverage and/or payment from the Insurance Policies, if any, on any settlement or judgment arising from the Action.

6.      Nothing in this Order shall provide a basis for or constitute a determination as to the availability or applicability of coverage or payment by the Insurance Policies or the Movants' rights or entitlement to the proceeds of such Insurance Policies, and all insurers' rights and remedies are reserved.

7.      The Movants have acknowledged that (i) the Debtors, any post-confirmation reorganized debtors, or any post-confirmation trusts, are not paying any portion of any deductible, self-insured retention or other amount related to the Action or to any applicable Insurance Policy, and (ii) the Debtors and their counsel have not made any representations or warranties as to whether any of the Insurance Policies provide coverage or would otherwise provide payment related to the Action.  Any determination made by the Movant as to the availability of coverage or

57724647.2

Page 4

| | |
|---|---|
| Debtors: | Port Elizabeth Terminal & Warehouse Corp., *et al*. |
| Case No. | 25-22123 (JKS) |
| Caption: | ORDER GRANTING MOTION OF ANDY M. CASTILLO, JULIO ANDRES MATOS ANGOMAS, AND KRISTAL MARIE SOTO FOR RELIEF FROM THE AUTOMATIC STAY SOLELY TO THE EXTENT OF LIABILITY INSURANCE PROCEEDS |

payment from the Insurance Policies is made wholly on the basis of the Movants' independent investigation.

8.     This Order shall become effective immediately upon entry by the Court and is not subject to the fourteen-day stay provided in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

[Remainder of page left intentionally blank]

57724647.2

Page 5

Debtors:      Port Elizabeth Terminal & Warehouse Corp., *et al*.
Case No.      25-22123 (JKS)
Caption:      ORDER GRANTING MOTION OF ANDY M. CASTILLO, JULIO ANDRES MATOS ANGOMAS, AND KRISTAL MARIE SOTO FOR RELIEF FROM THE AUTOMATIC STAY SOLELY TO THE EXTENT OF LIABILITY INSURANCE PROCEEDS

9.      The Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order

**AGREED AND APPROVED**

**SAUL EWING LLP**

By: */s/ Stephen B. Ravin*
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail:stephen.ravin@saul.com
      turner.falk@saul.com

-and-

Maxwell M. Hanamirian, Esquire (admitted *pro hac vice*)
1735 Market Street, Suite 3400
Philadelphia, PA 19103-7504
E-mail: maxwell.hanamirian@saul.com

*Counsel for Debtors and Debtors in Possession*

**LAVERY, SELVAGGI & COHEN, P.C.**

*/s/ James F. Moscagiuri*
James F. Moscagiuri, Esquire
1001 Route 517
Hackettstown, NJ 07840
Telephone: (908) 852-2600
E-mail: jmoscagiuri@lsaclaw.com

*Counsel for Movants, Andy M. Castillo, Julia Andres Matos Angomas, and Kristal Marie Soto*

57724647.2