### THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY
### D.N.J. LBR 2016-1, FEE APPLICATION COVER SHEET

**In re:** Port Elizabeth Terminal & Warehouse Corp.

**Applicant**: FBT Gibbons LLP

**Case No.** 25-22123 (JKS)

**Client**: Official Committee of Unsecured Creditors

**Chapter** 11

**Case Filed**: November 14, 2025

**FIRST INTERIM FEE APPLICATION OF FBT GIBBONS LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM DECEMBER 8, 2025 THROUGH FEBRUARY 28, 2026**

### SECTION 1 — FEE SUMMARY

| NAME | TITLE | YEAR OF FIRST ADMISSION | HOURS BILLED | RATE | FEES BILLED |
|---|---|---|---|---|---|
| John S. Mairo | Partner | 1994 | 21.9<br>44 | $1,025.00<br>$1,100.00 | $22,447.50<br>$48,400.00 |
| Brett Theisen | Partner | 2011 | 4.7<br>1.6 | $850.00<br>$905.00 | $3,995.00<br>$1,448.00 |
| Christopher P. Anton | Counsel | 1991 | 1.7 | $875.00 | $1,487.50 |
| Kyle P. McEvilly | Sr. Associate | 2021 | 19.9<br>27.6 | $525.00<br>$560.00 | $10,447.50<br>$15,456.00 |
| Amanda R. Simone | Associate | 2024 | 6.3<br>41.7 | $425.00<br>$450.00 | $2,677.50<br>$18,765.00 |
| Edna N. Munera | Paralegal | N/A | 5.1<br>13 | $340.00<br>$385.00 | $1,734.00<br>$5,005.00 |
|  |  | **TOTALS:** | **187.5** |  | **$131,863.00** |

| | |
|---|---|
| Interim Period Fees Requested: | $131,863.00 |
| Disbursement Total: | $2,921.90 |
| **Total First Interim Fee Application:** | **$134,784.90** |
| Total Received by FBT Gibbons LLP: | $105,490.40 |
| **Total to be Paid upon Approval of First Interim Fee Application:** | **$29,294.50** |

1

### SECTION II — SUMMARY OF SERVICES

| SERVICES RENDERED | HOURS | FEE |
|---|---|---|
| **Asset Analysis and Recovery** <br> Identification and review of potential assets including causes of action and non-litigation recoveries. | 41.3 | $23,880.50 |
| **Asset Disposition** <br> Sales, leases, abandonment and related transaction work related to asset disposition. | 7 | $6,633.50 |
| **Assumption and Rejection of Leases and Contracts** <br> Analysis of leases and executory contracts and preparation of motions specifically to assume or reject. | .6 | $660.00 |
| **Business Operations** <br> Issues related to debtor-in-possession operating in chapter 11 such as employee, vendor, tenant issues and other similar problems. | 2.3 | $2,380.00 |
| **Case Administration** <br> Coordination and compliance activities not specifically covered by another category. | 21.9 | $12,352.00 |
| **Claims Administration and Objections** <br> Specific claim inquiries; bar date motions; analyses, objections and allowances of claims. | 1.1 | $1,075.00 |
| **Employment and Fee Applications** <br> Preparation of employment and fee applications for self or others; motions to establish interim procedures. | 29.8 | $16,021.50 |
| **Fact Investigation/Development** <br> Gather, analyze, and verify facts and documents. | 1.8 | $955.00 |
| **Financing and Cash Collateral** <br> Matters under sections 361, 363 and 364 including cash collateral and secured claims; loan document analysis. | 38.9 | $35,032.50 |
| **General Bankruptcy Advice/Opinions** <br> Providing legal advice and analysis regarding bankruptcy rights, obligations, strategy, and case-related issues, including review of facts and applicable law. | 1 | $450.00 |
| **Meetings and Communications with Creditors** <br> Preparation for and attendance at section 341(a) meeting and any other meetings with creditors and creditors' committees. | 27.6 | $23,713.50 |
| **Other Contested Matters** <br> Excluding assumption/rejection motions | 12.4 | $7,323.50 |
| **Plan and Disclosure Statement** | .7 | $770.00 |

2

| SERVICES RENDERED | HOURS | FEE |
|---|---|---|
| Formulation, presentation and confirmation; compliance with the plan confirmation order, related orders and rules; disbursement and case closing activities, except those related to the allowance and objections to allowance of claims. | | |
| **Trial Hearing and Attendance**<br>Attendance at trial or contested hearing, including court appearance, presentation of argument, examination of witnesses, and participation in proceedings. | 1.1 | $616.00 |
| **SERVICES TOTAL:** | **187.50** | **$131,863.00** |

3

## SECTION III — SUMMARY OF DISBURSEMENTS

| DISBURSEMENTS | AMOUNT |
|---|---|
| **Pacer Fees**<br>Payable to the Pacer Service Center for search and/or print. | $43.90 |
| **Other Research**<br>Title searches, UCC searches, Asset searches, Accurint. | $2,878.00 |
| **DISBURSEMENTS TOTAL:** | **$2,921.90** |

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>**FBT GIBBONS LLP**<br>One Gateway Center<br>Newark, New Jersey 07102<br>(973) 596-4500 Telephone<br>(973) 596-0545 Facsimile<br>John S. Mairo, Esq.<br>E-mail: jmairo@fbtgibbons.com<br><br>*Counsel to Official Committee of Unsecured Creditors* | |
| In Re:<br><br>PORT ELIZABETH TERMINAL &<br>WAREHOUSE CORP, *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-22123 (JSK)<br><br>(Jointly Administered)<br><br><br>**Objection Deadline: June 22, 2026** |

**FIRST INTERIM FEE APPLICATION OF FBT GIBBONS LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM <u>DECEMBER 8, 2025 THROUGH FEBRUARY 28, 2026</u>**

FBT Gibbons LLP ("<u>FBT Gibbons</u>"), as counsel to the Official Committee of Unsecured Creditors (the "<u>Committee</u>") in the above-captioned matter, submits its First Interim Fee Application (the "<u>Application</u>") for entry of an order substantially in the form submitted herewith pursuant to sections 330 and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 2016-1 and 2016-3 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "<u>Local Rules</u>"), as its First Interim Fee Application for compensation for services

---

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690). The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

rendered and reimbursement of expenses incurred for the period of December 8, 2025 through February 28, 2026 (the "First Interim Compensation Period"). By this Application, pursuant to the Compensation Procedures Order (defined below), FBT Gibbons seeks allowance and payment of compensation in the amount of $131,863.00 for services rendered during the First Interim Compensation Period, and allowance and reimbursement of its actual and necessary expenses incurred in the amount of $2,921.90 during the First Interim Compensation Period. In support of the Application, FBT Gibbons respectfully represents as follows:

## BACKGROUND

1.      On November 14, 2025 (the "Petition Date"), Port Elizabeth Terminal & Warehouse Corp. (the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases") in the United States Bankruptcy Court for the District of New Jersey.

2.      On December 9, 2025, the Court entered the *Administrative Order Granting Debtors' Motion to Establish Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 71] (the "Compensation Procedures Order"). Pursuant to the Compensation Procedures Order, professionals, as directed therein, may file with the Court and serve monthly fee statements on or before the 25th day of each month. If there are no objections to a monthly fee statement, then the professionals are entitled to payment in the amount of eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the monthly fee statement.

3.      The Compensation Procedures Order further provides that professionals may file interim fee applications for allowance of compensation and reimbursement of expenses of the amount sought in the monthly fee statements, including the twenty percent (20%) holdback, pursuant to section 331 of the Bankruptcy Code.

2

4.      The Office of the United States Trustee (the "U.S. Trustee") has established certain Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases (the "Revised UST Guidelines"). The U.S. Trustee has promulgated forms to aid in compliance with the Revised UST Guidelines. Charts and tables based on such forms are attached hereto as exhibits and filled out with data to the extent relevant to these Chapter 11 Cases:

**Exhibit A:** Customary And Comparable Compensation Disclosures With Fee Applications;

**Exhibit B:** Summary of Timekeepers Included In This Fee Application;

**Exhibit C:** Summary of Compensation Requested By Project Category;

**Exhibit D:** Summary of Expense Reimbursement Requested By Category; and

**Exhibit E:** Summary Cover Sheet of Fee Application

**FBT GIBBONS' APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES**

**A.      Interim Fee Applications**

5.      This is FBT Gibbons' first interim application for allowance of compensation for services rendered and reimbursement of expenses incurred in these Chapter 11 Cases.

**B.      Monthly Fee Statements During the First Interim Compensation Period**

6.      In accordance with the procedures prescribed in the Compensation Procedures Order, during the First Interim Compensation Period, FBT Gibbons filed and served monthly fee statements (the "Monthly Fee Statements").

7.      In accordance with the Compensation Procedures Order, FBT Gibbons seeks interim approval of all fees and expenses sought in the Monthly Fee Statements and payment in an amount equal to the difference between the amount of the fees and expenses allowed and the

3

actual payments received by FBT Gibbons on account of the Monthly Fee Statements (*i.e.*, $131,863.00 – $105,490.40 = $29,294.50).

### **JURISDICTION, VENUE, AND STATUTORY BASIS**

8.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey, entered July 23, 1984, and amended September 18, 2012 and June 6, 2025. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rules 2016-1 and 2016-3.

### **SUMMARY OF SERVICES RENDERED AND EXPENSES INCURRED DURING THE FIRST INTERIM COMPENSATION PERIOD**

9.      The compensation requested in this Application is reasonable based on the nature and extent of the services rendered, the size and complexity of these Chapter 11 Cases, the time, labor, and special expertise brought to bear on the questions presented, and other related factors.

10.     As described in further detail herein, during the First Interim Compensation Period, the professional services performed by FBT Gibbons were necessary and appropriate to fulfill the obligations of the Committee and protect the rights of its members and constituents. Given the nature and complexity of the issues at hand, the Committee performed these tasks in an expeditious, efficient manner and in the best interests of its constituents and other parties in interest. As such, FBT Gibbons submits that the compensation sought herein is reasonable within the meaning of sections 330 and 331 of the Bankruptcy Code.

11.     As set forth in the Application cover sheet submitted herewith, FBT Gibbons rendered an aggregate total of 187.5 hours of professional services during the First Interim Compensation Period, for which it seeks compensation of $131,863.00.

12.     In addition to the foregoing, FBT Gibbons incurred out-of-pocket expenses during the First Interim Compensation Period in the amount of $2,921.90, which were actual and necessary expenses in connection with rendering the professional services described above pursuant to section 330(a)(1)(B) of the Bankruptcy Code. A summary of the expenses FBT Gibbons has incurred in the course of its representation of the Committee during the First Interim Compensation Period is included as Section III of the Application cover sheet. Such expenses include charges incurred for accessing PACER and other research. FBT Gibbons has made every effort to minimize the expenses in this matter by utilizing the most cost-efficient methods of communication consistent with the necessary time restraints.

## CERTIFICATION OF COUNSEL

13.     A Certification of Counsel is attached hereto as **Exhibit F**.

## COMPLIANCE WITH GUIDELINES

14.     FBT Gibbons believes that this Application substantially complies with the Local Rules of this Court and the Revised UST Guidelines for fee applications. To the extent there has not been material compliance with any particular rule or guideline, FBT Gibbons respectfully requests a waiver or an opportunity to cure.

## CONCLUSION

**WHEREFORE**, for all of the foregoing reasons, FBT Gibbons respectfully requests: (i) allowance of compensation for professional services rendered as counsel to the Committee during the First Interim Compensation Period in the amount of $131,863.00; (ii) reimbursement of actual and necessary expenses incurred by FBT Gibbons in the amount of $2,921.90; (iii) payment of the

outstanding fees and expenses due FBT Gibbons for the First Interim Compensation Period in the

amount of $29,294.50; and (iv) such other and further relief as this Court deems just and proper.

Dated: June 2, 2026

/s/ John S. Mairo
John S. Mairo, Esq.
**FBT Gibbons LLP**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500 Telephone
(973) 596-0545 Facsimile
jmairo@fbtgibbons.com

*Counsel to the Official Committee of
Unsecured Creditors*

6