**Exhibit "F"**

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>**FBT GIBBONS LLP**<br>One Gateway Center<br>Newark, New Jersey 07102<br>(973) 596-4500 Telephone<br>(973) 596-0545 Facsimile<br>John S. Mairo, Esq.<br>E-mail: jmairo@fbtgibbons.com<br><br>*Counsel to Official Committee of Unsecured Creditors* | |
| In Re:<br><br>PORT ELIZABETH TERMINAL &<br>WAREHOUSE CORP, *et al*.,<br><br>            Debtors.[1] | Chapter 11<br><br>Case No. 25-22123 (JSK)<br><br>(Jointly Administered) |

## CERTIFICATION OF JOHN S. MAIRO, ESQUIRE

**JOHN S. MAIRO,** certifies pursuant to 28 U.S.C. § 1746, as follows:

1.      I am a Partner at FBT Gibbons LLP ("FBT Gibbons"), counsel to the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned matter.  I submit this Certification in connection with FBT Gibbons' First Interim Fee Application for an allowance of compensation for professional services rendered and reimbursement of expenses for the period from December 8, 2025 through February 28, 2026 (the ''First Interim Fee Application").

2.      In accordance with 18 U.S.C. § 155 and the Rules of this Court, neither I nor any attorney of my firm has entered into any agreement, written or oral, express or implied, with the Debtor[2], any creditor, or any other party in interest, or any attorney of such person, for the purpose

---

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690).  The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the assets of the Debtor.

3.      In accordance with section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm or any attorney thereof, on the one hand, and any other person, on the other hand, for the division of such compensation as my firm may receive from the Court herein, nor will any division of fees prohibited by section 504 of the Bankruptcy Code be made by me, or any attorney of my firm.

4.      I have reviewed the requirements of D.N.J. LBR 2016-3, the Revised UST Guidelines and the Compensation Procedures Order, and certify to the best of my knowledge and belief that this First Interim Fee Application substantially complies with such local rule, order and guidelines.

I certify, under penalty of perjury, that the foregoing statements made by me are true and correct, to the best of my knowledge, information, and belief.

Dated: June 2, 2026

/s/ *John S. Mairo*
John S. Mairo

**FBT Gibbons LLP**