| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>Maxwell M. Hanamirian, Esquire (admitted *pro hac vice*)<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:   stephen.ravin@saul.com<br>            turner.falk@saul.com<br>            maxwell.hanamirian@saul.com<br><br>*Counsel to the Debtors and Debtors in Possession* | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Jointly Administered) |
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*,<br><br>                    Debtors.[1] | |

## DECLARATION OF SOFIA CORDERO

1.      I am a partner in the firm of Forvis Mazars, LLP ("**Mazars**"), which serves as

account to the debtors and debtors-in-possession (the "**Debtors**").

2.      I am familiar with the work performed by Mazars on behalf of the Debtors.

3.      I have read the foregoing Second Interim Fee Application[2] of Mazars for allowance

of compensation and reimbursement of expenses for the period from February 1, 2026 through

---

[1]      The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690).  The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

[2]      Terms capitalized but not defined herein shall have the meaning ascribed to them in the Second Interim Fee Application.

58010607.1

April 30, 2026 and know the contents thereof and that the same are true and correct, to the best of my knowledge, information and belief.

4.  I hereby certify that the Application complies with the Interim Compensation Order and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and Local Rule 2016-1.  I hereby certify that, in accordance with the Interim Compensation Order and in connection with the Second Interim Fee Application, Mazars made a reasonable effort to comply with the U.S. Trustee Guidelines.

5.  There is no agreement or understanding between Mazars and any other person for a division of compensation as Debtors' counsel and no previous compensation has been shared by Mazars.

6.  No division prohibited by the Bankruptcy Code will be made by Mazars.

7.  No agreement prohibited by Title 18, Section 155 has been made.

Dated: June 16, 2026

/s/ Sofia Cordero

Sofia Cordero

9

58010607.1