<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
*Caption in Compliance with D.N.J. LBR 9004-1(b)*
**SAUL EWING LLP**
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
Maxwell M. Hanamirian, Esquire (admitted *pro hac vice*)
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail:  stephen.ravin@saul.com
  turner.falk@saul.com
  maxwell.hanamirian@saul.com

*Counsel to the Debtors and Debtors in Possession*

In re:

PORT ELIZABETH TERMINAL & WAREHOUSE
CORP., *et al.*,

Debtors.[1]

</td><td>

Chapter 11

Case No. 25-22123 (JKS)

(Jointly Administered)

</td></tr>
</table>

**SECOND INTERIM FEE APPLICATION OF SCOPELITIS,
GARVIN, LIGHT, HANSON & FEARY, P.C., SPECIAL
COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM FEBRUARY 1, 2026 THROUGH APRIL 30, 2026**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**"), Scopelitis Garvin, Light, Hanson & Feary, P.C. ("**Scopelitis**"

---

[1]    The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690).  The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

57960215.2

or the "**Applicant**"), special counsel to the debtors and debtors-in-possession (the "**Debtors**"),

hereby applies to the Court for its second interim fee application (the "**Second Interim Fee**

**Application**") for professional services rendered and reimbursement of actual and necessary

expenses incurred for the period February 1, 2026 through April 30, 2026 (the "**Application**

**Period**") in connection with its retention as counsel to the Debtors and in accordance with the

*Administrative Order Granting Debtors' Motion to Establish Procedures for Allowance and*

*Payment of Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 71] (the

"**Interim Compensation Order**").  In accordance with the Interim Compensation Order, Scopelitis

seeks interim approval and allowance of compensation in the amount of $4,125.00, and

reimbursement of $0.00, for the Application Period.  In support of the Second Interim Fee

Application, Saul Ewing respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of New Jersey (the "**Court**") has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding

within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this District pursuant to 28 U.S.C.

§§ 1408 and 1409.

2.      The statutory basis for the relief requested herein are sections 330 and 331 of the

Bankruptcy Code, Bankruptcy Rule 2016, and  Rule 2016-1 of the Local Bankruptcy Rules of the

United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## BACKGROUND

3.      On November 14, 2025 (the "Petition Date"), the Debtors filed voluntary petitions

for relief under chapter 11 of the Bankruptcy Code in the Court.

4.      A description of the Debtors' businesses, the reasons for commencing the chapter

11 cases (the "Chapter 11 Cases"), the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Patrick Wynne in Support of First Day Motions for Relief* [Docket No. 19].

5.      Collectively, the Debtors provide transportation, logistic, and warehouse related services.  More specifically, the Debtors offer rail boxcar services, container handling services, warehousing services, multiple shipping options (e.g., rail, truck, air, and international shipping), specialized material handling services, cross docking, handling, and packing services, beverage specialists and alcoholic beverages expertise services, and product care and protection services.

6.      On December 9, 2025, the Court entered its *Order Authorizing Retention of Scopelitis, Garvin, Light, Hanson & Feary, P.C. Effective as of November 14, 2025* [D.I. 70], attached hereto as **Exhibit A**, as well as the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these chapter 11 cases.

## INFORMATION REQUIRED BY THE GUIDELINES

### A.      The Scope of the Second Interim Fee Application

7.      Consistent with Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "**Guidelines**"), effective as of November 1, 2013, Scopelitis discloses the following concerning the scope of the Second Interim Fee Application

| | |
|---|---|
| Name of Applicant: | Scopelitis Garvin, Light, Hanson & Feary, P.C. |
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Period for which compensation and reimbursement is sought | *Start:* February 1, 2026 *End:* April 30, 2026 |

3

| | |
|---|---|
| Total compensation sought this period | $4,125.00 |
| Total expenses sought this period | $0.00 |
| Petition date | November 14, 2025 |
| Date of retention | November 14, 2025 |
| Date of order approving employment | December 9, 2025 *nunc pro tunc* to November 14, 2025 |
| Total compensation approved by interim order to date | $11,562.50 |
| Total expenses approved by interim order to date | $0.00 |
| Total allowed compensation paid to date | $12,612.50 |
| Total allowed expenses paid to date | $0.00 |
| Blended rate in this application for all attorneys | $625.00 |
| Blended rate in this application for all timekeepers | $625.00 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $1,050.00 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $0.00 |
| Number of professionals included in this application | 1 |
| If applicable, number of professionals in this application not included in staffing plan approved by client | N/A |
| If applicable, difference between fees budgeted and compensation sought for this period | N/A |
| Number of professionals billing fewer than 15 hours to the case during this period | 0 |
| Are rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the | No |

4

57960215.2

| total compensation sought in this application using the rates originally disclosed in the retention application | |
|---|---|
| | |

## B.   Summary of Timekeepers and Rate Increases

8.     With respect to each professional and paraprofessional who billed on the matter during the Application Period, Scopelitis discloses the following information on **Exhibit B** attached hereto: (i) name; (ii) title or position; (iii) primary department, group, or section; (iv) date of first admission to the bar, if applicable; (v) total fees billed included in this Application; (vi) total hours billed included in this Application; and (vii) current hourly rate.

## C.   Customary and Comparable Compensation

9.     Consistent with the Guidelines, Scopelitis answers the following questions:

| Question | Response | Explanation |
|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain. | No | |
| If the fees sought in this fee application as compared to the fees budgeted for this time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | N/A | |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No | |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | No | |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? | No | |
| If the fee application includes any rate increases since retention:<br>i.  Did your client review and approve those rate increases in advance?<br>ii.  Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they | i.  N/A<br><br>ii.  N/A | |

5

| | | |
|---|---|---|
| need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA formal Ethics Opinion 11-458? | | |

## SUMMARY OF PROFESSIONAL SERVIES RENDERED

10.    Pursuant to the Interim Compensation Order, Scopelitis submits this Second Interim Fee Application, seeking interim approval and allowance of compensation in the amount of $4,125.00, and actual and necessary expenses in the amount of $0.00, incurred during the interim period from February 1, 2026 through April 30, 2026.

11.    The professional services provided by Scopelitis during the Application Period, included, but were not limited to the following categories:

| Category | Hours | Compensation | Description |
|---|---|---|---|
| Employee Benefits and Pensions | 6.6 | $4,125.00 | This category includes all matters related to employee matters or employee benefits, including analyzing and addressing union issues. |

## ADDITIONAL DISCLOSURES AND REPRESENTATIONS

12.    Scopelitis' hourly rates for its services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled attorneys serving as special counsel to debtors. In addition, Scopelitis' hourly rates for its services are comparable to the rates charged by the firm, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. Scopelitis' blended hourly rates for the Second Interim Fee Application are set forth on the attached **Exhibit C**.

13.    Scopelitis' summary of compensation requested by project category for the Application Period is set forth on the attached **Exhibit D**.

6

57960215.2

14.     Scopelitis' summary of expense reimbursement requested by category for the Application Period is set forth on the attached **Exhibit E**.

15.     Scopelitis' budgets and staffing plans for the Application Period are set forth on the attached **Exhibit F**.

16.     To the best of Scopelitis' knowledge, this Second Interim Fee Application complies with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, the Interim Compensation Order, and the Guidelines.

17.     During the Application Period, Scopelitis did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees or terms for services pertaining to this engagement.

18.     None of the professionals included in this Second Interim Fee Application varied their hourly rate based on the geographical location of the bankruptcy case.

19.     This Second Interim Fee Application does not include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices.

20.     In accordance with section 504 of the Bankruptcy Code and Bankruptcy Rule 2016(a), no agreement or understanding exists between Scopelitis and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this case.

21.     No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by Scopelitis.

22.     Notice of this Second Interim Fee Application has been provided in accordance with the Interim Compensation Order.  Scopelitis submits that no other or further notice need be provided.

57960215.2

23.    Scopelitis reserves all rights and claims.  Without limiting the generality of the foregoing, Scopelitis reserves its right to submit future monthly fee applications, interim fee applications, and final fee applications, including, without limitation, fee applications seeking final allowance of all amounts sought to be paid or reimbursed herein and in respect of any amounts held back pursuant to the Interim Compensation Order or otherwise.

**WHEREFORE**, Scopelitis respectfully requests that the Court enter an order (i) granting the Second Interim Fee Application and authorizing interim allowance of compensation in the amount of $4,125.00 for professional services rendered on behalf of the Debtors and reimbursement for actual and necessary expenses in the amount of $0.00; (ii) directing payment by the Debtors of the foregoing amounts; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: June 16, 2026

**SAUL EWING LLP**

By:*/s/ Stephen B. Ravin*
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail:stephen.ravin@saul.com
turner.falk@saul.com

-and-

Maxwell M. Hanamirian, Esquire (admitted *pro hac vice*)
1735 Market Street, Suite 3400
Philadelphia, PA 19103-7504
E-mail: maxwell.hanamirian@saul.com

*Counsel for Debtors and Debtors in Possession*

8