| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>Maxwell M. Hanamirian, Esquire (admitted *pro hac vice*)<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:   stephen.ravin@saul.com<br>          turner.falk@saul.com<br>          maxwell.hanamirian@saul.com<br><br>*Counsel to the Debtors and Debtors in Possession* | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Jointly Administered) |
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*,<br><br>               Debtors.[1] | HEARING DATE:<br><br>**July 7, 2026 at 10:00 a.m. (ET)**<br><br>OBJECTION DEADLINE:<br><br>**June 30, 2026** |

**NOTICE OF SECOND INTERIM FEE APPLICATION
OF SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C., SPECIAL
COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM
<u>FEBRUARY 1, 2026 THROUGH APRIL 30, 2026</u>**

     **PLEASE TAKE NOTICE** that on **July 7, 2026 at 10:00 a.m. (Eastern Time),** or as soon

thereafter as counsel may be heard, the above-captioned debtors (the "<u>Debtors</u>"), by and through

their undersigned counsel will move before the Honorable John K. Sherwood, United States

---

[1]     The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690).  The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

57960215.2

Bankruptcy Judge for the District of New Jersey, at the United States Bankruptcy Court, 50 Walnut Street, 3rd Floor, Newark, New Jersey 07102, Courtroom 3D, for entry of an order, substantially in the form submitted herewith, seeking approval of the attached interim fee application (the "Interim Fee Application") for professional services rendered by Scopelitis, Garvin, Light, Hanson & Feary, P.C. ("Scopelitis"), special counsel to the Debtors, for the period from February 1, 2026 through April 30, 2026, in accordance with the *Administrative Order Granting Debtors' Motion to Establish Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 71] (the "Interim Compensation Order").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Interim Fee Application shall: (i) be in writing; (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the United States Bankruptcy Court by **June 30, 2026**.

Dated: June 16, 2026

**SAUL EWING LLP**

By:*/s/ Stephen B. Ravin*
    Stephen B. Ravin, Esquire
    Turner N. Falk, Esquire
    One Riverfront Plaza
    1037 Raymond Blvd., Suite 1520
    Newark, NJ 07102-5426
    Telephone: (973) 286-6714
    E-mail:stephen.ravin@saul.com
        turner.falk@saul.com

    -and-

    Maxwell M. Hanamirian, Esquire (admitted *pro hac vice*)
    1735 Market Street, Suite 3400
    Philadelphia, PA 19103-7504
    E-mail: maxwell.hanamirian@saul.com

    *Counsel for Debtors and Debtors in Possession*

2

57960215.2

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>Maxwell M. Hanamirian, Esquire (admitted *pro hac vice*)<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:   stephen.ravin@saul.com<br>        turner.falk@saul.com<br>        maxwell.hanamirian@saul.com<br><br>*Counsel to the Debtors and Debtors in Possession* | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Jointly Administered) |
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*,<br><br>                    Debtors.[1] | |

## SECOND ATTORNEY INTERIM FEE APPLICATION COVER SHEET
## FOR THE PERIOD OF FEBRUARY 1, 2026 THROUGH APRIL 30, 2026

| | |
|---|---|
| **Debtor:** In re Port Elizabeth Terminal & Warehouse Corp., *et al.* | **Applicant:** Scopelitis Garvin, Light, Hanson & Feary, P.C. |
| **Case No.:** 25-22123 (JKS) | **Client:** Debtors and Debtors in Possession |
| **Chapter:** 11 | **Case Filed:** November 14, 2025 |

## COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746

[*Remainder of page left intentionally blank*]

---

[1]     The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690).  The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

57960215.2

**RETENTION ORDER ATTACHED.**

By:*/s/ Donald J. Vogal*     *June 16, 2026*
Donald J. Vogel, Esq.

2

57960215.2

## SECTION I
## FEE SUMMARY

___ Monthly Fee Statement No. __ , _X_ Interim Fee Application No. _2_, or ___ Final Fee Application

|  | **FEES** | **EXPENSES** |
|---|---|---|
| Total Previous Fee Requested | $15,687.50 | $0.00 |
| Total Fees Allowed to Date: | $12,612.50 | $0.00 |
| Total Holdback (If Applicable) | $3,075.00 | $0.00 |
| Total Received by Applicant | $12,612.50 | $0.00 |

| NAME OF PROFESSIONAL & TITLE | YEAR ADMITTED (Or Years of Professional Service) | HOURS | RATE | FEE |
|---|---|---|---|---|
| Donald J. Vogel, Attorney | 1985 | 6.6 | $625.00 | $4,125.00 |
| **TOTAL** |  | 6.6 |  | $4,125.00 |

| | |
|---|---|
| **Fee Totals** | **$4,125.00** |
| **Minus 50% for Non-Working Travel** | **$0.00** |
| **Grand Fee Total** | **$4,125.00** |
| **Expense Totals** | **$0.00** |
| **Total Period Fee Application** | **$4,125.00** |

[*Remainder of page left intentionally blank*]

3

## SECTION II
## SUMMARY OF SERVICES

| NO. | PROJECT CATEGORY | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| 1. | Employee Benefits and Pensions | 6.6 | $4,125.00 |
| | **Total:** | **6.6** | **$4,125.00** |

## SECTION III
## SUMMARY OF EXPENSES

| EXPENSE CATEGORY | EXPENSES |
|---|---|
| N/A | $0.00 |
| **Total:** | $0.00 |

[*Remainder of page left intentionally blank*]

4

57960215.2

## SECTION IV
## CASE HISTORY

| | |
|---|---|
| **Date case filed:** | November 14, 2025 |
| **Chapter under which case commenced:** | Chapter 11 |
| **Date of Retention:** | *See Order Authorizing Retention of Scopelitis, Garvin, Light, Hanson & Feary, P.C. Effective as of November 14, 2025* [D.I. 70] attached hereto as **Exhibit A**. |
| **Summarize in brief the benefits to the estate and attach supplements as needed:**[2] | *See* narrative portion of the fee application. |

| ECF No. | Period Covered | Fees Requested | Expenses Requested | Fees Paid | Expenses Paid | Total Unpaid |
|---|---|---|---|---|---|---|
| 84 | 11/14/2025-11/30/2025 | $2,125.00 | $0.00 | $2,125.00 | $0.00 | $0.00 |
| 140 | 12/1/2025-12/31/2025 | $6,250.00 | $0.00 | $6,250.00 | $0.00 | $0.00 |
| 174 | 1/1/2026-1/31/2026 | $3,187.50 | $0.00 | $3,187.50 | $0.00 | $0.00 |
| 218 | 2/1/2026-2/28/2026 | $1,062.50 | $0.00 | $850.00 | $0.00 | $212.50 |
| 262 | 3/1/2026-3/31/2026 | $250.00 | $0.00 | $200.00 | $0.00 | $50.00 |
| 289 | 4/1/2026-4/30/2026 | $2,812.50 | $0.00 | $0.00 | $0.00 | $2,812.50 |
| **Totals:** | | $15,687.50 | $0.00 | $12,612.50 | $0.00 | $3,075.00 |

[*Remainder of page left intentionally blank*]

---

[2]    The invoices submitted hereto as **Exhibit C** include detailed time entries summarizing the professional services rendered by Scopelitis as special counsel to the Debtors.

5

57960215.2

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>Maxwell M. Hanamirian, Esquire (admitted *pro hac vice*)<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:   stephen.ravin@saul.com<br>          turner.falk@saul.com<br>          maxwell.hanamirian@saul.com<br><br>*Counsel to the Debtors and Debtors in Possession* | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Jointly Administered) |
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*,<br><br>                    Debtors.[1] | |

**SECOND INTERIM FEE APPLICATION OF SCOPELITIS,
GARVIN, LIGHT, HANSON & FEARY, P.C., SPECIAL
COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
<u>FROM FEBRUARY 1, 2026 THROUGH APRIL 30, 2026</u>**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**"), Scopelitis Garvin, Light, Hanson & Feary, P.C. ("**Scopelitis**"

---

[1]      The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690).  The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

57960215.2

or the "**Applicant**"), special counsel to the debtors and debtors-in-possession (the "**Debtors**"),

hereby applies to the Court for its second interim fee application (the "**Second Interim Fee**

**Application**") for professional services rendered and reimbursement of actual and necessary

expenses incurred for the period February 1, 2026 through April 30, 2026 (the "**Application**

**Period**") in connection with its retention as counsel to the Debtors and in accordance with the

*Administrative Order Granting Debtors' Motion to Establish Procedures for Allowance and*

*Payment of Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 71] (the

"**Interim Compensation Order**").  In accordance with the Interim Compensation Order, Scopelitis

seeks interim approval and allowance of compensation in the amount of $4,125.00, and

reimbursement of $0.00, for the Application Period.  In support of the Second Interim Fee

Application, Saul Ewing respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of New Jersey (the "**Court**") has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding

within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this District pursuant to 28 U.S.C.

§§ 1408 and 1409.

2.      The statutory basis for the relief requested herein are sections 330 and 331 of the

Bankruptcy Code, Bankruptcy Rule 2016, and  Rule 2016-1 of the Local Bankruptcy Rules of the

United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## BACKGROUND

3.      On November 14, 2025 (the "Petition Date"), the Debtors filed voluntary petitions

for relief under chapter 11 of the Bankruptcy Code in the Court.

4.      A description of the Debtors' businesses, the reasons for commencing the chapter

2

11 cases (the "Chapter 11 Cases"), the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Patrick Wynne in Support of First Day Motions for Relief* [Docket No. 19].

5.    Collectively, the Debtors provide transportation, logistic, and warehouse related services.  More specifically, the Debtors offer rail boxcar services, container handling services, warehousing services, multiple shipping options (e.g., rail, truck, air, and international shipping), specialized material handling services, cross docking, handling, and packing services, beverage specialists and alcoholic beverages expertise services, and product care and protection services.

6.    On December 9, 2025, the Court entered its *Order Authorizing Retention of Scopelitis, Garvin, Light, Hanson & Feary, P.C. Effective as of November 14, 2025* [D.I. 70], attached hereto as **Exhibit A**, as well as the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these chapter 11 cases.

**INFORMATION REQUIRED BY THE GUIDELINES**

A.    **The Scope of the Second Interim Fee Application**

7.    Consistent with Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "**Guidelines**"), effective as of November 1, 2013, Scopelitis discloses the following concerning the scope of the Second Interim Fee Application

| | |
|---|---|
| Name of Applicant: | Scopelitis Garvin, Light, Hanson & Feary, P.C. |
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Period for which compensation and reimbursement is sought | *Start:* February 1, 2026 <br> *End:* April 30, 2026 |

3

57960215.2

| | |
|---|---|
| Total compensation sought this period | $4,125.00 |
| Total expenses sought this period | $0.00 |
| Petition date | November 14, 2025 |
| Date of retention | November 14, 2025 |
| Date of order approving employment | December 9, 2025 *nunc pro tunc* to November 14, 2025 |
| Total compensation approved by interim order to date | $11,562.50 |
| Total expenses approved by interim order to date | $0.00 |
| Total allowed compensation paid to date | $12,612.50 |
| Total allowed expenses paid to date | $0.00 |
| Blended rate in this application for all attorneys | $625.00 |
| Blended rate in this application for all timekeepers | $625.00 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $1,050.00 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $0.00 |
| Number of professionals included in this application | 1 |
| If applicable, number of professionals in this application not included in staffing plan approved by client | N/A |
| If applicable, difference between fees budgeted and compensation sought for this period | N/A |
| Number of professionals billing fewer than 15 hours to the case during this period | 0 |
| Are rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the | No |

4

57960215.2

| | |
|---|---|
| total compensation sought in this application using the rates originally disclosed in the retention application | |

## B.  Summary of Timekeepers and Rate Increases

8.  With respect to each professional and paraprofessional who billed on the matter during the Application Period, Scopelitis discloses the following information on **Exhibit B** attached hereto: (i) name; (ii) title or position; (iii) primary department, group, or section; (iv) date of first admission to the bar, if applicable; (v) total fees billed included in this Application; (vi) total hours billed included in this Application; and (vii) current hourly rate.

## C.  Customary and Comparable Compensation

9.  Consistent with the Guidelines, Scopelitis answers the following questions:

| Question | Response | Explanation |
|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain. | No | |
| If the fees sought in this fee application as compared to the fees budgeted for this time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | N/A | |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No | |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | No | |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? | No | |
| If the fee application includes any rate increases since retention: i.  Did your client review and approve those rate increases in advance? ii.  Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they | i.  N/A  ii.  N/A | |

5

57960215.2

| | | |
|---|---|---|
| need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA formal Ethics Opinion 11-458? | | |

## SUMMARY OF PROFESSIONAL SERVIES RENDERED

10.    Pursuant to the Interim Compensation Order, Scopelitis submits this Second Interim Fee Application, seeking interim approval and allowance of compensation in the amount of $4,125.00, and actual and necessary expenses in the amount of $0.00, incurred during the interim period from February 1, 2026 through April 30, 2026.

11.    The professional services provided by Scopelitis during the Application Period, included, but were not limited to the following categories:

| Category | Hours | Compensation | Description |
|---|---|---|---|
| Employee Benefits and Pensions | 6.6 | $4,125.00 | This category includes all matters related to employee matters or employee benefits, including analyzing and addressing union issues. |

## ADDITIONAL DISCLOSURES AND REPRESENTATIONS

12.    Scopelitis' hourly rates for its services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled attorneys serving as special counsel to debtors. In addition, Scopelitis' hourly rates for its services are comparable to the rates charged by the firm, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. Scopelitis' blended hourly rates for the Second Interim Fee Application are set forth on the attached **Exhibit C**.

13.    Scopelitis' summary of compensation requested by project category for the Application Period is set forth on the attached **Exhibit D**.

57960215.2

14.     Scopelitis' summary of expense reimbursement requested by category for the Application Period is set forth on the attached **Exhibit E**.

15.     Scopelitis' budgets and staffing plans for the Application Period are set forth on the attached **Exhibit F**.

16.     To the best of Scopelitis' knowledge, this Second Interim Fee Application complies with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, the Interim Compensation Order, and the Guidelines.

17.     During the Application Period, Scopelitis did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees or terms for services pertaining to this engagement.

18.     None of the professionals included in this Second Interim Fee Application varied their hourly rate based on the geographical location of the bankruptcy case.

19.     This Second Interim Fee Application does not include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices.

20.     In accordance with section 504 of the Bankruptcy Code and Bankruptcy Rule 2016(a), no agreement or understanding exists between Scopelitis and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this case.

21.     No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by Scopelitis.

22.     Notice of this Second Interim Fee Application has been provided in accordance with the Interim Compensation Order.  Scopelitis submits that no other or further notice need be provided.

57960215.2

23.     Scopelitis reserves all rights and claims.  Without limiting the generality of the foregoing, Scopelitis reserves its right to submit future monthly fee applications, interim fee applications, and final fee applications, including, without limitation, fee applications seeking final allowance of all amounts sought to be paid or reimbursed herein and in respect of any amounts held back pursuant to the Interim Compensation Order or otherwise.

**WHEREFORE**, Scopelitis respectfully requests that the Court enter an order (i) granting the Second Interim Fee Application and authorizing interim allowance of compensation in the amount of $4,125.00 for professional services rendered on behalf of the Debtors and reimbursement for actual and necessary expenses in the amount of $0.00; (ii) directing payment by the Debtors of the foregoing amounts; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: June 16, 2026                    **SAUL EWING LLP**

By:*/s/ Stephen B. Ravin*
                    Stephen B. Ravin, Esquire
                    Turner N. Falk, Esquire
                    One Riverfront Plaza
                    1037 Raymond Blvd., Suite 1520
                    Newark, NJ 07102-5426
                    Telephone: (973) 286-6714
                    E-mail:stephen.ravin@saul.com
                        turner.falk@saul.com

                    -and-

                    Maxwell M. Hanamirian, Esquire (admitted *pro hac vice*)
                    1735 Market Street, Suite 3400
                    Philadelphia, PA 19103-7504
                    E-mail: maxwell.hanamirian@saul.com

                    *Counsel for Debtors and Debtors in Possession*

8

57960215.2

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>Maxwell M. Hanamirian, Esquire (admitted *pro hac vice*)<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:   stephen.ravin@saul.com<br>            turner.falk@saul.com<br>            maxwell.hanamirian@saul.com<br><br>*Counsel to the Debtors and Debtors in Possession* | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Jointly Administered) |
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE<br>CORP., *et al.*,<br><br>                      Debtors.[1] | |

## DECLARATION OF DONALD J. VOGEL

1.    I am a Partner in the firm of Scopelitis, Garvin, Light, Hanson & Feary, P.C. ("**Scopelitis**"), which serves as special counsel to the debtors and debtors-in-possession (the "**Debtors**").

2.    I am familiar with the work performed by Scopelitis on behalf of the Debtors.

---

[1]    The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690).  The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

57960215.2

3.      I have read the foregoing Second Interim Fee Application[2] of Scopelitis for allowance of compensation and reimbursement of expenses for the period from February 1, 2026 through April 30, 2026 and know the contents thereof and that the same are true and correct, to the best of my knowledge, information and belief.

4.      I hereby certify that the Application complies with the Interim Compensation Order and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and Local Rule 2016-1.  I hereby certify that, in accordance with the Interim Compensation Order and in connection with the Second Interim Fee Application, Scopelitis made a reasonable effort to comply with the U.S. Trustee Guidelines.

5.      There is no agreement or understanding between Scopelitis and any other person for a division of compensation as Debtors' counsel and no previous compensation has been shared by Scopelitis.

6.      No division prohibited by the Bankruptcy Code will be made by Scopelitis.

7.      No agreement prohibited by Title 18, Section 155 has been made.


Dated: June 16, 2026

/s/ Donald J. Vogel
DONALD J. VOGEL

---

[2]      Terms capitalized but not defined herein shall have the meaning ascribed to them in the Second Interim Fee Application.

10

57960215.2

**EXHIBIT A**

**Retention Order**

57960215.2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

SAUL EWING LLP
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail: stephen.ravin@saul.com
 turner.falk@saul.com
Proposed Counsel to the Debtors and Debtors in
Possession

**Order Filed on December 9, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

PORT ELIZABETH TERMINAL &
WAREHOUSE CORP. et al.,

Debtors.

Case No.: 25-22123-JKS

Chapter: 11

Judge: John K. Sherwood

## ORDER AUTHORIZING RETENTION OF

## SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C. EFFECTIVE AS OF NOVEMBER 14, 2025

The relief set forth on the following page is **ORDERED**.

**DATED: December 9, 2025**

Honorable John K. Sherwood
United States Bankruptcy Court

Upon the applicant's request for authorization to retain  Scopelitis, Garvin, Light, Hanson & Feary, P.C.

as          Special Counsel to the Debtors          , it is hereby ORDERED:

1.       The applicant is authorized to retain the above party in the professional capacity noted.
The professional's address is:    30 West Monroe Street, Suite 1600

Chicago, IL 60603

2.       Compensation will be paid in such amounts as may be allowed by the Court on proper
application(s).

3.       If the professional requested a waiver as noted below, it is  ☐ Granted   ☐ Denied.

☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter
13 case. Payment to the professional may only be made after satisfactory completion of
services.

4.       The effective date of retention is November 14, 2025.

*rev.8/1/15*

## EXHIBIT B

### Summary by Timekeeper

| NAME OF PROFESSIONAL & TITLE | YEAR ADMITTED (Or Years of Professional Service) | HOURS | RATE | FEE |
|---|---|---|---|---|
| Donald J. Vogel, Attorney | 1985 | 6.6 | $625.00 | $4,125.00 |
| TOTAL | | | | $4,125.00 |

57960215.2

## EXHIBIT C

### Summary of Blended Rate

| Category of Timekeeper | Number of Timekeepers Expected to Work on the Matter During the Budget Period | Billed *This Application* |
|---|---|---|
| Senior Partners | 1 | $625.00 |
| Junior Partners | 0 | N/A |
| Counsel | 0 | N/A |
| Senior Associates | 0 | N/A |
| Junior Associates | 0 | N/A |
| Paraprofessional | 0 | N/A |
| Other (Litigation, Support, Clerical) | 0 | N/A |
| **Aggregated:** | | **$625.00** |

57960215.2

## **EXHIBIT D**

**Summary of Compensation Requested by Project Category**

**For the Period from February 1, 2026 through April 30, 2026**

| NO. | PROJECT CATEGORY | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|-----|------------------|--------------------|--------------------|
| 1. | Employee Benefits and Pensions | 6.6 | $4,125.00 |
| | **Total:** | **6.6** | **$4,125.00** |

57960215.2

## EXHIBIT E

**Summary of Expense Reimbursement Requested by Category**

**For the Period from February 1, 2026 through April 30, 2026**

| EXPENSE CATEGORY | EXPENSES |
|---|---|
| N/A | $0.00 |
| **Total:** | $0.00 |

57960215.2

**EXHIBIT F**

**Scopelitis Budget and Staffing Plans for
February 1, 2026 through April 30, 2026**

**February 2026**

- Budgeted amount: $1,500.00 (actual fees were $1,062.50)

| Category of Timekeeper | Number of Timekeepers Expected to Work on the Matter during the Budget Period | Hourly Rates |
|---|---|---|
| Partner | 1 | $325 per hour to $675 per hour |
| Counsel | 0 | N/A |
| Associate | 0 | $245 per hour to $425 per hour |
| Paraprofessional | 0 | $125 per hour to $175 per hour |
| Other (Litigation, Support, Clerical) | 0 | N/A |

**March 2026**

- Budgeted amount: $1,500.00 (actual fees were $250.00)

| Category of Timekeeper | Number of Timekeepers Expected to Work on the Matter during the Budget Period | Hourly Rates |
|---|---|---|
| Partner | 1 | $325 per hour to $675 per hour |
| Counsel | 0 | N/A |
| Associate | 0 | $245 per hour to $425 per hour |
| Paraprofessional | 0 | $125 per hour to $175 per hour |
| Other (Litigation, Support, Clerical) | 0 | N/A |

**April 2026**

- Budgeted amount: $3,000.00 (actual fees were $2,812.50)

| Category of Timekeeper | Number of Timekeepers Expected to Work on the Matter during the Budget Period | Hourly Rates |
|---|---|---|
| Partner | 1 | $325 per hour to $695 per hour |
| Counsel | 0 | N/A |
| Associate | 0 | $265 per hour to $495 per hour |

| Paraprofessional | 0 | $125 per hour to $180 per hour |
| Other (Litigation, Support, Clerical) | 0 | N/A |

57960215.2