UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1**

Joseph Lubertazzi, Jr.
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
Email: jlubertazzi@mccarter.com

*Counsel for Wells Fargo Vendor Financial Services, LLC and HYG Financial Services, Inc.*

In Re:

PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*,

Debtors.[1]

Case No. 25-22123 (JKS)

Chapter 11 (Jointly Administered)

Judge John K. Sherwood

**Hearing Date: Sept. 8, 2026, 10:00 a.m.**
**Objection Deadline: Sept. 1, 2026**

**MOTION OF WELLS FARGO VENDOR FINANCIAL SERVICES, LLC AND HYG FINANCIAL SERVICES, INC. TO COMPEL PAYMENT OF ADMINISTRATIVE CLAIM**

Wells Fargo Vendor Financial Services, LLC ("WFVF") and HYG Financial Services, Inc. ("HYG" and collectively, "Wells Fargo"), by and through their undersigned counsel, respectfully submit this motion (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit 1**, to compel the payment of an administrative claim. In support of this Motion, Wells Fargo submits the *Declaration of Nicholas Root in Support of the Motion to Compel Payment of Administrative Claim* ("Root Declaration"), a copy of which is attached hereto as **Exhibit 2**. Further in support of this Motion, Wells Fargo respectfully represents as follows:

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal &Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690).

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 365(d)(5), and 503(b)(1)(A) of title 11 of the United States Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code"), Rules 9013 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## BACKGROUND

### I. Wells Fargo's Prepetition Contracts with the Debtors

4. Wells Fargo is the holder of a number of equipment and machinery leases with the Debtors. In these leases, Wells Fargo provided certain Debtors with printers and forklifts (the equipment leased by the Debtors, the "Leased Equipment"). *See* Root Dec. ¶ 3.

#### A. The Forklift Leases between HYG and Judge Warehousing, LLC

5. On December 6, 2022, HYG executed that certain lease agreement with Judge Warehousing, LLC ("Lease 9000"), whereby Judge Warehousing leased one hyster forklift for a term of 36 months, ending February 1, 2027, with monthly rent due of $1,663.87. *See* Root Dec. ¶ 4, Ex. A.

6. On September 13, 2024, HYG executed that certain lease agreement with Judge Warehousing, LLC ("Lease 7004"), whereby Judge Warehousing leased one hyster forklift for a

term of 36 months, ending September 23, 2027, with monthly rent due of $2,827.22. *See* Root Dec. ¶ 5, Ex. B.

7. On November 15, 2024, HYG executed that certain lease agreement with Judge Warehousing, LLC ("Lease 7005"), whereby Judge Warehousing leased one hyster forklift for a term of 36 months, ending December 6, 2027, with monthly rent due of $2,827.22. *See* Root Dec. ¶ 6, Ex. C.

**B. The Printer Leases between WFVF and P. Judge and Sons, Inc.**

8. On January 21, 2026, WFVF acquired two leases executed by P. Judge and Sons, Inc. Specifically, WFVF acquired that certain lease agreement, dated April 7, 2023 ("Lease 8000"), whereby P. Judge leased Lexmark printers and related equipment for a term of 48 months, ending April 7, 2027, with monthly rent due of $195.35. *See* Root Dec. ¶ 7, Ex. D. In addition, WFVF also acquired that certain lease agreement, dated January 13, 2025 ("Lease 4000"), whereby P. Judge leased Lexmark printers for a term of 48 months, ending December 23, 2028, with monthly rent due of $279.58. *See* Root Dec. ¶ 7, Ex. E.

## II. The Chapter 11 Cases

9. On November 14, 2025 (the "Petition Date"), each of the Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code in this Court, thereby commencing these bankruptcy cases.

10. Since the Petition Date, the Debtors continued to use and benefit from the Leased Equipment.

11. On January 22, 2026, Wells Fargo filed Proofs of Claim Nos. 20 and 21 in connection with the amounts owed for the Leased Equipment.

12. As of the date of this Motion, the Debtors failed to make a number of post-petition rent payments for the Leases. *See* Root Declaration at ¶ 8

13. For the Debtors' use of the Leased Equipment during the post-petition period through July 31, 2026, the Debtors owe Wells Fargo an amount of $14,472.87 (the "Administrative Claim"). *See* Root Declaration at ¶¶ 9, 10. The post-petition arrears portion of the $14,472.87 arising sixty days after the Petition Date consisted of $7,478.69. *See* Root Declaration at ¶¶ 9, 10.

14. The Administrative Claim and post-petition amounts arising 60 days after the Petition Date are reflected in the table below:

| Contract | Post-Petition Obligations Outstanding Arising 60 Days After Petition Date | Post-Petition Obligations Outstanding |
|---|---|---|
| **Lease 4000** | $951.61 | $1,236.19 |
| **Lease 8000** | $686.99 | $931.18 |
| **Lease 9000** | $2,440.35 | $4,104.2 |
| **Lease 7004** | $3,399.74 | $6,226.96 |
| **Lease 7005** | $0 | $1,974.34 |
| **Total** | $7,478.69 | $14,472.87 |

*See* Root Declaration at ¶ 10.

## BASIS FOR RELIEF REQUESTED

### I. Wells Fargo is entitled to an Administrative Claim for Debtors' Post-Petition Obligations Under the Leases Arising Sixty Days After the Petition Date.

15. Wells Fargo's Administrative Claim is entitled to be paid under Sections 365(d)(5) and 503(b)(1)(A) of the Bankruptcy Code. Section 365(d)(5) provides that "[t]he trustee shall timely perform all of the obligations of the debtor . . . first arising from or after 60 days after the order for relief in a case under chapter 11 of this title under an unexpired lease of personal property . . . until such lease is assumed or rejected[.]" 11 U.S.C. § 365(d)(5).

16. The Third Circuit has explained that "when third parties are induced to supply goods or services to the debtor-in-possession pursuant to a contract that has not been rejected, the purposes of [administrative claims] plainly require that their claims be afforded priority." *In re*

*Goody's Family Clothing, Inc.*, 610 F.3d 812, 818 (3d Cir. 2010) (internal citations omitted) (analyzing Section 365(d)(5)'s analog for leases of nonresidential real property in Section 365(d)(3)).

17. Thus, if the obligations under the lease become due 60 days after the petition date, then the obligations are payable immediately. *In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 211 (3rd Cir. 2001); *see also In re Wyoming Sand & Stone Co.*, 393 B.R. 359, 361 (Bankr. M.D. Pa. 2008) ("Benefit to the estate is not an issue under § 365(d)(5), and, in the absence of intervening action by the Debtor, the obligation to perform under the lease remains. The Debtor made no effort to reject the VFS lease or modify the lease in the initial 60 days before the § 365(d)(5) assessment accrued."); *In re Hayes Lemmerz Int'l, Inc.*, 340 B.R. 461, 472 (Bankr. D. Del. 2006).("[u]nlike parties claiming administrative expense status under section 503(b), lessors claiming under section 365(d)(10) need not prove they conferred any benefit upon the estate.").

18. Courts have held that a lessor is entitled to an administrative payment under the same provision for "any charge" in a lease "enforceable under state law." *In re MUMA Servs., Inc.*, 279 B.R. 478, 487-89 (Bankr. D. Del. 2002).

19. Following the 60-day "grace period" provided by Section 365(d)(5), the Debtors failed to pay all their post-petition obligations for the Leases. Pursuant to Section 365(d)(5), Wells Fargo is entitled to payment of the Administrative Claim in an amount of at least $7,478.69 for the unpaid post-petition rent and fees that accrued after the end of the 60-day "grace period". *See* Root Declaration at ¶¶ 9-10.

## II. <u>Wells Fargo is entitled to an Administrative Claim for the Benefits Conferred Upon the Estate by the Debtors' Use of the Leased Equipment.</u>

20. To the extent that Wells Fargo's Administrative Claim does not qualify under Section 365(d)(5) of the Bankruptcy Code, it is entitled to immediate payment of an allowed

administrative expense under Section 503(b)(1) of the Bankruptcy Code. Section 503(b)(1) provides that "after notice and a hearing, there shall be allowed administrative expenses . . . including the actual, necessary costs and expenses of preserving the estate . . . " 11 U.S.C. § 503(b)(1)(A).

21. The ability of lessors to recover post-petition rent under Section 365(d) does not bar them from recovering for the post-petition use of lessor's property under the traditional administrative expense procedure of section 503(b)(1). *See In re Goody's Fam. Clothing, Inc.*, 401 B.R. 656, 666 (D. Del. 2009), *aff'd sub nom. In re Goody's Fam. Clothing Inc.*, 610 F.3d 812 (3d Cir. 2010) ("Just because § 365(d)(3) now makes post-petition rent automatically payable, does not mean that, when a debtor-tenant's post-petition occupancy and use of property is outside the ambit of § 365(d)(3), landlords may not recover under the traditional administrative expense procedure.").

22. Section 503(b)(1)(A) requires that a claimant show that "(1) there was a post-petition transaction between the claimant and the estate; and (2) those expenses yielded a benefit to the estate." *In re Mallinckrodt PLC*, No. 20-12522, 2021 WL 4876908, at *6 (citing *In re Energy Future Holdings Corp.*, 990 F.3d 728, 741 (3d Cir. 2021)); *see also In re O'Brien Env't Energy, Inc.*, 181 F.3d 527, 532–33 (3d Cir. 1999) ("For a claim in its entirety to be entitled to first priority under [§ 503(b)(1)(A)], the debt must arise from a transaction with the debtor-in-possession . . . [and] the consideration supporting the claimant's right to payment [must be] beneficial to the debtor-in-possession in the operation of the business.").

23. "Movants need not prove, and the court need not determine, that the personalty was put to its highest and best use. All that is required is a showing that the personalty was actually

used by the debtor post-petition in the ordinary course of debtor's business.” *Matter of Cont'l Airlines, Inc.*, 146 B.R. 520, 527 (Bankr. D. Del. 1992)

24. Applying the standard under Section 503(b)(1), courts agree that contract counterparties are entitled to reasonable compensation for benefits conferred upon the estate during the post-petition, pre-rejection period. *See N.L.R.B. v. Bildisco*, 465 U.S. 513 530 (1984) (“If the debtor-in-possession elects to continue to receive benefits . . . pending a decision to reject or assume the contract, the debtor-in-possession is obligated to pay for the reasonable value of those services . . . ”); *Continental Energy Assocs. L.P. v. Hazelton Fuel Mgmt. Co. (In re Continental Energy Assocs. L.P.)*, 178 B.R. 405, 408 (Bankr. M.D. Pa. 1995) (“During the period prior to assumption or rejection of an executory contract or unexpired lease, the estate must pay the reasonable value of any contractual benefits the estate receives during that period, as an administrative expense.”).

25. Reasonable compensation for the goods and services provided to the debtor are often measured by reference to the contract which was presumably negotiated at arm’s length. *In re JLM Couture, Inc.*, 661 B.R. 862, 867 (Bankr. D. Del. 2024), *on reconsideration in part*, No. 23-11659 (JKS), 2024 WL 3100775 (Bankr. D. Del. June 21, 2024); *Continental Energy Assocs. L.P.*, 178 B.R. at 408.

26. The Debtors used and benefitted from the Leased Equipment after the Petition Date. Accordingly, the postpetition use of the Leased Equipment is an actual, necessary expense of preserving the Debtors’ estates and is entitled to be paid now. For the Debtors’ post-petition use of the Leased Equipment, Wells Fargo is owed under the Leases an amount of $14,472.87. *See* Root Declaration at ¶¶ 9-10.

27. The entire $14,472.87 amount of the Administrative Claim should be paid without further delay. The timing of the payment of an administrative claim is at the discretion of the Court. *In re Continental Airlines, Inc.*, 146 B.R. 520, 531 (Bankr. D. Del. 1992). The Debtors are using and benefitting from Wells Fargo's equipment. Wells Fargo should not be forced to render its services for free while waiting for a reorganization to materialize. The Court should order the Debtors to pay Wells Fargo for the Administrative Claim immediately.

## CONCLUSION

WHEREFORE, Wells Fargo respectfully requests that this Court grant the Motion and enter an order substantially in the form attached hereto as **Exhibit 1**, and grant such other and further relief as is just and proper.

Dated: August 17, 2026

**McCARTER & ENGLISH, LLP**

By: */s/ Joseph Lubertazzi, Jr.*

Joseph Lubertazzi, Jr.
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
Email: jlubertazzi@mccarter.com

*Counsel for Wells Fargo Vendor Financial Services, LLC and HYG Financial Services, Inc.*

**CERTIFICATE OF SERVICE**

I, Joseph Lubertazzi, Jr., hereby certify that on August 17, 2026, I caused a true and correct copy of the foregoing *Motion of Wells Fargo Vendor Financial Services, LLC and HYG Financial Services, Inc. to Compel Payment of Administrative Claim* to be served upon all parties requesting notice via the Court's CM/ECF system.

*/s/ Joseph Lubertazzi, Jr.*
Joseph Lubertazzi, Jr.