Order Filed on August 21, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500 Telephone
(973) 596-0545 Facsimile
John S. Mairo, Esq.
E-mail: jmairo@fbtgibbons.com

*Counsel to Official Committee of Unsecured Creditors*

In Re:

PORT ELIZABETH TERMINAL & WAREHOUSE CORP, *et al.*,

Debtors.[1]

Chapter 11

Case No. 25-22123 (JSK)

(Jointly Administered)

**ORDER GRANTING SECOND INTERIM FEE APPLICATION OF FBT GIBBONS LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM MARCH 1, 2026 THROUGH MAY 31, 2026**

The relief set forth on the following pages, numbered two (2) through three (3), is hereby **GRANTED**.

**DATED: August 21, 2026**

Honorable John K. Sherwood
United States Bankruptcy Court

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690). The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

**Debtor:** *Port Elizabeth Terminal & Warehouse Corp.*
**Case No:** 25-22123 (JKS)
**Order:** *Order Granting Second Interim Fee Application of FBT Gibbons LLP as Counsel to the Official Committee of Unsecured Creditors for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period from March 1, 2026 through May 31, 2026*

---

Upon the *Second Interim Fee Application of FBT Gibbons LLP as Counsel to the Official Committee of Unsecured Creditors for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period from March 1, 2026 through May 31, 2026* (the "Second Interim Fee Application") of FBT Gibbons LLP ("FBT Gibbons"), counsel to the Official Committee of Unsecured Creditors (the "Committee") of Port Elizabeth Terminal & Warehouse Corp. (the "Debtors"), for allowance of compensation and reimbursement of expenses for the period from March 1, 2026 through May 31, 2026 (the "Second Interim Compensation Period"); and due and proper notice of the Second Interim Fee Application having been provided; and it appearing that no other or further notice of the Second Interim Fee Application is required; and it appearing that this Court has jurisdiction to consider the Second Interim Fee Application in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey, entered July 23, 1984, and amended September 18, 2012 and June 6, 2025; and it appearing that venue is proper under 28 U.S.C. §§ 1408 and 1409; and it appearing that this is a core proceeding under 28 U.S.C. § 157(b)(2); and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED THAT:**

1. The Second Interim Fee Application is **GRANTED** as set forth herein.
2. FBT Gibbons is hereby allowed interim compensation for services rendered to the Committee in the sum of $134,819.00 and reimbursement for expenses incurred in the sum of $0.00 for the Second Interim Compensation Period.

**Debtor:** *Port Elizabeth Terminal & Warehouse Corp.*
**Case No:** 25-22123 (JKS)
**Order:** *Order Granting Second Interim Fee Application of FBT Gibbons LLP as Counsel to the Official Committee of Unsecured Creditors for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period from March 1, 2026 through May 31, 2026*

---

3. The Debtors are hereby authorized and directed to pay FBT Gibbons the outstanding amount of such sums allowed pursuant to Paragraph 2 above within seven (7) days of the entry of this Order, which outstanding sum is $26,963.80.

4. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and implementation of this Order.