**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

***Caption in Compliance with D.N.J. LBR 9004-1(b)***

**SAUL EWING LLP**
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
Maxwell M. Hanamirian, Esquire (admitted *pro hac vice*)
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail: stephen.ravin@saul.com
turner.falk@saul.com
maxwell.hanamirian@saul.com

*Counsel to the Debtors and Debtors in Possession*

In re:

PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*,

Debtors.[1]

Chapter 11

Case No. 25-22123 (JKS)

(Jointly Administered)

**ORDER AUTHORIZING ENTRY INTO INSURANCE PREMIUM FINANCE AGREEMENT AND PROVIDING ADEQUATE PROTECTION**

The relief set forth on the following pages numbered two (2) through four (4) is hereby **ORDERED.**

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690). The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

Upon consideration of the Motion for Authority to Enter Into Insurance Premium Finance Agreement and to Provide Adequate Protection (the "Motion")[2]; the Court having jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; due notice of the Motion having been provided to the parties listed therein; it appearing that no further notice need be provided; no objections having been filed; the Court having determined after deliberation that the legal and factual bases for the Motion establishes just cause for the relief requested; it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates and creditors; and upon the Motion and proceedings held before the Court,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

2. Pursuant to Section 364(c)(2) of the Code, the Debtors are directed and authorized to enter into the Finance Agreement, in the form attached to the Motion as **Exhibit A**, which is approved. The Debtors are authorized and directed to timely make all payments under the Finance Agreement. FIRST is authorized to receive and apply such payments to the Indebtedness as provided in the Finance Agreement.

3. FIRST (or its successor or assigns) is granted a first-priority lien and security interest in the Financed Policies and any additional premium required thereunder, including all returned premiums and unearned premiums and all other collateral defined in the Finance Agreement (collectively, the "Finance Agreement Collateral"). Without limitation, FIRST's liens, security interests and rights relating to the Finance Agreement Collateral granted: (i)

[2] Capitalized terms not defined herein shall have the meaning ascribed in the Motion or Finance Agreement, as applicable.

are senior to (a) the liens of any lender providing DIP or cash collateral financing in these cases, and (b) to any claims under 11 U.S.C. §§ 503, 506(c) or 507(b); and (ii) shall not be subject to avoidance, priming or surcharge.

4. If additional premiums become due to insurance companies under the Financed Policies in the Finance Agreement, the Debtors and FIRST (or its successor or assigns) are authorized to modify the Finance Agreement as necessary to pay additional premiums, without the necessity of further hearing or order of the Court.

5. FIRST is irrevocably appointed as attorney-in-fact in the event of default under the Finance Agreement. If the Debtors do not timely make payments when due or are otherwise in default under the terms of the Finance Agreement, the stay of Section 362(a) shall automatically lift (without further order of the Court) to enable FIRST and/or third parties, including insurance companies providing coverage under the Financed Policies, to take all steps necessary and appropriate to: (i) cancel the Financed Policies; (ii) collect, recover, or return the Finance Agreement Collateral to FIRST; (iii) apply the Finance Agreement Collateral to the Indebtedness; and (iv) take other remedial actions consistent with the terms of the Finance Agreement and applicable non-bankruptcy law. FIRST and/or third parties, including insurance companies providing coverage under the Financed Policies, exercising such rights shall comply with the notice provisions and other provisions of the Finance Agreement.

6. The Finance Agreement and the liens and security interests in the Finance Agreement Collateral granted to FIRST shall continue in full force and effect and the Indebtedness under the Finance Agreement shall remain owing notwithstanding: (i) the dismissal and/or conversion of the Debtors' cases; (ii) the discharge of the Debtors; or (iii)

the confirmation of a plan of reorganization or liquidation in the Debtors' cases. FIRST is extending credit in good faith and is entitled to the protections of Section 364(e) of the Code.

7. If any Indebtedness remains unpaid after application of the Finance Agreement Collateral, following an event of a default or otherwise, such unpaid amount shall be treated as an administrative expense claim pursuant to Section 503(b)(1) of the Code in the Debtors' cases.

8. If there are excess returned premiums, unearned premiums, or other Finance Agreement Collateral after application of the Finance Agreement Collateral to the Indebtedness, following an event of default or otherwise, the excess shall be turned over to the Debtors or any trustee subsequently appointed (under Chapter 7 or 11) for the Debtors.

9. If any insurance company needs to perform an audit on any of the Financed Policies, the Debtors and/or any trustee subsequently appointed (under Chapter 7 or 11) for the Debtors, shall cooperate therewith.

10. Notwithstanding Bankruptcy Rules 4001(a)(3) and 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Court shall retain jurisdiction with respect to any matters related to the implementation of this Order.