| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| ***Caption in Compliance with D.N.J. LBR 9004-1(b)***<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>Maxwell M. Hanamirian, Esquire (admitted *pro hac vice*)<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail: stephen.ravin@saul.com<br>turner.falk@saul.com<br>maxwell.hanamirian@saul.com<br><br>*Counsel to the Debtors and Debtors in Possession* | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Jointly Administered) |
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*,<br><br>Debtors.[1] | |

**DEBTORS' SECOND MOTION FOR AN ORDER FURTHER EXTENDING THE DEADLINE FOR THE DEBTORS TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO 11 U.S.C § 365(d)(4)**

By this motion (this "Motion"), the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") seek the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code"), granting the

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690). The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

Debtors a one-hundred twenty (120)-day extension, through and including January 8, 2027, of the statutory deadline for the Debtors to assume or reject unexpired leases (and sub-leases) of nonresidential real property (collectively, the "Real Property Leases"). In support of the Motion, the Debtors respectfully represent as follows.

**BACKGROUND**

1. On November 14, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court").

2. A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases (the "Chapter 11 Cases"), the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Patrick Wynne in Support of First Day Motions for Relief* [Docket No. 19].

3. Collectively, the Debtors provide transportation, logistic, and warehouse related services. More specifically, the Debtors offer rail boxcar services, container handling services, warehousing services, multiple shipping options (e.g., rail, truck, air, and international shipping), specialized material handling services, cross docking, handling, and packing services, beverage specialists and alcoholic beverages expertise services, and product care and protection services.

4. The Debtors operate their businesses out of various warehouses. Debtors Amex Shipping Agent, Inc., P. Judge & Sons, Inc. and Port Elizabeth Terminal & Warehouse Corp. are based in 13 Manor Road, East Rutherford, NJ 07073. Debtor Judge Organization, LLC is based in 400 Expansion Boulevard, Port Wentworth, GA 31407. Debtors P. Judge & Sons Trucking, LLC and Judge Warehousing, LLC are subsidiaries of and share the same address as Debtor Judge Organization, LLC.

5. On January 29, 2026, the Debtors filed a motion to extend the 365(d)(4) deadline by 90 days, to June 12, 2026, which motion was granted on February 26, 2026 [Docket No. 181].

6. On May 19, 2026, the Debtors filed a motion to further extend the 365(d)(4) deadline by 90 days to September 10, 2026, which motion was granted on June 9, 2026 [Docket No. 308].

**THE REAL PROPERTY LEASES**

7. The Debtors are currently in the final stages of evaluating a potential sale transaction and have filed pleadings related-thereto, with the intention of consummating such transaction as soon as reasonably practicable, and handling administrative day-to-day chapter 11 tasks. Given the need for the Debtors and their professionals to focus on these critically important and time sensitive tasks, the Debtors require more time to evaluate their Real Property Leases. Because the Real Property Leases remain crucial to the continuance of the Debtors' business operations, sale, and restructuring efforts, the additional time requested herein will be most beneficial to the Debtors' estates and parties in interest. **Moreover, consistent with Bankruptcy Code Section 365(d)(4)(B)(ii), three of the four relevant lessors have consented to the extension requested herein. The Debtors are in discussion with the remaining relevant lessor and hope to reach a resolution prior to the hearing date of this Motion.**

**JURISDICTION AND VENUE**

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

9. The statutory basis for the relief requested herein is section 365(d)(4) of the Bankruptcy Code and Rule 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## RELIEF REQUESTED

10. By the Motion, the Debtors request entry of the Proposed Order further extending the deadline for the Debtors to assume or reject the Real Property Leases by one-hundred twenty (120) days, through and including January 8, 2027, pursuant to section 365(d)(4) of the Bankruptcy Code. Such an extension would be without prejudice to the Debtors' rights, pursuant to section 365(d)(4)(B)(ii) of the Bankruptcy Code, to request further extensions with the consent of the affected lessors.

## BASIS FOR RELIEF REQUESTED

11. Pursuant to section 365(d)(4) of the Bankruptcy Code, the Debtors' current deadline to assume or reject the Real Property Leases (the "Assumption/Rejection Deadline") is September 10, 2026. *See* 11 U.S.C. § 365(d)(4). Section 365(d)(4)(B) of the Bankruptcy Code provides, however, that on a motion by a debtor, the Court may extend the initial 120-day Assumption/Rejection Deadline by 90 days "for cause." *See* 11 U.S.C. § 365(d)(4)(B). Any subsequent extensions of the Assumption/Rejection Deadline may only be granted with the prior written consent of the affected lessors. *See* 11 U.S.C. § 365(d)(4)(B)(ii).

12. Under section 365(d)(4) of the Bankruptcy Code, if a debtor fails to assume or reject an unexpired lease of nonresidential real property under which the debtor is a lessee prior to the applicable deadline, such lease automatically will be deemed rejected. *See* 11 U.S.C. § 365(d)(4)(A).

13. In the present case, the Debtors believe that ample cause exists to extend the Assumption/Rejection Deadline.

14. In recent months, the Debtors have been focused on critical tasks, including, among other things (i) working through the final stages of a potential sale transaction for certain of the Debtors' assets, (ii) preparing pleadings related to the same, and (iii) otherwise attending to tasks required to administer these Chapter 11 Cases.

15. There are essentially three factors that are weighed by courts in determining whether cause exists to extend the deadline to assume or reject unexpired leases of nonresidential real property:

a) whether the leases are an important asset of the estate such that the decision to assume or reject would be central to any plan of reorganization that may be proposed by the debtor;

b) whether the case is complex and involves large numbers of leases; and

c) whether or not the debtor has had sufficient time to intelligently appraise the value of each lease for purposes of a plan of reorganization.

*In re Wedtech Corp.*, 72 B.R. 464, 471–72 (Bankr. S.D.N.Y. 1987); accord *In re Channel Home Ctrs., Inc.*, 989 F.2d 682, 689 (3d Cir. 1993) (noting that "it is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating").

16. The Debtors submit that a consideration of the *Wedtech* factors supports the requested extension of the Assumption/Rejection Deadline. First, until the Debtors, in their business judgment, determine otherwise, the Real Property Leases are important assets of the Debtors' estates, and therefore the decision to assume or reject the Real Property Leases is necessarily of significant importance to the Debtors' reorganization efforts. The Debtors must be

allowed sufficient time to determine which of the remaining Real Property Leases should be assumed or rejected.

17. As to the second and third prongs of the *Wedtech* standard, the Chapter 11 Cases are sufficiently complex bankruptcy cases that the Debtors are appropriately focused on continuing their operations, working through the final stages of a potential sale transaction for certain of the Debtors' assets, and working towards proposing a plan that can be confirmed by the Court. Given the Debtors' focus on these matters and the large volume of other tasks required of the Debtors' personnel and professional advisors to date, the Debtors require additional time to evaluate carefully the remaining Real Property Leases to determine the best path forward for such leases. An extension of the Assumption/Rejection Deadline is thus necessary to allow the Debtors sufficient time to evaluate fully the Real Property Leases and afford the Debtors flexibility in prosecuting the Chapter 11 Cases.

**RESERVATION OF RIGHTS**

18. Nothing contained in the Motion or any actions taken by the Debtors pursuant to relief granted in the Proposed Order is intended or should be construed as (a) an assumption or rejection of any of the Real Property Leases under section 365(a) of the Bankruptcy Code or (b) an admission by the Debtors that a particular agreement is or is not a true lease or subject to section 365 of the Bankruptcy Code. If the Court grants the relief sought herein, any and all of the Debtors' rights, claims, and defenses with respect to the characterization of the Real Property Leases pursuant to sections 365(d)(3) and 365(d)(4) of the Bankruptcy Code or otherwise are expressly reserved.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order, in substantially in the form attached hereto as **Exhibit A** granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: September 3, 2026

**SAUL EWING LLP**

By: */s/ Stephen B. Ravin*

Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail:stephen.ravin@saul.com
turner.falk@saul.com

-and-

Maxwell M. Hanamirian, Esquire (admitted *pro hac vice*)
1735 Market Street, Suite 3400
Philadelphia, PA 19103-7504
E-mail: maxwell.hanamirian@saul.com

*Counsel for Debtors and Debtors in Possession*