Order Filed on September 9, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

***Caption in Compliance with D.N.J. LBR 9004-1(b)***

**SAUL EWING LLP**
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
Maxwell M. Hanamirian, Esquire (admitted *pro hac vice*)
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail: stephen.ravin@saul.com
turner.falk@saul.com
maxwell.hanamirian@saul.com

*Counsel to the Debtors and Debtors in Possession*

In re:

PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*,

Debtors.[1]

Chapter 11

Case No. 25-22123 (JKS)

(Jointly Administered)

**ORDER FURTHER EXTENDING THE DEADLINE FOR THE DEBTORS TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(4)**

The relief set forth on the following page numbered two (2) through four (4) is hereby **ORDERED.**

**DATED: September 9, 2026**

Honorable John K. Sherwood
United States Bankruptcy Court

AND NOW, upon consideration of the Debtors' Motion (the "Motion")[2] for entry of an order granting Debtors an extension, through and including January 8, 2027, of the statutory deadline for the Debtors to assume or reject the Real Property Leases; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and after due deliberation; and sufficient cause appearing therefor, it is hereby ORDERED and DECREED as follows:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 365(d)(4) of the Bankruptcy Code, the Assumption/Rejection Deadline is hereby extended by consent of all the relevant landlord counterparties to such unexpired nonresidential real property leases, through and including January 8, 2027 (the "Extension Period").

3. In exchange for lessor Seagis East Rutherford, LLC's ("Seagis") consent to the Extension Period, the Debtors shall (i) pay the monthly rent in the amounts due under the Debtors'

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

lease with Seagis going forward no later than the 15th day of each month for the duration of the Extension Period (the "Go-Forward Rents"), and (ii) the Debtors shall pay the current unpaid postpetition rent due under the Debtors' lease with Seagis pursuant to section 365(d)(4) of the Bankruptcy Code, in the aggregate amount of $98,459.47 (the "Unpaid Postpetition Rent"), as follows: (a) $49,229.96 representing 50% of the Unpaid Postpetition Rent shall be paid at closing from the sale proceeds; and (b) the remaining 50% shall be paid in three (3) equal monthly payments of $16,409.84 each beginning 30 days after closing, but in no event later than the effective date of any plan of the Debtors. The Debtors and Seagis further agree that, to the extent the Debtors do not pay the Go-Forward Rents on or before the 15th of each month of September, October, November, December and January, the Extension Period shall terminate and the lease between the Debtors and Seagis will be deemed rejected contemporaneously with the Debtors' immediate surrender of the premises to Seagis. Notwithstanding the foregoing, nothing in this agreement shall affect any rights, remedies and claims that Seagis has under the lease with the Debtors and the Bankruptcy Code that may be asserted against the Debtors, including its rights to assert a claim and receive payment for the November rents outstanding under the lease between the Debtors and Seagis as of the Petition Date; provided, further, should the Seagis lease be assumed or assumed and assigned in connection with the sale process, the foregoing payment arrangement with respect to the Unpaid Postpetition Rent shall be moot, and any and all such unpaid rents, including the Unpaid Postpetition Rent, due under the lease shall be paid as cure at closing.

4. In exchange for lessor Prologis' consent, the Debtors shall timely pay rent under its lease with Prologis and pay any incurred or to be incurred late fees as part of the cure.

5. This Order shall be without prejudice to the rights of the Debtors and their estates to seek further extensions of the Assumption/Rejection Deadline with the consent of the affected lessors.

6. Nothing contained herein shall be deemed to (a) authorize the assumption or rejection of any of the Real Property Leases or (b) determine whether any of the Real Property Leases or other agreements to which any of the Debtors is a party is an unexpired lease of nonresidential real property with the meaning of section 365(d) of the Bankruptcy Code.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8. This Court retains jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.