**WOMBLE BOND DICKINSON (US) LLP**
By: Ryan C. Thompson
Attorney ID No. 3340-2011
888 Seventh Avenue, 38th Floor
New York, New York 10106
Phone: (332) 258-8477
Email: ryan.thompson@wbd-us.com

*Attorney for The Huntington National Bank*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>**PORT ELIZABETH TERMINAL & WAREHOUSE CORP., et al.**<br>Debtors. | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Jointly Administered)<br><br>Related to Docket Nos. 433 and 441 |

**THE HUNTINGTON NATIONAL BANK'S LIMITED OBJECTION TO PROPOSED ASSUMPTION AND ASSIGNMENT, CONTRACT DESCRIPTION, AND CURE AMOUNTS**

The Huntington National Bank ("Huntington"), by and through undersigned counsel, files this limited objection (the "Objection") to the proposed assumption and assignment of certain equipment leases identified in the Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases [D.I. 441] (the "Contract Notice"). Huntington does not object to the Sale generally, provided that its rights are fully protected, the contract description identified below is corrected to the extent the Debtor's intend to refer to collateral securing Huntington's claim, and the requirements of section 365 of the Bankruptcy Code are satisfied. In support, Huntington states as follows:

1. On November 14, 2025 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") commenced these chapter 11 cases.

2. On September 4, 2026, the Court entered the Order (I) Authorizing and Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (II) Approving Bid

Protections, (III) Scheduling an Auction and a Sale Hearing, (IV) Approving the Form and Manner of Notice Thereof, (V) Establishing Notice and Procedures of Assumption and Assignment of Certain Executory Contracts and Leases, and (VI) Granting Related Relief [D.I. 433] (the "Bidding Procedures Order").

3. The Bidding Procedures Order requires any objection to a proposed cure amount to state with specificity the cure amount the counterparty believes is required, with appropriate supporting documentation.

4. On September 10, 2026, the Debtors filed the Contract Notice. Exhibit 1 identifies five equipment leases for which Renaissance Capital Alliance, LLC and Huntington are counterparties, and assigns a proposed Cure Amount of $0.00 to each lease.

5. Huntington only holds four leases, Contract Nos. 100, 300, 301, and 302, reflected by Proofs of Claim 27-1, 28-1, 30-1, and 34-1 (collectively, the "Huntington Leases"). Huntington is unaware who holds the remaining lease.

6. Huntington's account records establish that the proposed $0.00 Cure Amounts are incorrect. As of the filing of this objection, the amounts necessary to cure existing monetary defaults under the four leases total $36,450.82, consisting of unpaid rent, applicable sales tax on unpaid rent, accrued default interest, late charges, and legal fees. This amount excludes future rent, purchase-option amounts, and other obligations not yet due.

7. The cure amount through October 5, 2026 is allocated by lease as follows:

a. Port Elizabeth Lease Schedule No. 100: no less than $2,222.94;

b. Port Elizabeth Lease Schedule No. 300: no less than $9,156.90;

c. Port Elizabeth Lease Schedule No. 301: no less than $13,555.84;

d. Port Elizabeth Lease Schedule No. 302: no less than $11,515.14;

8. In addition to the foregoing unpaid rent amounts, Huntington asserts that any cure amount must include all accrued default interest, sales taxes, legal fees, charges, expenses, and other amounts recoverable under the Huntington Leases and applicable law.

9. Huntington's records reflect accrued default interest of no less than $2,432.27 under Contract No. 100, $2,480.32 under Contract No. 300, $2,551.74 under Contract No. 301, and $7,808.21 under Contract No. 302, for a total of no less than $15,272.54.

10. Huntington's records further reflect sales taxes on amounts due of no less than $968.61 under Contract No. 100, $988.88 under Contract No. 300, $1,009.56 under Contract No. 301, and $3,125.14 under Contract No. 302, for a total of no less than $6,092.19.

11. Accordingly, as of October 5, 2026, the amounts necessary to cure the Huntington Leases include no less than $21,364.73 in accrued default interest and taxes, in addition to the unpaid rent amounts set forth above, and exclusive of any additional interest, fees, taxes, charges, expenses, and other obligations accruing thereafter through the effective date of assumption and assignment.

12. As of October 5, 2026, the Debtors owe no less than $36,450.82 in unpaid rent alone under the four Huntington Leases. The final cure amount must also include no less than $21,364.73 in accrued default interest and taxes, together with all legal fees, charges, expenses, additional rent, and other monetary or nonmonetary defaults arising through the effective date of assumption and assignment.

13. The Contract Notice also incorrectly describes the equipment associated with Lease Schedule No. 100 as an “Advance SW5500 Rider Sweeper” bearing serial number 3510221000226. The equipment bearing that serial number is an Advance SC6000 rider floor scrubber. The serial number stated in the Contract Notice matches the serial number in the underlying lease documents; the equipment model, not the serial number, is the error.

14. The contract description should be corrected to identify Lease Schedule No. 100 as covering one Advance SC6000 rider floor scrubber, serial number 3510221000226. The correction is

descriptive only and does not alter the identity of the lease or the equipment subject to Huntington's rights.

**LIMITED OBJECTION**

15. Sections 365(b)(1) and 365(f)(2) require cure of defaults and adequate assurance of future performance as conditions to assumption and assignment. The Bidding Procedures Order likewise provides that a cure dispute may be resolved after the Sale Hearing so long as the amount asserted by the counterparty, or such lower amount as agreed, is deposited in a segregated account pending adjudication or consensual resolution.

16. Huntington objects to approval of the proposed $0.00 Cure Amounts. As of October 5, 2026, the monetary cure required for the four Huntington leases is no less than $36,450.82. Any additional unpaid rent, charges, fees, expenses, insurance obligations, maintenance obligations, taxes, indemnity obligations, or other monetary or nonmonetary defaults arising through the effective date of assumption and assignment must also be cured or otherwise resolved.

17. Huntington requests that the Debtors pay the $36,450.82 cure amount, as adjusted for additional amounts accruing and payments received after October 5, 2026, before assumption and assignment becomes effective or, alternatively, establish an adequate segregated reserve for the amount asserted by Huntington pending resolution of any Cure Dispute.

18. Huntington further requests adequate assurance that any proposed assignee will perform all obligations under the leases, including payment, possession, maintenance, insurance, return, indemnity, and other continuing obligations, and that no assignment order will amend, strip, cap, release, or otherwise impair Huntington's ownership and contractual rights.

19. The Court should require the Debtors to correct the description of the equipment subject to Lease Schedule No. 100 before authorizing assumption and assignment. Any order approving assumption and assignment should identify the equipment as an Advance SC6000 rider floor scrubber,

serial number 3510221000226, or otherwise provide that the inaccurate model description in the Contract Notice does not limit Huntington's rights in the correctly identified equipment.

**RESERVATION OF RIGHTS**

20. Huntington reserves all rights to amend or supplement this Objection, update the cure amounts for additional accruals or payments after October 5, 2026, object to adequate assurance, seek allowance and payment of administrative expenses, enforce the leases, and exercise all rights and remedies under applicable law. Nothing herein constitutes consent under sections 363(f)(2) or 365, an election of remedies, or a waiver of any claim, ownership interest, or contractual right.

WHEREFORE, Huntington respectfully requests that the Court (a) sustain this Objection; (b) decline to establish a final $0.00 Cure Amount for any Huntington lease; (c) direct the Debtors to correct the description of the equipment subject to Lease Schedule No. 100 to identify an Advance SC6000 rider floor scrubber, serial number 3510221000226; (d) require payment or an adequate segregated reserve of not less than $36,450.82, representing the aggregate cure amount through October 5, 2026, plus no less than $21,364.73 representing taxes, fees, and default interest, as adjusted for additional amounts accruing and payments received through the effective date of assumption and assignment; (e) require adequate assurance of future performance; (f) prohibit assumption or assignment unless sections 365(b) and 365(f) are satisfied; and (g) grant such other and further relief as is just and proper.

Dated: October 6, 2026

**WOMBLE BOND DICKINSON (US) LLP**

By: /s/ Ryan C. Thompson
Ryan C. Thompson
Attorney ID No. 3340-2011
888 Seventh Avenue, 38th Floor
New York, New York 10106
Phone: (332) 258-8477
Email: ryan.thompson@wbd-us.com
*Attorney for The Huntington National Bank*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 6, 2026, a true and correct copy of the foregoing The Huntington National Bank's Limited Objection to Proposed Assumption and Assignment, Contract Description, and Cure Amounts was filed using the Court's CM/ECF system, which will provide electronic notice to all counsel and parties registered to receive electronic notice in these chapter 11 cases.

/s/ Ryan C. Thompson
Ryan C. Thompson