UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1**

**FAEGRE DRINKER BIDDLE & REATH LLP**
A Delaware Limited Liability Partnership
Brian P. Morgan, Esq.
1177 Avenue of the Americas, 41st Fl.
New York, NY 10036
brian.morgan@faegredrinker.com
Tel: (212) 248-3140
Fax: (212) 248-3141

*Counsel to Duke Realty Limited Partnership*

| | |
|---|---|
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF DUKE REALTY LIMITED PARTNERSHIP TO POTENTIAL ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE**

Duke Realty Limited Partnership ("Duke"), as party in interest in the above-captioned case and creditor of the above-captioned debtors and debtors-in-possession (the "Debtors"), by and through its undersigned counsel, hereby submits this limited objection and reservation of rights (this "Limited Objection") to the potential assignment of a certain unexpired lease identified in Appendix 1 to the *Notice of Possible Assumption and Assignment of Certain Executory Contracts*

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690). The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

*and Unexpired Leases* [Docket No. 441] (the "Assumption/Assignment Notice"). In support of this Limited Objection, Duke respectfully represents as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

### A. The Debtors' Bankruptcy Proceedings.

1. On November 14, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court").

2. On August 26, 2026, the Debtors filed a motion [Docket No. 417] (the "Bidding Procedures Motion") seeking entry of an order (the "Bidding Procedures Order"), (i) authorizing and approving bidding procedures (the "Bidding Procedures") in connection with one or more sales or dispositions (collectively, the "Sale(s)") of the Northern Assets, the Southern Assets, and all other assets (collectively, the "Assets"), (ii) approving the Bid Protections with respect to the Stalking Horse Bid and authorizing the Debtors to incur and pay the Bid Protections to the extent applicable, (iii) establishing certain dates and deadlines for the sale process, including scheduling an auction of the Assets (the "Auction"), if applicable, in accordance with the Bidding Procedures, and the hearing with respect to the approval of the Sale (the "Sale Hearing"), (iv) approving the form and manner of notice of the Auction, if any, the Sale and the Sale Hearing, (v) approving procedures for the assumption and assignment of certain executory contracts and unexpired leases in connection with the Sale and approving the form and manner of notice thereof, and (vi) granting related relief.

3. The Bidding Procedures Motion contemplates the Sale of substantially all of the Debtors' assets to East Coast Warehouse and Distribution Corp. and its designees (the "Stalking Horse Bidder"), or such other successful bidder.

4. On September 4, 2026, the Court entered the Bidding Procedures Order [Docket No. 433], approving, among other things, the Bidding Procedures Motion and the Bidding Procedures, which establish key dates and times relating to the Sale and the Auction.

5. On September 9, 2026, the Court entered the Order Further Extending the Deadline for the Debtors to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4) [Docket No. 440], which extended the time for the Debtors to assume or reject the Lease to January 8, 2027, and provides that any fees incurred as a result of the late payment of Rent shall be included as part of the cure amount if the Lease is assumed.

6. On September 10, 2026, the Debtors filed the Assumption/Assignment Notice, which contemplates the potential assumption and assignment of the Lease (defined below) to the Stalking Horse Bidder or such other party that is deemed the successful bidder at the conclusion of the Auction (the "Proposed Assumption").

7. The Assumption/Assignment Notice identifies a proposed "Cure Amount" of $707,108.87.

8. On October 7, 2026, the Debtors filed the Notice of Successful Bidder and Cancellation of Auction [Docket No. 482], which advised parties that aside from the Stalking Horse Bid, no other bids had been received prior to the Bid Deadline and, as a result, the Auction was canceled and the Stalking Horse Bidder was declared the Successful Bidder.

9. As of the date hereof, the Debtors have not filed a proposed order approving the Sale or the final form of an agreement with the Stalking Horse Bidder, including a schedule of assumed contracts with updated proposed cure amounts.

**B. The Lease.**

10. Duke, as landlord, and Debtor Judge Warehousing, LLC, as tenant, are parties to that certain lease (as amended, the "Lease") for the lease of certain premises consisting of approximately 184,800 rentable square feet located at Prologis Crossroads 400, 400 Expansion Blvd, Port Wentworth, GA 31407 (the "Premises").

11. The Lease requires Debtor Judge Warehousing, LLC to make payments of base rent and additional rent including, but not limited to, monthly fixed operating expenses and taxes (collectively, "Rent"). Rent owed under the Lease continues to accrue post-Petition Date.

12. The Lease contains various maintenance, surrender, and indemnification obligations of Debtor Judge Warehousing, LLC, as more fully described in each relevant Lease (collectively, the "Non-Monetary Obligations").

13. As of October 13, 2026, according to the books and records of Duke, there was, and remains, due and owing to Duke from Judge Warehousing, LLC $946,528.55 in unpaid Rent under the Lease.

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**

14. Duke does not, in principle, object to the Proposed Assumption. However, the Debtors must fully cure the defaults under the Lease prior to or upon assumption. The Debtors must also provide adequate assurance of future performance.

**A. The Debtors Must Fully Cure the Defaults Under the Lease.**

15. Pursuant to section 365(b)(1)(A) of the Bankruptcy Code:

> If there has been a default in an . . . unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee . . . cures, or provides adequate assurance that the trustee will promptly cure, such default . . . .

1. U.S.C. § 365(b)(1)(A).

16. "Cure is a critical component of assumption." *In re Thane Inter., Inc.*, 586 B.R. 540, 549 (Bankr. D. Del. 2018). "The language and intent behind § 365 is decisive … [and it] was clearly intended to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance." *Id.* (c*iting In re Superior Toy & Mfg. Co., Inc.*, 78 F.3d 1169, 1174 (7th Cir. 1996)). "If the trustee is to assume a contract or lease, the court will have to ensure that the trustee's performance under the contract or lease gives the other contracting party the full benefit of his bargain." *Id.* (citation to legislative history omitted). "[T]he term 'full benefit of his bargain' refers to 'the full amount due' under the contract or lease in question, as opposed to liabilities solely for future performance." *Id.; see also In re Handy Andy Home Improvement Centers, Inc.*, 196 B.R. 87, 93 (Bankr. N.D. Ill. 1996) (debtor must cure pre- and post-petition defaults prior to assumption).

17. As noted above, the Debtor Judge Warehousing, LLC owes Duke the cure amount of $946,528.55 under the Lease. This amount must be paid as a condition precedent to Debtors' assumption and assignment of the Lease pursuant to Section 365(b)(1)(A) of the Bankruptcy Code.

18. Further, in the event the Debtors pay the correct cure amount, the Debtors must assume *all* of the obligations under the Lease, including the obligation to perform the Non-Monetary Obligations under the Lease. *See In re MF Global Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("An executory contract may not be assumed in part and rejected in part. . . . The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits."). Thus, Duke objects to the Proposed Assumption of the Lease to the extent the Debtors purport to assume anything less than all of the obligations under the Lease.

19. Duke is not opposed, in principle, to the Proposed Assumption, however the cure amount of $946,528.55 must be paid and the Debtors must assume and assign the entire Lease, including the Non-Monetary Obligations.

**B. The Debtors Must Provide Duke with Adequate Assurance of the Proposed Assignee's Future Performance Under the Lease.**

20. Pursuant to section 365(f)(2) of the Bankruptcy Code, a trustee or debtor-in-possession may assign an unexpired lease of the debtor only if:

> (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and
>
> (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 .S.C. § 365(f)(2).

17. "The statutory requirement of 'adequate assurance of future performance by the assignee' affords 'needed protection to the non-debtor party because the assignment relieves the trustee and the bankruptcy estate from liability for breaches arising after the assignment.'" *In re Fleming Cos.*, 499 F.3d 300, 305 (3d Cir. 2007) (citing *Cinicola v. Scharffenberger*, 248 F.3d 110, 120 (3d Cir. 2001)); *see also In re Sanshoe Worldwide Corp.*, 139 B.R. 585, 592 (S.D.N.Y. 1992) (noting that this provision "was primarily designed to protect landlords.").

18. The phrase adequate assurance of future performance "is to be given a practical and pragmatic construction based upon the facts and circumstances of each case." *Cinicola*, 248 F.3d at 120. A party's satisfaction with such assurances must be based upon reason and not be arbitrary or capricious. *Id.* In determining whether there has been adequate assurance of future performance of an executory contract, courts have considered the nature of the parties involved, their prior dealings, and the contents of the agreement. *See, e.g.*, *In re Yardley*, 77 B.R. 643 (Bankr. M.D. Tenn. 1987). Although a trustee and/or debtor need not provide an absolute guarantee of future

performance, it must provide more than speculative plans to constitute adequate assurance. *Cinicola*, 248 F.3d at 120; *see also In re Washington Capital Aviation & Leasing*, 156 B.R. 167 (Bankr. E.D. Va. 1993).

19. As of the date hereof, no adequate assurance information has been provided to Duke regarding the Stalking Horse Bidder or it designee(s). Counsel for the Stalking Horse Bidder provided Duke with a proposed Confidentiality Agreement which counsel for Duke returned with minor edits. Counsel for the Stalking Horse Bidder did not return a signed Confidentiality Agreement or otherwise respond to follow up requests.

**RESERVATION OF RIGHTS**

A. Duke reserves the right to supplement or amend this Limited Objection based upon information acquired by Duke, and to introduce evidence at any hearing related to the chapter 11 cases, the Sale, the Proposed Assumption of the Lease, and/or this Limited Objection. Further, Duke reserves the right to otherwise amend, supplement, and/or otherwise modify this Limited Objection, and to raise other and further objections to the assumption and assignment or cure amounts with respect to the Lease. Duke additionally reserves the right to exercise all available remedies under the Lease to obtain possession of the Premises (subject to any applicable procedural limitations imposed by the Bankruptcy Code and Federal Rules of Bankruptcy Procedure), and to assert claims against the Debtors (including, but not limited to, administrative expense claims under sections 365(d)(3) and/or 503(b) of the Bankruptcy Code and claims arising from the rejection of the Lease should the Debtors later withdraw the Proposed Assumption or otherwise reject the Lease at the appropriate time.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

WHEREFORE, for the reasons set forth above, Duke respectfully requests that the Court predicate any entry of an order approving the assumption and assignment of the Lease on the Debtors' (i) satisfaction of cure obligations as those exist at the time of the assumption, and (ii) provision of adequate assurance information for Duke's consideration, each consistent with this Limited Objection, and grant such other and further relief as is just and equitable.

Dated: October 13, 2026

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Brian P. Morgan*

Brian P. Morgan (N.J. Bar No. 035602008)
1177 Avenue of the Americas, 43rd Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
brian.morgan@faegredrinker.com

*Counsel for Duke Realty Limited Partnership*