**RIKER DANZIG LLP**
Joseph L. Schwartz
John J. Harmon
7 Giralda Farms, Suite 250
Madison, New Jersey 07940
Telephone: (973) 538-0800
jschwartz@riker.com
jharmon@riker.com

*Counsel to East Coast Warehouse and Distribution Corp.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Jointly Administered) |

**DECLARATION OF JAMIE OVERLEY IN SUPPORT OF ENTRY OF ORDER (I) APPROVING ASSET PURCHASE AGREEMENT BETWEEN DEBTORS AND PURCHASER; (II) APPROVING SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; (III) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF**

I, Jamie Overley, declare under penalty of perjury as follows:

1. I am submitting this Declaration in support of the proposed *Order (I) Approving Asset Purchase Agreement Between Debtors and Purchaser; (II) Approving Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests; (III) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV)*

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690). The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

*Granting Related Relief* (the "Proposed Sale Order").[2] I have personal knowledge of the facts set forth herein and, if called to testify, I could do so competently.

2. I am the Chief Executive Officer of East Coast Warehouse and Distribution Corp., a New Jersey corporation (together with its designees, "ECW"), the purchaser under that certain Asset Purchase Agreement, dated as of August 26, 2026 (as amended, supplemented, or otherwise modified, including the attachments thereto, the "APA"), by and among ECW and the Debtors, as sellers (collectively, the "Debtors"). I am authorized to submit this Declaration in support of the Debtors' request for entry of the Sale Order.

3. ECW is an established third-party logistics provider headquartered in Elizabeth, New Jersey, operating state-of-the-art warehouse and logistics facilities totaling 3.8 million square feet strategically located on the Ports of New York/New Jersey, Philadelphia, Baltimore, Savannah, Charleston and Houston. In addition to its port-based warehousing services, ECW provides container drayage, local and regional trucking, national freight brokerage and customs exam services, offering shippers a fully integrated supply chain solution.

4. Neither I nor ECW has, or has previously had, any relationship with the Debtors, except in connection with the sale transaction contemplated by the APA and the related Transactions.

5. ECW, together with its counsel and other advisors, negotiated the APA and the Transactions with the Debtors and their professionals at arm's length, in good faith, and without collusion. On behalf of ECW, I participated in good faith in the Debtors' sale process in accordance with the Bidding Procedures Order.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the proposed Sale Order, the Asset Purchase Agreement, or the Bidding Procedures Order entered on September 24, 2026 [D.I. 433], as applicable.

6. I am not a manager, director, officer, employee, or equity holder of any of the Debtors, and I did not authorize (and have no authority to authorize) the Transactions on behalf of any of the Debtors, or any of their related companies or affiliates.

7. ECW has substantial financial wherewithal to consummate the Transactions on the terms set forth in the APA. ECW's obligations under the APA are not subject to any financing contingency, and ECW has sufficient available cash, committed financing, and other resources to fund the purchase price and all other obligations contemplated by the APA at Closing. ECW also has more than sufficient financial resources and liquidity to provide adequate assurance of future performance under the Assigned Contracts and Assigned Leases pursuant to sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

8. On or about April 9, 2026, ECW delivered a non-binding indication of interest to the Debtors. Following extensive due diligence and arm's-length negotiations with the Debtors and their advisors, on or about August 26, 2026, ECW and the Debtors executed the APA.

9. Pursuant to the Bidding Procedures Order, the Debtors designated ECW as the Stalking Horse Bidder in connection with the Debtors' proposed sale of substantially all of their assets.

10. I am advised that both before and following entry of the Bidding Procedures Order, the Debtors conducted an extensive marketing process with respect to a potential sale of their assets. I further am advised that no Qualified Bids other than ECW's bid were received by the Bid Deadline, and that no Auction was therefore required. On October 7, 2026, the Debtors identified the APA as the highest or otherwise best bid for the Acquired Assets and designated ECW as the Successful Bidder. [D.I. 482]

11. I confirm that neither ECW nor I have engaged in any collusion with respect to the Transactions or the APA. ECW did not communicate with any other Qualified Bidder or prospective bidder interested in the Acquired Assets, and did not take any actions, or have any discussions with third parties, about the Transactions, other than with the Debtors, the Debtors' counterparties, ECW's affiliates, equity holders, employees, representatives, lenders and advisors, and/or except as previously disclosed to and consented to by the Debtors. ECW has not entered into any agreement or understanding with any other bidder or prospective bidder regarding the Acquired Assets or the bidding process.

12. To the best of my knowledge, neither ECW nor I is an "insider" or "affiliate" of any of the Debtors, the DIP Lender, or any other stakeholder in these Chapter 11 Cases, as those terms are defined in section 101 of the Bankruptcy Code, and no common identity of incorporators, officers, directors, members, or equity holders exists between ECW or me, on the one hand, and the Debtors, on the other hand.

13. Neither ECW nor I have any agreements with any insiders of the Debtors regarding the Transactions or the APA that have not been disclosed to the Debtors or to this Court.

14. To my knowledge, ECW, its counsel, and its other advisors have acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code in connection with the negotiation and execution of the APA, and have complied with the Bidding Procedures Order and the proposed Sale Order.

15. Based on the foregoing, I believe there should be a finding of good faith, and I respectfully request that the Court enter the Proposed Sale Order and find that the APA was negotiated at arm's length, in good faith, and without collusion pursuant to section 363(m) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 24, 2026

/s/Jamie Overley
Jamie Overley
Chief Executive Officer
East Coast Warehouse and Distribution Corp.