| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| ***Caption in Compliance with D.N.J. LBR 9004-1(b)***<br>**SAUL EWING LLP**<br>Jeffrey C. Hampton, Esquire<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>Mariam Khoudari, Esquire<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail: Jeffrey.hampton@saul.com<br>stephen.ravin@saul.com<br>turner.falk@saul.com<br>mariam.khoudari@saul.com<br><br>*Counsel to the Debtors and Debtors in Possession* | Chapter 11<br><br>Case No. 25-22123 (VFP)<br><br>(Jointly Administered) |
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*,<br><br>Debtors.[1] | **Re Doc. No. 513** |

**ORDER GRANTING THIRD INTERIM FEE APPLICATION OF FORVIS MAZARS, LLP, ACCOUNTANT TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM MAY 1, 2026 THROUGH AUGUST 31, 2026**

The relief set forth on the following page numbered two (2) is hereby **ORDERED**.

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690). The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

---

AND NOW, upon consideration of the *Third Interim Fee Application of Forvis Mazars, LLP* (“**Mazars**”)*, Accountant to the Debtors, for Allowance of Compensation and Reimbursement of Expenses for the Period from May 1, 2026 Through August 31, 2026* (the “**Third Interim Fee Application**”)[2] [Docket No. 513] and in consideration of any responses thereto, and after notice and an opportunity for a hearing it is hereby ORDERED:

1. The Third Interim Fee Application is APPROVED as set forth herein.

2. Mazars is allowed and awarded compensation of $257,500.43 for services rendered to the Debtors during the Application Period.

3. Mazars is allowed and awarded reimbursement of actual and necessary expenses of $1,500.00 incurred during the Application Period.

4. The Debtors are hereby authorized to remit payment to Mazars of all allowed and amounts of fees and expenses approved by this Order, less any amounts already paid pursuant to the Interim Compensation Order.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Third Interim Fee Application.