| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| *Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Jeffrey C. Hampton, Esquire<br>Turner N. Falk, Esquire<br>Mariam Khoudari, Esquire<br>Sonali Doshi, Esquire<br>650 College Road East<br>Princeton, NJ 08540<br>Telephone: (973) 286-6714<br>E-mail: stephen.ravin@saul.com<br>jeffrey.hampton@saul.com<br>turner.falk@saul.com<br>mariam.khoudari@saul.com<br>sonali.doshi@saul.com<br><br>*Counsel to the Debtors and Debtors in Possession* | Chapter 11<br><br>Case No. 25-22123 (VFP)<br><br>(Jointly Administered) |
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*<br><br>Debtors.[1] | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE POST-CLOSING ACCOUNTS RECEIVABLE COLLECTION AND DISBURSEMENT SERVICES AGREEMENT WITH FIRST BUSINESS SPECIALTY FINANCE, LLC AND (B) RELATED RELIEF**

The debtors and debtors in possession (collectively, the "Debtors"), by and through their counsel, in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby submit this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), and Rules 6004(a) and (h)

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690).

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) authorizing the Debtors to enter into and perform under the agreement with First Business Specialty Finance, LLC ("FBSF") for post-closing accounts receivable collection and disbursement services, attached as **Exhibit 1** to the Motion (the "Post-Closing Services Agreement"), and (b) related relief. In support of the Motion, the Debtors rely on and incorporate by reference the *Declaration of Patrick Wynne* filed herewith.

## JURISDICTION AND VENUE

1. This Court (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a) and 363(b)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), as supplemented by Rule 6004(a) and (h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

### A. General Background

3. On November 14, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey.

4. Collectively, the Debtors provide transportation, logistics, and warehouse-related services. More specifically, the Debtors offer rail boxcar services, container handling services, warehousing services, multiple shipping options (e.g., rail, truck, air, and international shipping),

specialized material handling services, cross docking, handling, and packing services, beverage specialists and alcoholic beverages expertise services, and product care and protection services.

5. On August 26, 2026, the Debtors filed a motion seeking authority to sell substantially all their assets free and clear of any liens, claims, interests and encumbrances, and to assume and assign executory contracts and unexpired leases in connection with the sale of the Debtors' assets [Docket No. 417]. To that end, on September 4, 2026, the Court entered an order establishing, among other things, bidding procedures and key deadlines for the Debtors' post-petition sale process [Docket No. 433] (the "Bid Procedures Order").

6. Consistent with the Bid Procedures Order, because the Debtors did not receive any qualified bids other than the bid advanced by East Coast Warehouse and Distribution Corp. (the "Stalking Horse Bidder" or "ECW"), the Debtors did not hold an auction. The Debtors filed the *Notice of Designation of Successful Bidder and Cancellation of Auction* [Docket No. 482] identifying ECW as the successful bidder.

7. On October 27, 2026, the Court entered an order approving the sale of substantially all the Debtors' assets to ECW (the "Sale Order"). *See* [Docket No. 516]. The Debtors anticipate the sale to ECW (the "Sale") pursuant to that certain Asset Purchase Agreement (the "APA") dated as of August 26, 2026, will close on or about November 16, 2026 (the "Closing").

**B. The DIP Factoring Agreement with FBSF and Post-Closing Services Agreement**

8. The Debtors previously obtained debtor-in-possession financing from pursuant to that certain Debt Factoring and Security Agreement (the "Factoring Agreement"), under which FBSF agreed to purchase certain of the Debtors' accounts receivable (the "Factored Receivables") in exchange for advances of funds to the Debtors.

9. Pursuant to the Factoring Agreement, FBSF continued to purchase Factored Receivables and make advances to the Debtors, subject to the terms of the applicable DIP financing orders.

10. The Factored Receivables are not being sold to ECW pursuant to the APA.

11. At Closing, pursuant to the APA and Sale Order, the Debtors will pay all outstanding obligations to FBSF under the Factoring Agreement, effectively repurchasing the Factored Receivables for the estates. The face value of the Factored Receivables is anticipated to be between $3 million and $4 million.

12. Following Closing, the Debtors seek to ensure that collections of the Factored Receivables continues uninterrupted, to maximize the value of this asset for the estates.

13. In connection therewith, FBSF has provided the Debtors with a the Post-Closing Services Agreement to provide post-closing accounts receivable collection for the Factored Receivables.

14. Under the Post-Closing Services Agreement, FBSF will provide collections services, apply collected receivables to applicable invoices and disburse net proceeds to the Debtors, with access to an to the online reporting portal (collectively, the "A/R Servicing").

## RELIEF REQUESTED

15. The Debtors respectfully request entry of an Order, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code authorizing the Debtors to (a) enter into the Post-Closing Services Agreement with FBSF, a copy of which is attached to the Proposed Order as **Exhibit 1**; (b) pay the fees, costs, and expenses pursuant to the Post-Closing Services Agreement, in accordance with the terms thereof; and (c) take such other and further actions as may be necessary or appropriate to effectuate the foregoing.

**BASIS FOR RELIEF**

16. Section 105(a) of the Bankruptcy Code provides that the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The purpose of section 105 is to ensure that the bankruptcy court has the power "to take whatever action is appropriate or necessary in aid of the exercise of [its] jurisdiction." 2 Collier On Bankruptcy ¶ 105.01 (16th ed. 2024).

17. Section 363(b)(1) of the Bankruptcy Code provides that a debtor, after notice and a hearing, may use, sell, or lease property of the estate outside the ordinary course of business. 11 U.S.C. § 363(b)(1). Section 363(b) of the Bankruptcy code provides that "a debtor may, with approval from the bankruptcy court, 'use, sell, or lease . . . property of the estate' outside the ordinary course." *In re Boy Scouts of America*, 137 F.4th 126, 150 (3rd Cir. 2025) (quoting 11 U.S.C. § 363(b)(1)). Courts evaluate a debtor's proposed use of estate property outside the ordinary course of business under the business judgment standard. The debtor must demonstrate a sound business justification for the proposed transaction. *See In re Filene's Basement, LLC*, No. 11-13511, 2014 WL 1713416, at *12 (Bankr. D. Del. Apr. 29, 2014) ("Transactions under § 363 must be based upon the sound business judgment of the debtor or trustee."); *In re Decora Indus., Inc.,* No. 00-4459, 2002 WL 32332749, at *2 (D. Del. May 20, 2002) (finding that a debtor satisfies the requirements of section 363(b)(1) through the "sound exercise of business judgment"); *see also Official Comm. of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992) (holding that the use, sale, or lease of property of the estate is justified if it is supported by a good business reason).

18. A debtor-in-possession is afforded substantial deference in exercising its business judgment. "If a valid business justification exists, then a strong presumption follows that the

agreement was negotiated in good faith and is in the best interests of the estate." *In re Culp*, 545 B.R. 827, 844 (D. Del. 2016), aff'd, 681 F. App'x 140 (3d Cir. 2017)

19. Here, a sound business purpose justifies the Debtors' entry into the Post-Closing Services Agreement with FBSF. The Debtors may have difficulty collecting the Factored Receivables without the A/R Services. FBSF is familiar with the Debtors' accounts receivable and existing collection procedures, and account debtors will not experience any interruption in their payment process. Additionally, FBSF has the infrastructure and experience necessary to continue collecting and processing such receivables following the Sale.

20. Accordingly, utilizing FBSF's services will facilitate the orderly and efficient collection of the Factored Receivables, minimize disruption to the collection process, and provide the Debtors with visibility into collections and related disbursements.

21. The Debtors believe that the services to be provided under the Post-Closing Services Agreement, and the fees and expenses associated therewith, are reasonable and represent a sound exercise of the Debtors' business judgment.

22. The Debtors have provided the Post-Closing Services Agreement to the Official Committee of Unsecured Creditors, which does not oppose the relief requested herein.

23. Accordingly, the Debtors submit that their decision to enter into and perform under the Post-Closing Services Agreement is supported by sound business justification and should be approved pursuant to section 363(b)(1) of the Bankruptcy Code.

**REQUEST FOR WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)**

24. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Bankruptcy Rule 6004(h).

25. The Debtors respectfully request that the Court waive the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h) and provide that the order granting the relief requested herein is effective immediately upon entry. The Debtors submit that cause exists for such relief because the Closing Date of the Asset Sale is on or about November 16, 2026, and the Debtors need to ensure continuity of collection and disbursement services with respect to the Factored Receivables immediately following closing. Delaying implementation of the Post-Closing Services Agreement for an additional fourteen (14) days could disrupt the collection and remittance of the Factored Receivables and impair the Debtors' ability to efficiently administer those assets.

26. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable.

27. To implement the foregoing immediately, the Debtors also respectfully request a waiver of the notice requirements of Bankruptcy Rule 6004(a), to the extent they are applicable.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: November 13, 2026 **SAUL EWING LLP**

By: */s/ Stephen B. Ravin*

Stephen B. Ravin, Esquire
650 College Road East
Princeton, NJ 08540
Telephone: (973) 286-6714
E-mail: stephen.ravin@saul.com

-and-

Jeffrey C. Hampton, Esquire
Turner N. Falk, Esquire
Mariam Khoudari, Esquire
Sonali Doshi, Esquire
1735 Market Street, Suite 3400
Philadelphia, PA 19103-7504
E-mail: jeffrey.hampton@saul.com
turner.falk@saul.com
mariam.khoudari@saul.com
sonali.doshi@saul.com

*Counsel to the Debtors and Debtors in Possession*