# **Exhibit A**

## **Proposed Order**

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| *Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Jeffrey C. Hampton, Esquire<br>Turner N. Falk, Esquire<br>Mariam Khoudari, Esquire<br>650 College Road East<br>Princeton, NJ 08540<br>Telephone: (973) 286-6714<br>E-mail: stephen.ravin@saul.com<br>jeffrey.hampton@saul.com<br>turner.falk@saul.com<br>mariam.khoudari@saul.com<br>*Counsel to the Debtors and Debtors in Possession* | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Jointly Administered) |
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*<br><br>Debtors.[4] | |

**ORDER AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER A POST-CLOSING ACCOUNTS RECEIVABLE COLLECTION AND DISBURSEMENT SERVICES AGREEMENT**

The relief set forth on the following pages numbered two (2) through three (3) is hereby **ORDERED**.

[4] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690).

AND NOW, upon consideration of the motion (the "Motion")[5] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, authorizing the Debtors to enter into and perform under the Post-Closing Services Agreement; and the Declaration of Patrick Wynne in support of the Motion; and it appearing that this Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, but not directed, to enter into and perform under the Post-Closing Accounts Receivable Collection and Disbursement Services Agreement (the "Post-Closing Services Agreement") with FBSF attached hereto as **Exhibit 1**.

3. The Debtors are authorized to take such actions and execute such documents as may be necessary or appropriate to effectuate the relief granted by this Order and perform their obligations under the Post-Closing Services Agreement.

---

[5] Capitalized terms used but not defined herein are defined in the Motion.

4. The requirements of Bankruptcy Rule 6004(a) and (h) have been satisfied.

5. The fourteen (14) day stay imposed by Bankruptcy Rule 6004(h) is waived.

6. Notwithstanding any Bankruptcy Rule to the contrary, this Order is effective immediately and enforceable upon its entry.

7. This Court retains jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

# **<u>Exhibit 1</u>**

## **Post-Closing Services Agreement**

**Date:** November 13, 2026

**Re:** **Proposal for Post-Closing Accounts Receivable Collection and Disbursement Services**

**To:** The Debtors, as debtors and debtors-in-possession
*In re Port Elizabeth Terminal & Warehouse Corp., et al.*,
Case No. 25-22123 (JKS) (Jointly Administered), United States Bankruptcy Court for the District of New Jersey

**From:** First Business Specialty Finance, LLC ("FBSF")

In connection with that certain Chapter 11 bankruptcy proceeding styled *In re Port Elizabeth Terminal & Warehouse Corp., et al.*, Case No. 25-22123 (JKS) (Jointly Administered) (the "Bankruptcy Case") pending before the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), FBSF submits this proposal to the debtors and debtors-in-possession in the Bankruptcy Case (collectively, the "Debtors") to collect, on behalf of the Debtors and for the benefit of the Debtors and their estates, the accounts receivable of the Debtors that remain property of the Debtors' estates following the sale of the assets of the Debtors (the "Asset Sale") to East Coast Warehouse and Distribution Corp. ("ECW") pursuant to that certain Asset Purchase Agreement dated as of August 26, 2026, by and between the Debtors (referred to therein as the "Sellers") and ECW, as approved by the Bankruptcy Court (as amended, supplemented, or otherwise modified from time to time, the "APA"). Such accounts receivable consist of the Factored Accounts Receivable as Excluded Assets described in Section 2.2(n) of the APA (the "Post-Closing A/R") and do not include Acquired Assets sold to ECW under the APA. The services proposed include collecting the Post-Closing A/R on behalf of the Debtors, applying proceeds of the Post-Closing A/R, disbursing net proceeds to the deposit accounts designated by the Debtors, and providing the Debtors with access to the online reporting portal (collectively, the "A/R Servicing"). This proposal is subject to the approval of the Bankruptcy Court. Capitalized terms used but not defined in this proposal have the meanings given to them in the APA.

## 1. Background and Purpose

FBSF currently provides a factoring facility to the Debtors pursuant to its existing factoring and financing documents, including the DIP Factoring and Security Agreement dated as of November 19, 2025 by and among FBSF and the Debtors, as Sellers (collectively, the "Existing Factoring Documents") and, in connection therewith, administers the collection, cash application, and disbursement of the accounts receivable of the Debtors. Under the APA, Factored Accounts Receivable, and all rebates, credits, escrows, deposits, reserves, and other rights of the Debtors arising out of the Existing Factoring Documents, are Excluded Assets retained by the Debtors. The Post-Closing A/R outstanding as of the Closing therefore remains property of the Debtors' estates. At the Closing, all Obligations (as defined in the Existing Factoring Documents) owing to FBSF will be paid in full in cash from the proceeds of the Asset Sale in accordance with the APA, the Approval Order, and that certain Payoff Agreement among FBSF and the Debtors executed in connection with the Closing (the "Payoff Agreement"). The "FBSF Payout" means FBSF's receipt, in immediately available funds, of the full payoff amount required to be paid to FBSF under the Payoff Agreement. The collection of the Post-Closing A/R will be solely for the benefit of the Debtors' estates. FBSF continuing the existing process avoids disruption to account debtors, preserves collection history, and maximizes recovery for the estates.

## 2. A/R Collection and Disbursement Post-Closing

**2.1 Existing process.** Subject to entry of the A/R Collection Order, FBSF will collect the Post-Closing A/R on behalf of the Debtors and provide the A/R Servicing for the benefit of the Debtors' estates, using FBSF's existing systems, procedures, operating practices, and commercially reasonable capabilities, as modified by FBSF from time to time as determined by FBSF.

**2.2 Debtor personnel.** The Debtors will make available personnel familiar with the Debtors who are needed for customer contact, invoice and remittance research, and dispute resolution. Those personnel will remain under the Debtors' direction, and not at the direction of FBSF. Their compensation, if any, will not be FBSF's responsibility unless the parties otherwise agree in writing. To the extent FBSF requires books and records relating to the Post-Closing A/R that constitute Acquired Assets, the Debtors will use commercially reasonable efforts to obtain, and make available to FBSF, access to such books and records.

**2.3 Collection activities.** FBSF will:

(a) Send statements and routine payment reminders to account debtors.

(b) Receive payments through the existing lockbox or remittance accounts listed on Exhibit A (the "Debtor Deposit Accounts"), or through new accounts approved in writing by FBSF and the Debtors.

(c) Apply cash to the applicable account debtor invoice.

(d) Identify and report short payments, deductions, credits, and disputes.

**2.4 Weekly disbursement.** On the last business day of each week, FBSF will disburse to the Debtor Deposit Accounts, for the benefit of the Debtors' estates, all collected and identified funds then held by FBSF, net only of the Permitted Deductions.

**2.5 Authority.** Without the Debtors' prior written consent, FBSF will not:

2.5.1 Compromise, grant any discount or credit, settle, or write off any Post-Closing A/R in an amount exceeding ten percent (10%) of the applicable invoice balance;

2.5.2 Grant a payment extension beyond thirty (30) days; or

2.5.3 Enter into any compromise outside the ordinary course of business of the Debtors.

**2.6 Protective action.** Notwithstanding Section 2.5, FBSF may take any action it reasonably determines is necessary to preserve value, prevent loss, correct a clerical or cash-application error, comply with applicable law or a court order, address suspected fraud or sanctions concerns, or protect FBSF from liability, in each case without prior consent and with notice to the Debtors as soon as reasonably practicable.

**2.7 Release Date.**

2.7.1 Upon the FBSF Payout: (i) all right, title, and interest of FBSF in and to the Post-Closing A/R will automatically transfer to and vest in the respective Debtor that originated or is otherwise the applicable owner thereof, (ii) all liens, security interests, and other encumbrances of FBSF and its affiliates in or on the Post-Closing A/R and the proceeds thereof, whether arising under the Existing Factoring Documents, any Bankruptcy Court order, or applicable law, will be automatically released, discharged, and terminated, in each case without any further action by any party and without the execution, delivery, or filing of any release, termination statement, or other instrument; *provided* that nothing in this Section 2.7.1 releases, impairs, or limits FBSF's rights of setoff and recoupment under the Payoff Agreement, which will continue as provided in the Payoff Agreement; and (iii) FBSF authorizes the Debtors and their respective designees, without further consent of FBSF, to file UCC-3 termination statements and any other releases, terminations, or amendments in any jurisdiction or office to evidence the termination of any financing statement or other filing naming FBSF or any of its affiliates as secured party with respect to the Post-Closing A/R or the proceeds thereof.

**3. Administration Fees**

**3.1 Fee schedule.** FBSF's fee is a percentage of cash collected on each Post-Closing A/R, whether received by FBSF, the Debtors, ECW, or any other person, as follows, except that FBSF will not charge any fee on any cash collected that is due from the Debtors to ECW pursuant to the Asset Purchase Agreement:

| Account debtor | Fee (% of cash collected) |
|---|---|
| Account debtors other than ECW | 5.0% |
| ECW, as account debtor | 2.5% |

**3.2 FBSF fees, expenses, and Payoff Agreement setoff.** FBSF may deduct from collections of the Post-Closing A/R, without further application, notice, or order except as required by the A/R Collection Order, the following (collectively, the "Permitted Deductions"): (a) the fees under Section 3.1 on cash collected; (b) the reasonable bank, wire, ACH, lockbox, collection-counsel, collection-agency, and other out-of-pocket costs and expenses incurred in providing the A/R Servicing; (c) all indemnification obligations; and (d) any amount that FBSF is entitled to set off, recoup, or deduct under the Payoff Agreement, in accordance with its terms. All Permitted Deductions will constitute allowed expenses of the Debtors to the fullest extent authorized by the Bankruptcy Court.

**3.3 Objections.** Each report, allocation, reserve, and fee or expense calculation delivered by FBSF will be deemed accepted and final unless the Debtors deliver a reasonably detailed written objection within ten (10) business days after delivery. FBSF's good-faith allocation of proceeds of accounts, including but not limited to unidentified, combined, or misdirected receipts, based on its books and records will control absent manifest error.

**4. Reporting**

FBSF will provide Debtors with access, through FBSF's online portal, to information concerning the Post-Closing A/R and the A/R Servicing then maintained and available in FBSF's systems. FBSF does not warrant uninterrupted portal availability or real-time accuracy and may suspend access for maintenance, cybersecurity, legal, compliance, or other reasonable operational reasons.

**5. General Provisions**

**5.1 Bankruptcy Court approval.** This proposal, and the engagement of FBSF to provide the A/R Servicing, are subject in all respects to approval by the Bankruptcy Court, upon motion of the Debtors and notice and a hearing in accordance with the Bankruptcy Code, by entry of an order, in form and substance reasonably acceptable to FBSF and the Debtors, authorizing the Debtors to engage FBSF on the terms of this proposal (the "A/R Collection Order"). FBSF will not begin the A/R Servicing until entry of the A/R Collection Order. If this proposal conflicts with the A/R Collection Order, the A/R Collection Order controls solely to the extent of the conflict.

**5.2 Limited role; instructions and reliance.** The Debtors retain sole authority over the Post-Closing A/R. FBSF is an independent contractor performing, on behalf of the Debtors, only the servicing functions expressly described in this proposal and is not a fiduciary or trustee. FBSF may conclusively rely, without independent investigation, on information, records, account designations, approvals, and instructions supplied by the Debtors, Authorized Persons, banks, and other representatives approved by the Debtors. FBSF is required to follow only written instructions that it determines are lawful, unambiguous, consistent with this proposal and the A/R Collection Order, and operationally feasible.

**5.3 No guaranty; limited collection duties.** FBSF makes no representation or warranty regarding the validity, enforceability, ownership, priority, accuracy, or collectability of any Post-Closing A/R or underlying record, does not guarantee any level of recovery, and is not responsible for any account debtor nonpayment, insolvency, defense, deduction, offset, dispute, or other conduct. FBSF has no duty to investigate or resolve disputes, commence litigation, retain counsel or a collection agency, file a claim, or undertake extraordinary collection activity unless FBSF separately agrees in writing and all related costs are advanced or reimbursed to FBSF.

**5.4 Limitation of liability.** Neither FBSF nor any of its equity holders, members, managers, affiliates, officers, employees, agents, vendors, attorneys, representatives, or subcontractors (collectively, the "FBSF Affiliated Persons" and each, an "FBSF Affiliated Person") will be liable for any loss except to the extent finally determined by a court of competent jurisdiction to have resulted directly from FBSF's gross negligence or willful misconduct. In no event will any FBSF Affiliated Person be liable for indirect, incidental, special, exemplary, punitive, or consequential damages, lost profits, diminution in value, or losses arising from inaccurate or incomplete records, account debtor conduct, instructions or information supplied by others, or a bank, processor, lockbox, telecommunications, cybersecurity, or other third-party system failure. Except for any loss caused by FBSF's gross negligence or willful misconduct, the aggregate liability of all FBSF Affiliated Persons arising from or relating to this proposal will not exceed the total fees paid or payable to FBSF under this proposal.

**5.5 Term; suspension and termination.** The engagement runs from entry of the A/R Collection Order until the earlier of (a) collection or write-off of all Post-Closing A/R, or (b) termination by either party on fifteen (15) days' written notice. FBSF may suspend performance or portal access, or terminate immediately on written notice, if any amount due to FBSF remains unpaid five (5) business days after written notice; required cooperation or account access is unavailable; instructions are conflicting, incomplete, unlawful, or commercially unreasonable; or the Bankruptcy Case is converted, dismissed, or closed. The Debtors may terminate immediately only for FBSF's material breach that remains uncured for ten (10) business days after detailed written notice, except for a breach not reasonably capable of cure. Following termination, and after payment of all amounts due to FBSF, FBSF will remit undisputed collections of the Post-Closing A/R then held, and provide its final servicing report. Any additional transition assistance will be subject to FBSF's availability and payment of its then-current rates and expenses, and FBSF will not be required to transfer proprietary systems, software, methodologies, or access credentials.

**5.6 Jurisdiction.** The Bankruptcy Court retains exclusive jurisdiction over disputes arising solely from this proposal. If the Bankruptcy Case is converted, dismissed, or closed, or a successor trustee is appointed, FBSF may elect whether to continue the engagement, and any continuation will require FBSF's written consent.

**5.7 Preservation of existing rights.** Nothing in this proposal or FBSF's performance of the A/R Servicing waives, releases, subordinates, limits, impairs, or modifies any ownership interest, lien, security interest, right of setoff or recoupment, defense, claim, priority, or other right or remedy of FBSF or its affiliates under the Existing Factoring Documents, applicable law, or any Bankruptcy Court order. FBSF may determine in good faith, based on its books and records, how to apply funds to accounts receivable, and that determination will control absent manifest error.

**5.8 Indemnification.** To the fullest extent authorized by the A/R Collection Order, the Debtors and their estates, and any chapter 11 or chapter 7 trustee, liquidating trust, plan administrator, or other successor to the Debtors or their estates, solely from assets of the estates (including the Post-Closing A/R and the proceeds thereof), will indemnify, defend, and hold harmless each FBSF Affiliated Person from and against all claims, liabilities, losses, damages, judgments, costs, and expenses, including reasonable attorneys' fees, arising from or relating to the A/R Servicing, this proposal, the Post-Closing A/R, the remittance of any payment as directed by the Debtors, or any act taken or omitted in reliance on

information or instructions supplied by any Authorized Person, except to the extent finally determined by a court of competent jurisdiction to have resulted directly from FBSF's gross negligence or willful misconduct.

**5.9 Third parties; force majeure.** FBSF may use affiliates, banks, processors, lockbox providers, vendors, subcontractors, collection agencies, and counsel in the ordinary course of the A/R Servicing. FBSF is not liable for delay or failure caused by events beyond its reasonable control, including acts or omissions of banks, payment processors, customers, governmental authorities, courts, utilities, telecommunications providers, or other third parties; cyber incidents; labor disruptions; natural disasters; or interruptions of systems or services, *provided* FBSF uses commercially reasonable efforts to mitigate the resulting disruption.

**5.10 Interest; confidentiality.** FBSF is not required to place collections in an interest-bearing account or pay interest on funds held pending disbursement. FBSF may disclose confidential information to its affiliates, officers, employees, counsel, auditors, insurers, financing sources, regulators, banks, processors, vendors, and subcontractors with a need to know, and as required by applicable law, legal process, or court order.

**5.11 Assignment; amendments; waiver.** The Debtors may not assign this proposal without FBSF's prior written consent. FBSF may, with the Debtors' prior written consent, which will not be unreasonably withheld, assign this proposal to an affiliate or to a successor in connection with a merger, reorganization, or sale of all or substantially all of the assets or business to which this proposal relates. Any amendment, expansion of scope, consent, or waiver must be in a writing signed by FBSF. No failure or delay by FBSF in exercising any right will operate as a waiver.

**5.12 Entire agreement; survival.** This proposal, its exhibits, and the A/R Collection Order constitute the entire agreement concerning the A/R Servicing. Sections 2.7, 3.1, 3.2, 3.3, and 5.2 through 5.13, and all accrued payment obligations survive termination. This proposal may be executed in counterparts and by electronic signature, each of which will be deemed an original and all of which together constitute one instrument.

**5.13 Governing law; waiver of jury trial.** This proposal is governed by the laws of the State of Illinois, without regard to conflict-of-laws principles, except to the extent the Bankruptcy Code or other federal law applies. EACH OF FBSF AND THE DEBTORS KNOWINGLY AND VOLUNTARILY WAIVES, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY RIGHT TO A TRIAL BY JURY IN ANY PROCEEDING ARISING OUT OF OR RELATING TO THIS PROPOSAL OR THE A/R SERVICING.

**[SIGNATURE PAGE TO FOLLOW]**

If this proposal is acceptable to the Debtors, please sign below.
**FIRST BUSINESS SPECIALTY FINANCE, LLC**

By: _______________________________
Name:
Title:

THE DEBTORS, each solely in its capacity as a debtor and debtor-in-possession in the Bankruptcy Case.

**P. JUDGE & SONS INC.,** as debtor and debtor-in-possession

By: _______________________________
Name:
Title:

**PORT ELIZABETH TERMINAL & WAREHOUSE CORP.,** as debtor and debtor-in-possession

By: _______________________________
Name:
Title:

**AMEX SHIPPING AGENT, INC.,** as debtor and debtor-in-possession

By: _______________________________
Name:
Title:

**P. JUDGE & SONS TRUCKING, LLC,** as debtor and debtor-in-possession

By: _______________________________
Name:
Title:

**JUDGE WAREHOUSING, LLC,** as debtor and debtor-in-possession

By: _______________________________
Name:
Title:

**THE JUDGE ORGANIZATION, LLC,** as debtor and debtor-in-possession

By: _______________________________
Name:
Title:

Exhibit A

Debtor Deposit Accounts