| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| ***Caption in Compliance with D.N.J. LBR 9004-1(b)***<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Jeffrey C. Hampton, Esquire<br>Turner N. Falk, Esquire<br>Mariam Khoudari, Esquire<br>650 College Road East<br>Princeton, NJ 08540<br>Telephone: (973) 286-6714<br>E-mail:stephen.ravin@saul.com<br>jeffrey.hampton@saul.com<br>turner.falk@saul.com<br>mariam.khoudari@saul.com<br>*Counsel to the Debtors and Debtors in Possession* | Chapter 11<br><br>Case No. 25-22123 (VFP)<br><br>(Jointly Administered) |
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*<br><br>Debtors.[1] | HEARING DATE:<br><br>**December 8, 2026 at 10:00 a.m. (ET)**<br><br>OBJECTION DEADLINE:<br><br>**December 1, 2026** |

**DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**COUNTERPARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR RESPECTIVE NAMES AND CONTRACTS IN THE LIST OF CONTRACTS AND LEASES TO BE REJECTED, ATTACHED TO THE PROPOSED ORDER AS EXHIBIT 1.**

By this motion (this "Motion"), the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") seek the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690).

Debtors to reject certain executory contracts and unexpired leases listed on Exhibit 1 to the Proposed Order (collectively the "Contracts"), effective as of November 23, 2026 (the "Rejection Date"), subject to the establishment of a later Rejection Date as specified in a notice filed with the Court in the event the Sale (as defined below) closes later than November 23, 2026, and granting related relief. In support hereof, the Debtors rely on the *Declaration of Patrick Wynne* filed herewith.

## Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a) and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), as supplemented by rules 2002 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

3. On November 14, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court").

4. A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases (the "Chapter 11 Cases"), the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Patrick Wynne in Support of First Day Motions for Relief* [Docket No. 19].

5. Collectively, the Debtors provide transportation, logistic, and warehouse related services. More specifically, the Debtors offer rail boxcar services, container handling services, warehousing services, multiple shipping options (e.g., rail, truck, air, and international shipping), specialized material handling services, cross docking, handling, and packing services, beverage specialists and alcoholic beverages expertise services, and product care and protection services.

6. The Debtors commenced these chapter 11 cases to run a sale process for all or substantially all of their assets pursuant to section 363 of the Bankruptcy Code. On August 26, 2026, the Debtors filed a motion seeking authority to sell substantially all their assets free and clear of any liens, claims, interests and encumbrances, and to assume and assign executory contracts and unexpired leases in connection with the sale of the Debtors' assets [Docket No. 417]. To that end, on September 4, 2026, the Court entered an order establishing, among other things, bidding procedures and key deadlines for the Debtors' postpetition sale process [Docket No. 433] (the "Bid Procedures Order").

7. Consistent with the Bid Procedures Order, because the Debtors did not receive any qualified bids other than the bid advanced by East Coast Warehouse and Distribution Corp. (the "Stalking Horse Bidder" or "ECW"), the Debtors did not hold an auction. Accordingly, the Debtors filed the *Notice of Designation of Successful Bidder and Cancellation of Auction* [Docket No. 482] identifying ECW as the successful bidder.

8. On October 27, 2026, the Court entered an order approving the sale of substantially all the Debtors' assets to ECW. *See* [Docket No. 516]. The Debtors' sale to ECW is currently scheduled to close on November 23, 2026, although it is possible that it will close at a later date (the "Closing Date").

9. Now that the Debtors are prepared to close on the sale of substantially all their assets and, as a result, the Debtors' business operations will transition to ECW, the Debtors have identified certain Contracts that, after the Closing, are no longer necessary to the Debtors or their estates. Each of the Contracts has associated costs and, given that the Debtors no longer operate their businesses, such costs will provide no benefit to the Debtors' estates. Furthermore, the Debtors confirmed that ECW does seek assignment of the Contracts in connection with the sale of the Debtors' assets. Accordingly, in the exercise of their business judgment, the Debtors seek to reject the Contracts identified in this Motion.

## Basis for Relief Requested

### A. Rejection of the Contracts Reflects the Debtors' Sound Business Judgment.

10. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). "A debtor's decision to reject an executory contract under section 365 is governed by the business judgment standard." *See Matter of Taylor,* 913 F.2d 102, 107 (3d Cir. 1990). Under the business judgment standard, the issue is whether the rejection benefits the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp.,* 872 F.2d 36, 39 (3d Cir. 1989); *see also NLRB v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) (noting that the "usual test for rejection of an executory contract is simply whether rejection would benefit the estate"), *aff'd*, 465 U.S. 513 (1984).

11. Under the circumstances, the rejection of the Contracts is an appropriate exercise of the Debtors' business judgment that will reduce financial and administrative burdens on the Debtors' estates. The Contracts are no longer necessary now that substantially all the Debtors' assets have been sold and the Debtors have ceased business operations. Accordingly, the Debtors'

continued performance under the Contracts would be an unnecessary depletion of value of the Debtors' estates with no accompanying benefit. For these reasons, the Court should authorize the Debtors to reject the Contracts.

**B. Rejection of the Contracts effective as of the Rejection Date is warranted.**

12. The Debtors seek an effective Rejection Date for the Contracts of November 23, 2026, subject to the establishment of a later Rejection Date as specified in a notice filed with the Court in the event the Sale closes later than November 23, 2026 Courts in this district and others hold that bankruptcy courts may exercise their equitable powers in granting such an order when doing so promotes the purposes of section 365(a). *See, e.g.*, *New Valley Corp. v. Corporate Property Assocs. (In re New Valley Corp.)*, No. 98–982, 2000 WL 1251858, 2000 U.S. Dist. LEXIS 12663 (D.N.J. Aug. 31, 2000) (upholding bankruptcy court's decision to make the rejection effective date retroactive to the date the debtor vacated and the landlord exercised control over the property); *Thinking Machines Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028–29 (1st Cir. 1995) (holding that "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate" as of the motion filing date).

13. Courts have further held that the rejection of executory contracts and unexpired leases effective as of an earlier date may be approved "after balancing the equities" of a case and concluding that such equities weigh in favor of the debtor. *See New Valley Corp.*, 2000 WL 1251858; *see also In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) ("Thus, only after balancing the equities in a particular case, should the court approve a retroactive rejection of nonresidential lease."). In balancing these equities, courts typically examine a number of factors,

including the costs that a delayed rejection would impose on a debtor. *See, e.g.*, *Constant Ltd. P'ship v. Jamesway Corp. (In re Jamesway Corp.)*, 179 B.R. 33, 33–39 (S.D.N.Y. 1995).

14. The balance of equities favors the Debtors' rejection of the specified Contracts effective as of the Rejection Date. The Contracts no longer provide any value to the Debtors' estates and continued maintenance of, and performance under, the Contracts is both burdensome and wasteful of estate resources. Any postponement of the Rejection Date will cause the Debtors to incur unnecessary administrative expenses for Contracts that provide no tangible benefit to the Debtors' estates, which would be inequitable and prejudicial to the Debtors.

15. Further, no parties in interest will be prejudiced by the relief sought herein. The counterparties to the Contracts have had sufficient notice of the commencement of these Chapter 11 Cases and the Court's approval of the sale of substantially all Debtors' assets. The Debtors will serve notice of this Motion upon all interested parties, including counterparties to the Contracts, and each such party will have a sufficient opportunity to respond.

16. Accordingly, the Debtors believe that it is proper under the circumstances for the Contracts to be rejected as of the Rejection Date.

**Bankruptcy Rule 6006(f)**

17. Bankruptcy Rule 6006(f) requires, in relevant part, that a motion to reject multiple executory contracts or unexpired leases:

> (1) state in a conspicuous place that the parties' names and their contracts or leases are listed in the motion;
>
> (2) list parties alphabetically and identify the corresponding contract or lease;
>
> . . .
>
> (5) be numbered consecutively with other omnibus motions to reject, assume, or assign executory contracts or unexpired leases; and

> (6) be limited to no more than 100 executory contracts or unexpired leases.

Fed. R. Bankr. P. 6006(f). The Debtors submit that the Motion complies with these requirements.

**Reservation of Rights**

18. The inclusion of a Contract on Exhibit 1 to the Proposed Order is not an admission that such contract is, in fact, executory. The Debtors reserve their rights with respect to any existing defaults of the non-debtor counterparties to the Contracts, and all defenses and counterclaims to any rejection damages claims are preserved, including without limitation defenses or counterclaims relating to a Contract's expiration or a non-debtor party's default.

19. The Debtors reserve all rights to amend, modify, supplement, or otherwise revise the list of Contracts identified for rejection, including, without limitation, to add or remove any Contracts from such list, at any time and for any reason, subject to further notice as may be required by the Court.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, in substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: November 16, 2026

**SAUL EWING LLP**

By: */s/ Stephen B. Ravin*

Stephen B. Ravin, Esquire
Jeffrey C. Hampton, Esquire
Turner N. Falk, Esquire
650 College Road East
Princeton, NJ 08540
Telephone: (973) 286-6714
E-mail: stephen.ravin@saul.com
jeffrey.hampton@saul.com
turner.falk@saul.com

-and-

Mariam Khoudari, Esquire
1735 Market Street, Suite 3400
Philadelphia, PA 19103-7504
E-mail: mariam.khoudari@saul.com

*Counsel for Debtors and Debtors in Possession*