| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY** | |
| ***Caption in Compliance with D.N.J. LBR 9004-1(b)***<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Jeffrey C. Hampton, Esquire<br>Turner N. Falk, Esquire<br>Mariam Khoudari, Esquire<br>650 College Road East<br>Princeton, NJ 08540<br>Telephone: (973) 286-6714<br>E-mail:stephen.ravin@saul.com<br>jeffrey.hampton@saul.com<br>turner.falk@saul.com<br>mariam.khoudari@saul.com<br>*Counsel to the Debtors and Debtors in Possession* | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Jointly Administered) |
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*<br><br>Debtors.[1] | |

**DECLARATION OF PATRICK WYNNE**
**<u>PRESIDENT AND MEMBER OF THE DEBTORS</u>**

I, Patrick Wynne, hereby declare as follows:

1. I am the President of the debtors and debtors in possession Port Elizabeth Terminal & Warehouse Corp., Amex Shipping Agent, Inc., and P. Judge & Sons, Inc. and Member of debtors and debtors in possession Judge Organization, LLC, P. Judge & Sons Trucking, LLC and Judge Warehousing, LLC (collectively, the "<u>Debtors</u>").[2] I am generally familiar with the Debtors' day-to-day operations, business and financial affairs, and books and records.

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690).

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

2. Collectively, the Debtors provide transportation, logistic, and warehouse related services. More specifically, the Debtors offer rail boxcar services, container handling services, warehousing services, multiple shipping options (e.g., rail, truck, air, and international shipping), specialized material handling services, cross docking, handling, and packing services, beverage specialists and alcoholic beverages expertise services, and product care and protection services.

3. In anticipation of the sale of substantially all of their assets and the transition of the Debtors' business operations to ECW, the Debtors have identified certain Contracts that will no longer be necessary to the Debtors or their estates. Each of the Contracts has associated costs and, given that the Debtors will no longer be operating their businesses, such costs will provide no benefit to the estates. Furthermore, the Debtors confirmed that ECW does not seek assignment of the Contracts in connection with the sale of the Debtors' assets.

4. Accordingly, based on my knowledge of the Debtors' operations and the circumstances surrounding the sale transactions, I believe that rejection of the Contracts is a sound exercise of the Debtors' business judgment and is in the best interests of the Debtors, their estates, and their creditors, as it will avoid unnecessary administrative expenses and preserve estate resources.

5. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

[*Remainder of page left intentionally blank*]

Date: November 17, 2026

Respectfully submitted,

/s/ *Patrick Wynne*
Patrick Wynne
President and Member