| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| *Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Jeffrey C. Hampton, Esquire<br>Turner N. Falk, Esquire<br>Mariam Khoudari, Esquire<br>650 College Road East<br>Princeton, NJ 08540<br>Telephone: (973) 286-6714<br>E-mail:stephen.ravin@saul.com<br>jeffrey.hampton@saul.com<br>turner.falk@saul.com<br>mariam.khoudari@saul.com<br>*Counsel to the Debtors and Debtors in Possession* | Chapter 11<br><br>Case No. 25-22123 (VFP)<br><br>(Jointly Administered) |
| In re:<br><br>PORT ELIZABETH TERMINAL &<br>WAREHOUSE CORP., *et al.*<br><br>Debtors.[1] | HEARING DATE:<br>**December 15, 2026 at 10:00 a.m. (ET)**<br><br>OBJECTION DEADLINE:<br><br>**December 8, 2026** |

**NOTICE OF DEBTORS' AMENDED FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**PLEASE TAKE NOTICE** that on **December 15, 2026 at 10:00 a.m.** (Eastern Time), or as soon thereafter as counsel may be heard, the above-captioned debtors (the "Debtors"), by and through their undersigned counsel, will move before the Honorable Vincent F. Papalia, United States Bankruptcy Judge, at the United States Bankruptcy Court, 50 Walnut Street, 3rd Floor, Newark, New Jersey 07102, Courtroom 3B, for entry of an order, substantially in the form submitted herewith, rejecting certain executory contracts and unexpired leases (the "Motion").

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690).

**PLEASE TAKE FURTHER NOTICE** that in support of the Motion, the Debtors shall rely upon the Motion submitted concurrently herewith and the declaration and exhibit thereto. The Debtors submit that no separate memorandum of law is necessary because the applicable law is adequately set forth in the supporting Motion.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing; (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the United States Bankruptcy Court in accordance with D.N.J. LBR 9013-2 by **December 8, 2026**.

**PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that oral argument is hereby waived unless timely objection is received.

[*Remainder of page left intentionally blank*]

**PLEASE TAKE FURTHER NOTICE** that an order granting the relief requested herein is submitted herewith and made part of the Motion herein.

Dated: November 19, 2026

**SAUL EWING LLP**

By: */s/ Stephen B. Ravin*

Stephen B. Ravin, Esquire
Jeffrey C. Hampton, Esquire
Turner N. Falk, Esquire
650 College Road East
Princeton, NJ 08540
Telephone: (973) 286-6714
E-mail: stephen.ravin@saul.com
Jeffrey.hampton@saul.com
turner.falk@saul.com

-and-

Mariam Khoudari, Esquire
1735 Market Street, Suite 3400
Philadelphia, PA 19103-7504
E-mail: mariam.khoudari@saul.com

*Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| ***Caption in Compliance with D.N.J. LBR 9004-1(b)***<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Jeffrey C. Hampton, Esquire<br>Turner N. Falk, Esquire<br>Mariam Khoudari, Esquire<br>650 College Road East<br>Princeton, NJ 08540<br>Telephone: (973) 286-6714<br>E-mail:stephen.ravin@saul.com<br>jeffrey.hampton@saul.com<br>turner.falk@saul.com<br>mariam.khoudari@saul.com<br>*Counsel to the Debtors and Debtors in Possession* | Chapter 11<br><br>Case No. 25-22123 (VFP)<br><br>(Jointly Administered) |
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*<br><br>Debtors.[1] | HEARING DATE:<br><br>**December 15, 2026 at 10:00 a.m. (ET)**<br><br>OBJECTION DEADLINE:<br><br>**December 8, 2026** |

**DEBTORS' AMENDED FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**COUNTERPARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR RESPECTIVE NAMES AND CONTRACTS IN THE LIST OF CONTRACTS AND LEASES TO BE REJECTED, ATTACHED TO THE PROPOSED ORDER AS EXHIBIT 1.**

By this amended[2] motion (this "Motion"), the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") seek the entry of an

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690).

[2] A prior version [D.I. 548] of this Motion was filed with certain contracts erroneously listed for rejection. That prior version was withdrawn. *See* [D.I. 553].

order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtors to reject certain executory contracts and unexpired leases listed on Exhibit 1 to the Proposed Order (collectively the "Contracts"), effective as of November 23, 2026 (the "Rejection Date"), subject to the establishment of a later Rejection Date as specified in a notice filed with the Court in the event the Sale (as defined below) closes later than November 23, 2026, and granting related relief. In support hereof, the Debtors rely on the *Declaration of Patrick Wynne* filed herewith.

## Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a) and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), as supplemented by rules 2002 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

3. On November 14, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court").

4. A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases (the "Chapter 11 Cases"), the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Patrick Wynne in Support of First Day Motions for Relief* [Docket No. 19].

5. Collectively, the Debtors provide transportation, logistic, and warehouse related services. More specifically, the Debtors offer rail boxcar services, container handling services, warehousing services, multiple shipping options (e.g., rail, truck, air, and international shipping), specialized material handling services, cross docking, handling, and packing services, beverage specialists and alcoholic beverages expertise services, and product care and protection services.

6. The Debtors commenced these chapter 11 cases to run a sale process for all or substantially all of their assets pursuant to section 363 of the Bankruptcy Code. On August 26, 2026, the Debtors filed a motion seeking authority to sell substantially all their assets free and clear of any liens, claims, interests and encumbrances, and to assume and assign executory contracts and unexpired leases in connection with the sale of the Debtors' assets [Docket No. 417]. To that end, on September 4, 2026, the Court entered an order establishing, among other things, bidding procedures and key deadlines for the Debtors' postpetition sale process [Docket No. 433] (the "Bid Procedures Order").

7. Consistent with the Bid Procedures Order, because the Debtors did not receive any qualified bids other than the bid advanced by East Coast Warehouse and Distribution Corp. (the "Stalking Horse Bidder" or "ECW"), the Debtors did not hold an auction. Accordingly, the Debtors filed the *Notice of Designation of Successful Bidder and Cancellation of Auction* [Docket No. 482] identifying ECW as the successful bidder.

8. On October 27, 2026, the Court entered an order approving the sale of substantially all the Debtors' assets to ECW. *See* [Docket No. 516]. The Debtors' sale to ECW is currently scheduled to close on November 23, 2026, or such other date as agreed by the parties (the "Closing Date").

9. Now that the Debtors are prepared to close on the sale of substantially all their assets and, as a result, the Debtors' business operations will transition to ECW, the Debtors have identified certain Contracts that, after the Closing, are no longer necessary to the Debtors or their estates. Each of the Contracts has associated costs and, given that the Debtors no longer operate their businesses, such costs will provide no benefit to the Debtors' estates. Furthermore, the Debtors confirmed that ECW does seek assignment of the Contracts in connection with the sale of the Debtors' assets. Accordingly, in the exercise of their business judgment, the Debtors seek to reject the Contracts identified in this Motion.

## Basis for Relief Requested

### A. Rejection of the Contracts Reflects the Debtors' Sound Business Judgment.

10. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). "A debtor's decision to reject an executory contract under section 365 is governed by the business judgment standard." *See Matter of Taylor,* 913 F.2d 102, 107 (3d Cir. 1990). Under the business judgment standard, the issue is whether the rejection benefits the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp.,* 872 F.2d 36, 39 (3d Cir. 1989); *see also NLRB v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) (noting that the "usual test for rejection of an executory contract is simply whether rejection would benefit the estate"), *aff'd*, 465 U.S. 513 (1984).

11. Under the circumstances, the rejection of the Contracts is an appropriate exercise of the Debtors' business judgment that will reduce financial and administrative burdens on the Debtors' estates. The Contracts are no longer necessary now that substantially all the Debtors' assets are being sold and the Debtors are to cease business operations. Accordingly, the Debtors'

continued performance under the Contracts would be an unnecessary depletion of value of the Debtors' estates with no accompanying benefit. For these reasons, the Court should authorize the Debtors to reject the Contracts.

**B. Rejection of the Contracts effective as of the Rejection Date is warranted.**

12. The Debtors seek an effective Rejection Date for the Contracts of November 23, 2026, subject to the establishment of a later Rejection Date as specified in a notice filed with the Court in the event the Sale closes later than November 23, 2026. Courts in this district and others hold that bankruptcy courts may exercise their equitable powers in granting such an order when doing so promotes the purposes of section 365(a). *See, e.g.*, *New Valley Corp. v. Corporate Property Assocs. (In re New Valley Corp.)*, No. 98–982, 2000 WL 1251858, 2000 U.S. Dist. LEXIS 12663 (D.N.J. Aug. 31, 2000) (upholding bankruptcy court's decision to make the rejection effective date retroactive to the date the debtor vacated and the landlord exercised control over the property); *Thinking Machines Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028–29 (1st Cir. 1995) (holding that "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate" as of the motion filing date).

13. Courts have further held that the rejection of executory contracts and unexpired leases effective as of an earlier date may be approved "after balancing the equities" of a case and concluding that such equities weigh in favor of the debtor. *See New Valley Corp.*, 2000 WL 1251858; *see also In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) ("Thus, only after balancing the equities in a particular case, should the court approve a retroactive rejection of nonresidential lease."). In balancing these equities, courts typically examine a number of factors,

including the costs that a delayed rejection would impose on a debtor. *See, e.g.*, *Constant Ltd. P'ship v. Jamesway Corp. (In re Jamesway Corp.)*, 179 B.R. 33, 33–39 (S.D.N.Y. 1995).

14. The balance of equities favors the Debtors' rejection of the specified Contracts effective as of the Rejection Date. The Contracts no longer provide any value to the Debtors' estates and continued maintenance of, and performance under, the Contracts is both burdensome and wasteful of estate resources. Any postponement of the Rejection Date will cause the Debtors to incur unnecessary administrative expenses for Contracts that provide no tangible benefit to the Debtors' estates, which would be inequitable and prejudicial to the Debtors.

15. Further, no parties in interest will be prejudiced by the relief sought herein. The counterparties to the Contracts have had sufficient notice of the commencement of these Chapter 11 Cases and the Court's approval of the sale of substantially all Debtors' assets. The Debtors will serve notice of this Motion upon all interested parties, including counterparties to the Contracts, and each such party will have a sufficient opportunity to respond.

16. Accordingly, the Debtors believe that it is proper under the circumstances for the Contracts to be rejected as of the Rejection Date.

## **Bankruptcy Rule 6006(f)**

17. Bankruptcy Rule 6006(f) requires, in relevant part, that a motion to reject multiple executory contracts or unexpired leases:

> (1) state in a conspicuous place that the parties' names and their contracts or leases are listed in the motion;
>
> (2) list parties alphabetically and identify the corresponding contract or lease;
>
> . . .
>
> (5) be numbered consecutively with other omnibus motions to reject, assume, or assign executory contracts or unexpired leases; and

> (6) be limited to no more than 100 executory contracts or unexpired leases.

Fed. R. Bankr. P. 6006(f). The Debtors submit that the Motion complies with these requirements.

**Reservation of Rights**

18. The inclusion of a Contract on Exhibit 1 to the Proposed Order is not an admission that such contract is, in fact, executory. The Debtors reserve their rights with respect to any existing defaults of the non-debtor counterparties to the Contracts, and all defenses and counterclaims to any rejection damages claims are preserved, including without limitation defenses or counterclaims relating to a Contract's expiration or a non-debtor party's default.

19. The Debtors reserve all rights to amend, modify, supplement, or otherwise revise the list of Contracts identified for rejection, including, without limitation, to add or remove any Contracts from such list, at any time and for any reason, subject to further notice as may be required by the Court.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, in substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: November 19, 2026 **SAUL EWING LLP**

By:*/s/ Stephen B. Ravin*

Stephen B. Ravin, Esquire
Jeffrey C. Hampton, Esquire
Turner N. Falk, Esquire
650 College Road East
Princeton, NJ 08540
Telephone: (973) 286-6714
E-mail:stephen.ravin@saul.com
jeffrey.hampton@saul.com
turner.falk@saul.com

-and-

Mariam Khoudari, Esquire
1735 Market Street, Suite 3400
Philadelphia, PA 19103-7504
E-mail: mariam.khoudari@saul.com

*Counsel for Debtors and Debtors in Possession*

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| ***Caption in Compliance with D.N.J. LBR 9004-1(b)***<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Jeffrey C. Hampton, Esquire<br>Turner N. Falk, Esquire<br>Mariam Khoudari, Esquire<br>650 College Road East<br>Princeton, NJ 08540<br>Telephone: (973) 286-6714<br>E-mail:stephen.ravin@saul.com<br>jeffrey.hampton@saul.com<br>turner.falk@saul.com<br>mariam.khoudari@saul.com<br>*Counsel to the Debtors and Debtors in Possession* | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Jointly Administered) |
| In re:<br><br>PORT ELIZABETH TERMINAL &<br>WAREHOUSE CORP., *et al.*<br><br>Debtors.[1] | |

**DECLARATION OF PATRICK WYNNE**
**PRESIDENT AND MEMBER OF THE DEBTORS**

I, Patrick Wynne, hereby declare as follows:

1. I am the President of the debtors and debtors in possession Port Elizabeth Terminal & Warehouse Corp., Amex Shipping Agent, Inc., and P. Judge & Sons, Inc. and Member of debtors and debtors in possession Judge Organization, LLC, P. Judge & Sons Trucking, LLC and Judge Warehousing, LLC (collectively, the "Debtors").[2] I am generally familiar with the Debtors' day-to-day operations, business and financial affairs, and books and records.

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690).

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

2. Collectively, the Debtors provide transportation, logistic, and warehouse related services. More specifically, the Debtors offer rail boxcar services, container handling services, warehousing services, multiple shipping options (e.g., rail, truck, air, and international shipping), specialized material handling services, cross docking, handling, and packing services, beverage specialists and alcoholic beverages expertise services, and product care and protection services.

3. In anticipation of the sale of substantially all of their assets and the transition of the Debtors' business operations to ECW, the Debtors have identified certain Contracts that will no longer be necessary to the Debtors or their estates. Each of the Contracts has associated costs and, given that the Debtors will no longer be operating their businesses, such costs will provide no benefit to the estates. Furthermore, the Debtors confirmed that ECW does not seek assignment of the Contracts in connection with the sale of the Debtors' assets.

4. Accordingly, based on my knowledge of the Debtors' operations and the circumstances surrounding the sale transactions, I believe that rejection of the Contracts is a sound exercise of the Debtors' business judgment and is in the best interests of the Debtors, their estates, and their creditors, as it will avoid unnecessary administrative expenses and preserve estate resources.

5. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date: November 19, 2026

Respectfully submitted,

/s/ *Patrick Wynne*
Patrick Wynne
President and Member

# Exhibit A

## Proposed Order

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| ***Caption in Compliance with D.N.J. LBR 9004-1(b)***<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Jeffrey C. Hampton, Esquire<br>Turner N. Falk, Esquire<br>Mariam Khoudari, Esquire<br>650 College Road East<br>Princeton, NJ 08540<br>Telephone: (973) 286-6714<br>E-mail:stephen.ravin@saul.com<br>jeffrey.hampton@saul.com<br>turner.falk@saul.com<br>mariam.khoudari@saul.com<br>*Counsel to the Debtors and Debtors in Possession* | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Jointly Administered) |
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*<br><br>Debtors.[1] | |

**ORDER APPROVING DEBTORS' AMENDED FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

The relief set forth on the following pages numbered two (2) through three (3) is hereby **ORDERED**.

AND NOW, upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, authorizing the Debtors to reject the

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690).

[2] Capitalized terms used but not defined herein are defined in the Motion.

Contracts identified on **Exhibit 1** hereto, effective as of November 23, 2026 (the "Rejection Date"), subject to the Debtors filing a notice specifying a later effective Rejection Date in the event the Sale closes after November 23, 2026; and it appearing that this Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Contracts set forth on **Exhibit 1** attached hereto are hereby rejected, effective as of the Rejection Date.

3. Any counterparty to a Rejected Contract asserting a claim for damages arising from the rejection of such Rejected Contract (a "Rejection Damages Claim") shall file a proof of claim no later than thirty (30) days after the date of entry of this Order (the "Rejection Damages Bar Date"); provided, however, that any counterparty that fails to timely file a proof of claim asserting a Rejection Damages Claim by the Rejection Damages Bar Date is forever barred, estopped, and enjoined from asserting such Rejection Damages Claim against the Debtors, their estates, or their

property, and such Rejection Damages Claim is deemed disallowed and expunged without further order of the Court.

4. Notwithstanding the relief granted herein and any actions taken hereunder, nothing in the Motion or this Order: (a) constitutes an admission as to the validity or priority of any claim against the Debtors; (b) constitutes a waiver of the Debtors' rights to dispute any claim or assert any defenses or counterclaims to such claim or against the applicable claim proponent; (c) prejudices the Debtors' rights to assert that any specific Contract (i) is not executory or within the meaning of section 365 of the Bankruptcy Code or (ii) has expired or been terminated; or (d) prohibits the Debtors from seeking to reject any other executory contracts or leases.

5. Notwithstanding anything to the contrary herein, nothing in the Motion or this Order prejudices the Debtors' rights to amend, modify, or supplement the list of Rejected Contracts, including to add or remove contracts or leases, subject to further order of the Court, as necessary.

6. Notwithstanding any Bankruptcy Rule to the contrary, this Order is effective immediately and enforceable upon its entry, including the rejection of the Contracts granted herein, which are rejected by the Debtors effective as of the Rejection Date.

7. This Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

# Exhibit 1

## Rejected Contracts

**Rejected Contracts Schedule**

| | Contract Counterparty | Title of Agreement | Debtor Party |
|---|---|---|---|
| 1 | 222 Heavy Inc. | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 2 | A Williams Trucking LLC | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 3 | Agapito Martinez | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 4 | Alexander B Smith | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 5 | Alexander Rosso | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 6 | Alou Cisse | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 7 | Amparbeng Corporation | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 8 | Angel A. Campos | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 9 | Attitude Trucking LLC | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 10 | Bernard Williams | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 11 | Big Dog Trucking LLC | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 12 | B's Express Trucking LLC | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 13 | Chris A Hamid | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 14 | Cuthbert Trucking LLC | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 15 | DDJ Trucking LLC | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 16 | Derek S Hood | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 17 | Devion Jackson | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 18 | Diego Transport LLC | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 19 | DMFAT Trucking Corp | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 20 | Donald McIver | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 21 | Dub Trucking | Owner Operator Agreement | P. Judge & Sons, Inc. |

| | | | |
|---|---|---|---|
| 22 | Eddie Boykin Trucking, LLC | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 23 | Edwins Express LLC | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 24 | Elin J Rodriguez | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 25 | Eugene R. Washington LLC | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 26 | Faraon Enterprises LLC | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 27 | Gil Trucking | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 28 | Gio Transport | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 29 | Givens Legacy LLC | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 30 | Gurmel Singh | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 31 | Gustavo O. Romero | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 32 | H2 Express Transport, LLC | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 33 | Hale Trailer Brake & Wheel, Inc | Trailer Rental Agreement dated March 1, 2021 | P. Judge & Sons Trucking, LLC |
| 34 | Hector L. Hidalgo | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 35 | Herrington Boys Trucking LLC | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 36 | Highrollers Transport LLC | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 37 | Integrity Staffing Solutions | Staffing Services Agreement | Port Elizabeth Terminal & Warehouse Corp. |
| 38 | J&N Transport LLC | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 39 | James D Bugam Transportation LLC | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 40 | Jimenez Organization LLC | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 41 | Johnny Iceman Trucking | Owner Operator Agreement | P. Judge & Sons, Inc. |

| | | | |
|---|---|---|---|
| 42 | Jose Yamuca | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 43 | Jr. Williams Express Inc. | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 44 | Jumelles Trucking LLC | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 45 | Juno Trucking LLC | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 46 | K2 Trucking Inc. | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 47 | Karam Singh | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 48 | KCTE, LLC | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 49 | KD Sabou LLC | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 50 | Li Hauling Inc. | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 51 | Luis Celi | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 52 | Luis O. Ontaneda | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 53 | MH Das Trucking LLC | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 54 | Maximo Trucking LLC | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 55 | Michael D. Jackson | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 56 | Milestone Equipment Company | Chassis Lease dated July 21, 2022 | P. Judge & Sons, Inc. |
| 57 | NJ ASAP Hauling LLC | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 58 | North American Chassis Pool | Chassis Lease dated May 19, 2025 | P. Judge & Sons Trucking, LLC |
| 59 | North NJ Teamsters Benefits Plan | Union Benefits Plan | Port Elizabeth Terminal & Warehouse Corp. |
| 60 | Ogden Forklifts, Inc | Machinery Lease dated November 9, 2021 | Judge Warehousing, LLC |
| 61 | Ouatt Transportation LLC | Owner Operator Agreement | P. Judge & Sons, Inc. |

| | | | |
|---|---|---|---|
| 62 | Overseas Logistics Corporation | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 63 | Peguero Export Cargo LLC | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 64 | Pelon Trucking LLC | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 65 | Penn Jersey Diesel & Trailer | Trailer Rental Agreement dated April 7, 2020 | P. Judge & Sons, Inc. |
| 66 | Phanyck Logistics LLC | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 67 | Pokeman Transport LLC | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 68 | Prime Time Auto Transport LLC | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 69 | Robert Collum | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 70 | Santana Jr Transport LLC | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 71 | Souralais LLC | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 72 | Symister Enterprise LLC | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 73 | Tiekoura Niambele | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 74 | Trac Intermodal | Equipment Lease dated April 14, 2011 | P. Judge & Sons Trucking, LLC |
| 75 | Trac Lease Inc. | Equipment Lease dated July 1, 2015 | P. Judge & Sons, Inc. |
| 76 | Trend Intermodal Chassis Leasing LLC | Chassis Lease dated February 4, 2025 | P. Judge & Sons Trucking, LLC |
| 77 | Troy Carrier LLC | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 78 | U.S. Hauling Inc. | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 79 | Victor L. Reyes-Sanchez | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 80 | Wellington Perz | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 81 | Wells Cargo Express LLC | Owner Operator Agreement | P. Judge & Sons, Inc. |

| | | | |
|---|---|---|---|
| 82 | WNJ Trucking Corp. | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 83 | Wright Way Logistics LLC | Owner Operator Agreement | P. Judge and Sons Trucking, LLC |
| 84 | XTRA Lease, LLC | Trailer Lease Agreement No. 060L173 dated April 15, 2025 | P. Judge & Sons, Inc. |
| 85 | Young Kim | Owner Operator Agreement | P. Judge & Sons, Inc. |
| 86 | ZM Trucking LLC | Owner Operator Agreement | P. Judge & Sons, Inc. |