# EXHIBIT A

**FBT Gibbons LLP Retention Order**

Order Filed on January 21, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
Facsimile: (973) 596-0545
John S. Mairo, Esq.
Robert K. Malone, Esq.
Brett S. Theisen, Esq.
Kyle P. McEvilly, Esq.
Amanda R. Simone, Esq.
E-mail: jmairo@fbtgibbons.com
rmalone@fbtgibbons.com
btheisen@fbtgibbons.com
kmcevilly@fbtgibbons.com
arsimone@fbtgibbons.com

*Proposed Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF FBT GIBBONS LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The relief set forth on the following pages numbered two (2) through four (4) is hereby **ORDERED**.

**DATED: January 21, 2026**

Honorable John K. Sherwood
United States Bankruptcy Court

[1] The last four digits of each Debtors' tax identification number are as follows: Port Elizabeth Terminal & Warehouse, Corp. (6485), P. Judge & Sons, Inc. (3713), Amex Shipping Agent, Inc. (4699), the Judge Organization, LLC (8267), P. Judge & Sons Trucking, LLC (9853), and Judge Warehousing, LLC (6690). The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 13 Manor Road, East Rutherford, NJ 07073.

3376694.2 119121-114792

Page: 2
Debtors: PORT ELIZABETH TERMINAL & WAREHOUSE CORP., ET AL.
Case No.: 25-22123-JKS
Caption: Order Authorizing the Employment and Retention of FBT Gibbons LLP as Counsel for the Official Committee of Unsecured Creditors

---

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases for entry of an order authorizing the Committee to employ and retain FBT Gibbons ("FBT Gibbons") as its counsel *nunc pro tunc* to December 8, 2025, the date the Committee determined to employ FBT Gibbons as its counsel in the case, pursuant to sections 328(a) and 1103 of title 11 of the United States Code; and upon the Declaration of John S. Mairo for FBT Gibbons LLP (the "Mairo Declaration") attached to the Application as **Exhibit B**; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 1334 and 157, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* dated July 23, 1984, from the United States District Court for the District of New Jersey; and it appearing that the Application is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court can enter a final order consistent with Article III of the United States Constitution; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and the Court being satisfied that notice of the Application and the opportunity for a hearing on the Application was appropriate under the particular circumstances and no further or other notice need be given; and the Court being satisfied, based on the representations made in the Application and the Mairo Declaration, that FBT Gibbons does not hold or represent an adverse interest in connection with the cases, and that FBT Gibbons is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code; and this Court having determined that the legal and factual bases set forth in the Application and the Mairo Declaration, and at the hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

1. The Application is **GRANTED** as set forth herein.

2. Pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, the Committee is authorized to employ and retain FBT Gibbons as its counsel *nunc pro tunc* to December 8, 2025.

3. FBT Gibbons shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, any case-specific fee protocols approved by the Court and any Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals entered by this Court, and any other applicable procedures and orders of the Court.

4. The Committee and FBT Gibbons are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. During the course of the Bankruptcy Cases, this Court has and shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

7. Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, FBT Gibbons shall provide ten (10) business days' prior notice of any such increases to the Debtor and the United States Trustee and shall file such notice with the Court.

8. FBT Gibbons (i) shall only bill 50% for non-working travel; (ii) shall not seek the reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of

any objections to any of FBT Gibbon's fee applications in these cases; (iii) shall use the billing and expense categories set forth in the US Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category); and (iv) shall provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the United States Trustee.

9. FBT Gibbons shall to the extent that it uses the services of independent contractors or subcontractors (collectively, the "Contractors") in this case; (i) pass through the cost of such Contractors at the same rate that FBT Gibbons pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for FBT Gibbons; (iv) file with this Court such disclosures required by Bankruptcy Rule 2014; and (v) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these cases.